FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC 15 AM 10: 09

TIMOTHY M. BURGESS
United States Attorney

STEPHAN A. COLLINS
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska 99513-7567
(907) 271-5071

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. A05-108 - 4 CR (JWS) |
| Plaintiff, | ) |
| vs. | ) NOTICE OF OPPOSITION TO |
| | ) DEFENDANT'S REQUEST TO |
| | ) ENTER NOLO CONTENDERE |
| DAMON STEVENS, | ) PLEAS TO COUNTS 12 AND 22 |
| | ) OF THE INDICTMENT |
| Defendant. | ) |

Damon Stevens, the defendant, has given notice of his intent change his previously entered not guilty pleas to Counts 12 and 22 of the indictment to pleas of *nolo contendere.* These two counts charge Stevens with money laundering in violation of 18 U.S.C. § 1956. Stevens has not given notice of any intent to

105

change his previously entered guilty plea to Count 1 of the indictment, which charges him with membership in a drug trafficking conspiracy in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). The United States will still proceed with its prosecution of Stevens on Count 1 of the indictment; the united States is not moving to dismiss Count 1.

In his notice, Stevens seeks the government's consent to allow him to enter the *nolo contendere* pleas. The United States opposes that request and explicitly does not consent to the entry of *nolo contendere* pleas in this case.

According to Federal Rule of Criminal Procedure 11(a)(3), the court is to consider "the views of the parties and the interest of the public in the effective administration of justice" before it accepts a plea of *nolo contendere*. Thus it is clear that a criminal defendant has no absolute right to enter a *nolo contendere* plea. The United States cannot and does not oppose Stevens' desire, if he wishes to proceed, to plead guilty to these two charges.

The United States opposes the entry of *nolo contendere* pleas because such pleas tend to breed contempt for the federal judicial process. While such a plea may serve a legitimate purpose in the very few and extraordinary situations where civil litigation is also pending at the same time as a criminal prosecution–which is not the situation in this case– there is no justification for it as an everyday

practice, particularly where it is used to avoid certain direct and indirect consequences of pleading guilty. For instance, a plea of *nolo contendere* does not carry the same effect as a guilty plea when a defendant's professional license is subject to revocation. Additionally, according to Federal Rule of Evidence 410, *nolo contendere* pleas and the facts admitted or conceded during the plea colloquy may not be used in any other judicial proceeding.

While a person permitted to plead *nolo contendere* admits his guilt for the purpose of imposing punishment for his acts, the defendant is effectively allowed to persist in denying his wrongdoing. In sum, *nolo contendere* pleas allow a defendant to accept less than full responsibility for his criminal conduct. The courts' acceptance of such pleas undermines the public's confidence in the judicial process and the strength of the evidence necessary to convict and sentence a defendant. The public is left with the impression that a person who is not found guilty beyond a reasonable doubt can nonetheless be sent to prison.

As Stevens has presented no extraordinary reason why the court should accept his proposed *nolo contendere* pleas in this matter rather than guilty pleas,

the court should only accept guilty pleas if Stevens offers them..

RESPECTFULLY SUBMITTED this day, December 15, 2005, in Anchorage, Alaska.

                                              TIMOTHY M. BURGESS
                                              United States Attorney

                                              STEPHAN A. COLLINS
                                              Assistant U.S. Attorney

```
I declare under penalty of perjury that a true and correct copy of the foregoing was
sent to the
following counsel of record on December 15, 2005, via:

fax

Mark A. Rosenbaum
4940 Byrd Lane
Anchorage, Ak
99502

907-243-2609


Executed at Anchorage, Alaska, on December 15, 2005
Legal Secretary
Office of the U.S. Attorney
```