


FILED
DEC 16 2005
UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By _____ UTC Deputy

LAW OFFICES OF MARK A. ROSENBAUM
4940 Byrd Lane, Suite 100
Anchorage, Alaska 99502
(907) 243-2400

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,      )<br>                                                             )<br>            Plaintiff,                         )<br>                                                             )           MEMORANDUM<br>vs.                                                       )           ON SHORTENED TIME<br>                                                             )           IN SUPPORT OF ACCEPTING<br>DAMON STEVENS, et al.,             )           NO CONTEST PLEAS<br>                                                             )<br>            Defendants.                    )  | No. A05-108 CR (JWS) |

COMES NOW Defendant Damon Stevens, by and through the Law Offices of Mark A. Rosenbaum, and hereby submits the following argument and authorities in support of his application to enter pleas of *nolo contendre* to Counts 12 and 22 of the first Indictment.

Defendant was indicted on November 16, 2005, arrested on or about November 17, 2005, waived a Rule 5 hearing on November 18, 2005, in the State of Washington, retained counsel on December 9, 2005, and gave notice of his intent to change his pleas on December 13, 2005.

On December 15, 2005, the government filed its opposition to the request to enter *nolo contendre* pleas, arguing "[while such a plea may serve a legitimate purpose in the very few and extraordinary situations where civil litigation is also pending at the same time as a criminal prosecution - which is not the situation in this case- there is no justification for it as an everyday practice, particularly where it is used to avoid certain direct and indirect consequences of pleading guilty." (Government's Opposition, pp. 2-3)  It goes on to argue public policy, claiming that defendant should be required to present an extraordinary reason for the court to accept *nolo* pleas.  (Id.)

Rule 11(a)(3), Fed.R.Crim.P., leaves the acceptance of a *nolo contendre* plea in the sole discretion of the Court.  It simply requires that the Court "must consider the parties' views and the public interest in the administration of justice" in exercising that discretion.

*Nolo contendre* pleas have long been recognized in the federal system as the equivalent of a plea of guilty for sentencing and other purposes. *Hudson v.*

*United States*, 272 U.S. 451, 47 S.Ct. 127, 71 L.Ed. 347 (1926). The only real difference is their use for purposes of collateral estoppel. See *United States v. Norris*, 281 U.S. 619, 50 S.Ct. 424 (Mem), 74 L.Ed. 1076 (1930). A United States Department of Justice policy not to accede or consent to such pleas is insufficient for a Court to decline them where a guilty plea could have serious collateral estoppel consequences. *United States v. Jones*, 119 F.Supp. 288 (S.D. Ca. 1954).

This is not a typical case, as suggested by the government. Damon Stevens is only one of eleven defendants who, even if his pleas are accepted, will remain charged in a major drug conspiracy, facing a serious risk of life imprisonment. Damon Stevens would like to save this Court and the public additional time, resources and expenses that would be associated with pretrial proceedings and a trial on Counts 12 and 22. Damon Stevens would like to submit to punishment for these crimes at the earliest possible time and receive the maximum mitigating consideration that can be allowed for saving those public resources and permitting swift justice. Damon Stevens also wants to maximize the benefits of early rehabilitation, which are not available to him in a pretrial detention setting. By being sentenced as soon as possible, Damon Stevens hopes to enter the Bureau of Prisons system as soon as possible, and thus begin the

3

educational opportunities he has missed all his life. He will always be available for trial at the discretion of the United States Attorney.

However, Damon Stevens also does not think it fair, or even constitutionally sound, to compel him to give up his Fifth Amendment rights as to the remaining conspiracy charge in order to serve the public's interest and his own in swift adjudication and punishment on Counts 12 and 22, which would be the impact of collateral estoppel in forcing guilty pleas. Whereas he has no professional licenses to lose, he does have his freedom to lose for the rest of his natural life, and clearly will be substantially prejudiced by the inability to enter pleas of *nolo contendre*. According to the pretrial services report he is now 29 years old.

Indeed, Mr. Stevens finds it somewhat ironic that the government appears willing to concur in a *nolo contendre* plea by a criminal defendant who faces additional civil liability for the same conduct, but not for one who faces additional criminal liability. The crimes charged in Counts 12 and 22 carry a maximum term of 20 years imprisonment. Count 1, as pleaded, carries a possible life sentence and a mandatory *minimum* term of 20 years, equal to the *maximum* term on the counts he wishes to concede. To say that protection from a civil

4

judgment or administrative consequences has greater precedence than protection from loss of constitutional rights of this magnitude strains reasonableness.

Because *nolo contendre* pleas under the peculiar circumstances of this case best serve the interests of judicial economy, the parties and the public in the swift administration of justice, Mr. Stevens urges the Court to exercise its broad discretion under Rule 11(a)(3), and accept his tendered pleas of *nolo contendre*.

DATED: 15 Dec 2005   Respectfully submitted,

                                        LAW OFFICES OF MARK A. ROSENBAUM
                                        Attorneys for Defendant

                                        By: /s/ Mark A. Rosenbaum
                                             MARK A. ROSENBAUM
                                             Attorney-at-Law

I declare under penalty of perjury that a true and correct copy of the foregoing <u>MEMORANDUM ON SHORTENED TIME IN SUPPORT OF ACCEPTING NO CONTEST PLEAS</u> was or will be served upon

STEPHAN A. COLLINS
Assistant U.S. Attorney
222 W. 7th Ave., Rm. C-253
Anchorage, Alaska 99513

on December 16, 2005, via one or more of the following methods:

      ( ) U.S. Mail
      ( ) U.S. Mail Certified
      (X) FAX
      ( ) Hand Delivery
      ( ) Hand Delivery to FPD Pickup Box
      (X) Hand Delivery to USAO
      ( ) Private Messenger Service

Executed at Anchorage, Alaska, on December 16, 2005.

*[signature]*

Law Offices of Mark A. Rosenbaum