DEBORAH M. SMITH
Acting United States Attorney

STEPHAN A. COLLINS
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: stephan.collins@usdoj.gov
AK Bar # 8911061

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No.  3:05-cr-00108-4 (JWS) |
| ) | |
| Plaintiff, ) | |
| ) | RENEWED OPPOSITION TO |
| vs. ) | RENEWED MOTION TO ENTER |
| ) | NOLO CONTENDERE PLEAS TO |
| DAMON STEVENS, ) | COUNTS 12 AND 22 |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

Damon Stevens, the defendant, has renewed his motion to have this Court accept his proposal to have him enter pleas of nolo contendere to counts 12 and 22 of the Indictment, which charge him with two counts of money laundering, in violation of 18 U.S.C. § 1956.  Stevens has given no indication that he wishes to change his plea to count 1 of the same indictment that charges him with being a

member of a drug trafficking conspiracy, in violation of 21 U.S.C.§ 846. Trial in this matter is set to commence on June 5, 2006. To date, no other defendant charged in the same indictment as Stevens has changed their plea. Irrespective of how many defendants eventually proceed to trial, there appears to be one defendant who will still go to trial on the drug conspiracy charge: Stevens.

This is the second time Stevens has sought to convince this Court that it ought to allow him to enter pleas of nolo contendere. Previously, the United States opposed Stevens's request to enter nolo contendere pleas (at Docket #105) and incorporates its original briefing into this renewed opposition.

This Court previously denied Stevens's first motion to allow him to enter nolo contendere pleas to these same two counts. The United States submits in summary the reasons behind the Court's previous decision to not allow Stevens to enter nolo contendere pleas were as follows: 1) the United States still intended to proceed to trial; 2) Stevens's nolo contendere pleas would not accelerate the pre-sentence report preparation period as Stevens argued it would nor would it allow him to begin any prison programs; and 3) the lack of public confidence in nolo contendere pleas. These reasons remain still valid. Stevens has not asked this Court to reconsider its original holdings.

Nothing has changed in the time between the Court's original decision and the instant time. The United States still intends to prosecute any and all remaining

defendants on June 5, 2006. The United States will still have to prosecute Stevens and any other remaining defendants on count 1. As part of its case, the United States will still present evidence of Stevens's money laundering activities, which conduct he is not willing to admit as part of his nolo contendere plea proposal. Furthermore, the public's perception of nolo contendere pleas has not changed. Thus, Stevens has presented no new valid reason to call into doubt this Court's reasoning in support of its first decision to deny his motion.

The Court is obligated to accept a defendant's unconditional guilty plea only after all of the requirements of Fed. R. Crim. P. 11(b) have been fulfilled. *In re Vasquez-Ramirez*, 443 F.3d 692, 695-96 (9th Cir. 2006). There is, however, no such obligation for nolo contendere pleas. This is so because in addition to the requirements set forth in 11(b), the Court must also to consider the position of the parties as well as the public interest in the effective administration of justice. The United States continues to oppose any and all requests for the entry of nolo contendere pleas, and in particular Stevens's request because of the nature of the remaining charge against him.

As the Court previously held, the public's distrust of nolo contendere pleas is sufficient reason to reject this type of plea. A nolo contendere plea by its very nature is merely a defendant's acquiescence that the prosecution might obtain a conviction. It is not admission that the evidence supporting the charges establishes

beyond a reasonable doubt the defendant's guilt.  Thus, the public is left with the impression following a nolo contendere plea that a person can suffer severe punishment even though the government's proof has not met the constitutional safeguards .

In this case, Stevens proposes that the Court punish him for committing money laundering but let the jury decide whether or not he is guilty of being part of the drug trafficking conspiracy.  The money laundering charges against Stevens allege that he laundered the proceeds derived from the drug trafficking conspiracy.  In this particular case, the proof of the drug conspiracy and the money laundering charges is intertwined.  The trial jury will still have to consider the financial transactions as part of its deliberations on the drug conspiracy charge against Stevens.  Stevens's proposal will not remove his case from the trial docket.

If Stevens were to convince the jury that he had no participation in the drug conspiracy, the public would be left with the impression that the Court is punishing him for a crime that he did not commit.  If he were successful in avoiding conviction on the drug trafficking charge, it is further likely that he could call into doubt the validity of his nolo contendere pleas and the justification for the punishment he seeks to suffer.  Thus, Stevens's proposal does nothing to instill public confidence in the judicial process.

Thus, the Court should stand by its original findings that nolo contendere pleas are not appropriate in this case.  The Court should either accept Stevens's guilty pleas after a Fed. R. Crim. P. 11(b) colloquy, or deny his motion to allow him to plead nolo contendere.

RESPECTFULLY SUBMITTED this day, May 17, 2006, in Anchorage, Alaska.

> DEBORAH M. SMITH
> Acting United States Attorney
>
> s/Stephan A. Collins
> Assistant U.S. Attorney
> 222 West 7th Ave., #9, Rm. 253
> Anchorage, AK 99513-7567
> Phone: (907) 271-5071
> Fax: (907) 271-1500
> E-mail: stephan.collins@usdoj.gov
> AK # 8911061

**CERTIFICATE OF SERVICE**

I hereby certify that on May 17, 2006
a copy of the foregoing was served
electronically:

Mark A. Rosenbaum
4940 Byrd Lane, Ste. 100
Anchorage, AK 99502


s/ Stephan A. Collins