NELSON P. COHEN
United States Attorney

STEPHAN A. COLLINS
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: stephan.collins@usdoj.gov
AK Bar No. 8911061

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DAMON DEVONE STEVENS, )<br>)<br>Defendant. )<br>) | Case 3:05-CR-00108-4-JWS<br><br><br>UNITED STATES SENTENCING<br>MEMORANDUM |

**SUMMARY OF SENTENCING RECOMMENDATIONS**

    **TERM OF IMPRISONMENT** . . . . . . . . . . . . . . . . . . . . . . **327 MONTHS**

    **TERM OF SUPERVISED RELEASE** . . . . . . . . . . . . . . . . . . . **5 YEARS**

    **FINE** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **$0.00**

**SPECIAL ASSESSMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **$300.00**

The United States Probation Office [USPO] has prepared the presentence report [PSR] in this case and the United States does not dispute the factual findings the USPO has made.  The United States will rely upon the factual statements in the PSR in making its sentencing recommendations.

Following his plea of nolo contendere, the defendant stands convicted of one count of conspiracy, in violation of 21 U.S.C. § 846, and following his guilty pleas, he stands convicted of two counts of money laundering, in violation of 18 U.S.C. § 1956. The USPO has recommended the Court find the defendant's total adjusted base offense level for the counts of conviction to be 34 and that, with the defendant's criminal history category classification of VI, the defendant's sentence range to be between 262 and 327 months of imprisonment on the conspiracy charge, and 240 months on the money laundering charges.

The USPO has accurately assessed the information the United States developed as part of its investigation in this matter and has accurately set forth in the PSR the background information of the defendant's criminal activities.  The United States is prepared to present evidence to support the information contained in the pre-sentence report, if necessary.

As for placing the defendant in criminal history category VI, the USPO has correctly assessed not only the defendant's criminal history points, but his placement in category VI as a career offender. Category VI correctly reflects the defendant's criminal past, as well as his criminal propensity. This is the correct category for the defendant.

The defendant appears to be prepared to argue that this Court should depart from criminal history category VI because his criminal past does not accurately represent his criminal propensity. This is a specious argument. The defendant has been a criminal for most of his life. He has engaged in drug trafficking, involving cocaine base (crack), as well as a variety of firearms offenses related to his drug trafficking activity for most of his adult life. The defendant has little to show for himself other than a life spent in and out of prison for serious offenses. The Court should resist the defendant's argument for a downward departure.

As to the defendant's role in the offense, the United States concurs with the USPO's assessment of the defendant's role. As the United States previously stated, the witnesses who would present testimony on this issue are not in Alaska. Unless the Court grants the government's separate motion for a continuance of the imposition of sentence hearing, the United States will be hindered in presenting evidence on this matter.

In accordance with the U.S.S.G. and the sentencing factors set forth in 18 U.S.C. § 3553, the United States recommends a sentence 327 months of imprisonment for the conspiracy charge, and sentences of 240 months of imprisonment for the money laundering counts, all of which should run concurrent to one another, a special assessment of $300.00, and a term of five years supervised release for the conspiracy charge and a term of three years for the money laundering charges. The United States does not recommend the imposition of a fine, based on the defendant's apparent current or foreseeable ability to pay a substantial fine. This sentence will adequately address not only the United States Sentencing Commission Guideline concerns but also those contained in 18 U.S.C. § 3553. The United States recommends this term of imprisonment for this

\\

\\

\\

\\

defendant because of his lengthy criminal history as well as his substantial involvement in a fairly successful cocaine and methamphetamine distribution organization.

RESPECTFULLY SUBMITTED this day, November 28, 2006, in Anchorage, Alaska.

>NELSON P. COHEN
>United States Attorney
>
>s/Stephan A. Collins
>Assistant U.S. Attorney
>222 West 7th Ave., #9, Rm. 253
>Anchorage, AK 99513-7567
>Phone: (907) 271-5071
>Fax: (907) 271-1500
>E-mail: stephan.collins@usdoj.gov
>AK # 8911061