



**CERTIFIED COPY**

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY
JUVENILE DEPARTMENT

STATE OF WASHINGTON,

          Plaintiff,

        v.

DAMON DVONNE STEVENS,
B.D.  02-05-76,

          Respondent.

)
)
)
)
)
)
)
)
)
)
)

92 8 06874 7
NO.

INFORMATION

COUNT I

    I, Norm Maleng, Prosecuting Attorney for King County in the
name and by the authority of the state of Washington, do accuse
Damon Dvonne Stevens of the crime of TAKING MOTOR VEHICLE WITHOUT
PERMISSION, committed as follows:

    That the respondent, Damon Dvonne Stevens, in King County,
Washington, together with another, during a period of time
intervening between 13 June 1992 and 14 June 1992, did
intentionally and without permission of John Konteh, the owner and
person entitled to possession thereof, take and drive away a motor
vehicle, to-wit: a 1986 Honda Accord, Washington license 826 DPD,
and with knowledge that such motor vehicle had been unlawfully
taken did voluntarily ride in and upon such motor vehicle;

    Contrary to RCW 9A.56.070, and against the peace and dignity
of the state of Washington.

               NORM MALENG
               Prosecuting Attorney

               By
               KATHLEEN HENRY
               Deputy Prosecuting Attorney (P)
               WSBA #17180

wpl

Norm Maleng
Prosecuting Attorney
Juvenile Court
1211 E. Alder
Seattle, Washington 98122
(206) 296-9025, FAX 296-8869



CERTIFIED
COPY

**FILED**
KING COUNTY, WASHINGTON

MAY 12 1993

SUPERIOR COURT CLERK
BY JOVELITA V. AVILA
DEPUTY



**SUPERIOR COURT OF WASHINGTON**
**COUNTY OF KING**
**JUVENILE COURT**

State of Washington v.

DAMON STEVENS

2-5-76

NO. 92-8-06874-7

STATEMENT OF JUVENILE
OFFENDER ON PLEA OF GUILTY

1. My name is __Damon Stevens__.
2. My age is __17__.
3. I have been informed and fully understand that I have the right to a lawyer, and that if I cannot afford to pay for a lawyer, the court will provide me with one at no cost. A lawyer can look at the social and legal files in my case, talk to the police, probation counselor, and prosecuting attorney, tell me about the law, help me understand my rights, and help me at trial.
4. My lawyer is __Judith S. Webster__.
5. I have been informed and fully understand that I am charged with the offense of __Taking a Motor Vehicle without Permission__

and that the elements of the offense are __voluntarily riding in a motor vehicle knowing it to have been unlawfully taken__

and that I have been given a copy of the charge.
6. I have been informed and fully understand that:
   (a) I have the right to a speedy and public trial in the county where I reside or where the offense is alleged to have been committed.
   (b) I have the right to remain silent before and during trial, and I need not testify against myself.
   (c) I have the right to hear and question witnesses who might testify against me.
   (d) I have the right to have witnesses testify for me. These witnesses may be required to appear at no cost to me.
   (e) I have the right to testify on my own behalf.
   (f) I am presumed innocent until each element of the offense I am charged with is proven beyond a reasonable doubt or I enter a plea of guilty.
   (g) I have a right to appeal a determination of guilt after a trial.
   (h) If I plead guilty I give up these rights enumerated in 6(a)-(g).
7. I have been informed and fully understand that the standard sentence for my offense is __6-9 months__
__32-40 hours__
__0 - $50__
__5-10 days__

Statement of Juvenile on Plea of Guilty
(JuCR 07.7 RCW 13.40.130)

Ju-07.0600 9/87

NO. 92-8-06874-7

based upon my criminal history of _Theft 3⁰_  _12-6-88_
_CTT 2⁰_  _5-14-91_

8.  I have been informed and fully understand that the maximum punishment I can receive is commitment until I am 21 years old, but that I may be sentenced for no longer than the adult maximum sentence for this offense.

9.  I have been informed and fully understand that my plea of guilty and the court's acceptance of my plea will become part of my criminal history. I have also been informed and fully understand that if the offense is a felony and I was 15 years of age or older when the offense was committed, then the plea will remain part of my criminal history when I am an adult if I commit another offense prior to my twenty-third birthday.

10. I have been informed and fully understand that if I plead guilty and the court accepts my plea, my criminal history may cause the court to give me a longer sentence for any offenses that I commit in the future.

11. I have been informed and fully understand that the prosecuting attorney will make the following recommendation to the court _____
_9, 32, 5    restitution    VAP_

12. I have been informed and fully understand that the probation counselor will make the following recommendation to the court _____
_9, 48, 1    w/ credit of time served_
_conditions of supervision_

13. I have been informed and fully understand that the court does not have to follow the prosecuting attorney's or the probation counselor's recommendation for my sentence. I have been informed and fully understand that the court must impose a sentence within the standard sentence range unless the court finds substantial and compelling reasons not to do so. If the court goes outside the standard sentence range, either I or the State can appeal that sentence. If the sentence is within the standard range, no one can appeal the sentence.

14. The court has asked me to state in my own words what I did that resulted in my being charged with the offense. This is my statement:
_On June 13 & 14, 1992, in King County, WA,_
_I voluntarily rode in a 1986 Honda Accord (#826 DPD),_
_knowing it had been unlawfully taken._

ORIGINAL - LEGAL FILE

NO. 92-8-06874-7

15. I plead guilty to the charge.
16. I make this plea freely. No one has threatened to harm me or anyone else in order to have me plead guilty.
17. No one has made any promises to me to make me plead guilty, except as written in this statement.
18. I have read or someone has read to me everything printed above and I have been given a copy of this statement. I have no more questions to ask the court.

Dated    5-13-93

_____
Juvenile

The foregoing statement was read by or to the alleged offender and signed by the offender in the presence of his or her lawyer and the undersigned judge, in open court. The court finds the offender's plea of guilty is knowingly, intelligently, and voluntarily made, that the juvenile has been advised by the court concerning the nature of the offense,, that there is a factual basis for the plea and that the offender is guilty as charged.

_____
Defense Attorney
Dated:    5-13-93

_____
Prosecuting Attorney
30543

_____
Judge/Commissioner

If applicable:
    I am fluent in the _____ language and I have translated this entire document for the juvenile from English into that language. The juvenile has acknowledged his or her understanding of both the translation and the subject matter of this document. I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

    Dated this _____ day of _____, 19___, at _____, Washington.

_____
Interpreter

Statement of Juvenile on Plea of Guilty            Ju-07.0600 9/87
(JuCR 07.7 RCW 13.40.130)
Page 3 of 3

ORIGINAL-LEGAL FILE

F I L E D    **CERTIFIED COPY**

**SUPERIOR COURT OF WASHINGTON**
**COUNTY OF KING**
**JUVENILE COURT**

SUPERIOR COURT, WASHINGTON
KING COUNTY, WASHINGTON
MAY 13 1993
SUPERIOR COURT CLERK
BY JOVELITA V. AVINO, DEPUTY

92-8-06874-7

State of Washington v.

Damon D. Stevens

**ORDER OF DISPOSITION (INFORMATION)**

## I. BASIS

1.1 A dispositional hearing was held in this case on: _May 13, 1993_.

1.2 Persons appearing at the hearing were:

( X ) Juvenile
( X ) Juvenile's lawyer _Dubester_
( X ) (Deputy) Prosecuting Attorney _Tamlin_
( X ) Probation Counselor _Roquero_
( X ) Other _Adult_

## II. FINDINGS

Based on the testimony heard and the case record to date: the Court finds:

( X ) plea

2.1 The above named juvenile was found guilty by _____ of the offense(s) of:

( ) the Court _TMVWOP_

## 2.2 RESTITUTION

( X ) That damage was done to the victim in the amount of _____.
( ) The amount of loss cannot be determined at this time.
( ) That the juvenile has the present ability to pay restitution in the amount of _____.
( X ) That the juvenile does not have the present ability to pay restitution, however that the juvenile will develop the ability to pay restitution.
( ) That the juvenile does not have the present ability to pay restitution and cannot reasonably acquire the means to pay.

## 2.3 CATEGORY OF OFFENDER

The juvenile is:

( ) A minor or first offender
( X ) A middle offender
( ) A serious offender

## 2.4 MANIFEST INJUSTICE

( ) A disposition within the standard range for this offense would effectuate a manifest injustice. Findings of fact and conclusions of law to be presented by _____, (date)

C/PROC
CUST
CASH
JUDG
DISB
CRIM
ACCTG
EXH

DDL 5-14-93

ORDER OF DISPOSITION (INFORMATION)
(JuCR 7.12; RCW 13.40.120, 160, 180, 190)
Page 1 of 2 or 3

JU 07.0710-4/88 WI

**ORIGINAL-LEGAL FILE**

6874 7

2.5   The Court finds that the standard range of sentence for Count ___I___ is __6-9__ months of community supervision with _32-48_ hours of community service; maximum $_50_ fine; _5-10_ days of confinement; or commitment for _____ weeks. The standard range(s) on count(s) _____ are found to be as stated on the record or in the statement of juvenile offender on plea of guilty form.

## III. ORDER

CONSECUTIVE TO: 92-8-05497-5

3.1   **COMMUNITY SUPERVISION COUNT** _I_    COUNT ____    COUNT ____    **REMARKS**
          _____ months      _____ months    _____ months    **TOTAL MONTHS** _9_

     **COMMUNITY SERVICE** _32_ hours    _____ hours    _____ hours    Rate is _8_
          For _____ hours of counseling, credit is given for                      hours per month
          _____ hours of community service.                                        first due _7-15-93_

     **CONFINEMENT**    Days _5_    Days _____    Days _____    To commence on
          (X) Consecutive                                                           _____ @ _____
          (  ) To be served on weekends                                            (  ) passes authorized
          (  ) To be served at the Division of Juvenile Rehabilitation
          (X) Credit given for time served ___1___ days.

     (X) Counseling/Drug-Alcohol Information/Evaluation    (X) as directed by Probation Counselor

     (X) Regular School Attendance/Work Training Program/Employment
                                                            (X) as directed by Probation Counselor
     (X) The juvenile shall abide bya curfew of
     10 pm on weekdays and 12 midnight on weekends

     (X) The Victim Penalty Assesment is ordered/waived in the amount of $ _____.

     (  ) Restitution shall be paid prior to other financial obligations.

     RESTITUTION is ordered to be disbursed as follows:    TOTAL $ 1210.00
     COUNT      AMOUNT      VICTIM:
     I ⓞ       210.00      John Konteh 1811 Grand Ave S #8 Renton, WA 98055
     I ⓔ       1000.00     Allstate P.O. Box 24107 Seattle, WA 98124
                           # 248-1878094

     Co-Respondents  I  Michael Murray           92-8-03771-0
     COUNT _I_     Antonio Gilliam    #  92-8-03724-8
     COUNT _I_     Robert Gilliam     #  92-8-03723-0
     COUNT _I_     Corey Tillman      #  92-8-03722-1
                   Samuel Hanley         92-8-03725-6

     **ATTORNEY FEES**
     (  ) Respondent shall pay attorney's fee. $
     (  ) Respondent's responsibility for attorney's fee is waived.
     (  ) This portion of the disposition is to be continued until parent has been screened financially.

     **TOTAL FINANCIAL OBLIGATION** excluding clerk's fees is  $ 1210.00
          to be paid at the rate of $ 20.00 per month, first payment due 6-1-93 .

     ## ALL COUNTS WITHIN THIS NUMBER SHALL RUN CONSECUTIVELY.

ORDER OF DISPOSITION (INFORMATION)              JU-07,0710-4/85 WPF
(JuCR 7.12; RCW 13.40.120, 160, 180, 190)
Page 2 of 3

**ORIGINAL-LEGAL FILE**

6874-7

3.2 **CONDITIONS OF PROBATION:** That while on community supervision the juvenile offender shall be under the charge of a probation counselor and comply with the following conditions: (1) must have parent/guardian's permission regarding whereabouts, hours, and activities (2) must report any change in residence, school, or work status to probation counselor. (Obtain permission from probation counselor before changing residence) (3) must have probation counselor's permission for out of state travel and (4) must keep all appointments with probation counselor. Must further comply with any conditions set forth in writing, signed by juvenile offender, lawyer and filed herein, during the term of community supervision.

3.3 **JURISDICTION**
    (   )   Jurisdiction is extended to_____for purposes of restitution/community supervision.
    (   )   Jurisdiction is transferred to _____County for purposes of supervision.

3.4   (   )   The following counts are hereby dismissed_____.

3.5 This order shall remain in full force and effect until further order of the Court or until the same is revoked, modified or changed, or terminated by an order of the Court or by law.

3.6 That while detained authorization is granted to provide necessary medical and dental examination and treatment as professionally prescribed.

3.7 **NOTICE OF FEES**
All payments ordered above are payable through the registry of the Court. A cost of $5.00 shall be collected in addition to each fee, penalty, fine or cost collected by juvenile courts. (There is no cost on payments under $25.00.)

3.8 Other: _____
_____
_____
_____

Dated: 5/13/93

_Richard M. Shidrews_
Judge/Court Commissioner

| FINGERPRINT(S) | CERTIFICATE |
|---|---|
| | I, _____ |
| | clerk of this Court, certify that the above is a true copy of the Order of Disposition in this action on record in my office. |
| Dated: _____ 5/13/93 | Dated: _____ |
| Fingerprints of: _Damon D. Stevens_ | |
| Attested by: | M. Janice Michels |
| M. Janice Michels | **Clerk** |
| **Clerk** | By _____ |
| By _JOVELITA V. AVILA_ | **Deputy Clerk** |
| **Deputy Clerk** | |

ORDER OF DISPOSITION (INFORMATION)
(JuCR 7.12; RCW 13.40.120, 160, 180, 190)
Page 3 of 3

JU 07.0710-4/85 WPF

**ORIGINAL-LEGAL FILE**

ADDENDUM TO ORDER OF DISPOSITION

No. *92-8-06874-7*        *5/13*

3.1 Continued

Name *Damon Stevens*

**RESTITUTION**

$ *20.00* _____ per month, 1st payment due *6/1/93* _____

All amounts are payable through the registry of the court for disbursement and are joint and several obligations with all co-respondents.
Special Payment Order? Yes _____    No _____

*Trust account fees are waived*

$ *210.00*  ① to    *John Konkh*
                    *1811 Grant Ave S #8*
                    *Renton, WA 98055*

$ *1000.00*  ② to    *Allstate*
                    *P.O. Box 24107*
                    *Seattle, WA 98124*
                    *✳claim # 248 1878094-QTL*

$ _____        to    _____

$ _____        to    _____

**SPECIAL PAYMENT INSTRUCTIONS:** *Clerk of the Court is directed to included this information on checks to be disbursed. Otherwise, payee(s) cannot identify account.* *Antonio Gilliam  928037248*

CO-RESPONDENT(S)
*Robert Gilliam* _____, *928037230* _____ King County Cause No.
*Corey Tillman* _____, *928037221* _____ King County Cause No.
*Samual Hanley*        *928037256*
*Michael Murray*       *928037740*



CERTIFIED
COPY

1

2                                                              994 FEB -4 PM 1: 6.

3

4                    SUPERIOR COURT OF WASHINGTON FOR KING COUNTY
                                   JUVENILE DEPARTMENT
5

6      STATE OF WASHINGTON,              )
                                         )     94 8 00776 1
7                     Plaintiff,         )        NO.
                                         )
8          v.                            )     INFORMATION
                                         )
9      DAMON DVONNE STEVENS,             )
       B.D.  02-05-76,                   )
10                                       )
                      Respondent.        )
11     _____)

12                              COUNT I

13         I, Norm Maleng, Prosecuting Attorney for King County in the
       name and by the authority of the state of Washington, do accuse
14     Damon Dvonne Stevens of the crime of THEFT IN THE SECOND DEGREE,
       committed as follows:
15
            That the respondent, Damon Dvonne Stevens, in King County,
16     Washington, together with another, on or about 24 August 1992,
       with intent to deprive another of property, to-wit: merchandise,
17     did wrongfully obtain such property belonging to Jeans Galore,
       that the value of such property did exceed $250;
18
            Contrary to RCW 9A.56.040(1)(a) and 9A.56.020(1)(a), and
19     against the peace and dignity of the state of Washington.

20
                                    NORM MALENG
21                                  Prosecuting Attorney

22

23                                  By
                                    LANA S. MORGAN
24                                  Deputy Prosecuting Attorney (P)
                                    WSBA #21393
25     wpl

                                              Norm Maleng
                                              Prosecuting Attorney
                                              Juvenile Court
                                              1211 E. Alder
       INFORMATION - 1                        Seattle, Washington 98122
                                              (206) 296-9025, FAX 296-8869



CERTIFIED COPY



FILED

MAR 29 1994

BY JOVELL___ AVILA
DEPUTY



**SUPERIOR COURT OF WASHINGTON**
**COUNTY OF KING**
**JUVENILE COURT**

State of Washington v.

DAMON DVONNE STEVENS
2-5-76

NO. 94-8-00776-1

STATEMENT OF JUVENILE
OFFENDER ON PLEA OF GUILTY

1. My name is _Damon Dvonne STEVENS_ .
2. My age is _18_ .
3. I have been informed and fully understand that I have the right to a lawyer, and that if I cannot afford to pay for a lawyer, the court will provide me with one at no cost. A lawyer can look at the social and legal files in my case, talk to the police, probation counselor, and prosecuting attorney, tell me about the law, help me understand my rights, and help me at trial.
4. My lawyer is _CATHY Virtue Act_ .
5. I have been informed and fully understand that I am charged with the offense of

— THEFT IN The Second Degree —

and that the elements of the offense are _In King County WA, together with Another, with intent to deprive another of property, did with intention use did wrongfully obtain such property belonging to another, and that the value of such property did exceed $250.00._

and that I have been given a copy of the charge.
6. I have been informed and fully understand that:
   (a) I have the right to a speedy and public trial in the county where I reside or where the offense is alleged to have been committed.
   (b) I have the right to remain silent before and during trial, and I need not testify against myself.
   (c) I have the right to hear and question witnesses who might testify against me.
   (d) I have the right to have witnesses testify for me. These witnesses may be required to appear at no cost to me.
   (e) I have the right to testify on my own behalf.
   (f) I am presumed innocent until each element of the offense I am charged with is proven beyond a reasonable doubt or I enter a plea of guilty.
   (g) I have a right to appeal a determination of guilt after a trial.
   (h) If I plead guilty I give up these rights enumerated in 6(a)-(g).
7. I have been informed and fully understand that the standard sentence for my offense is

6-9 months supervision
32-48 hours community service
5-10 days detention
0-$50.00 fine

Statement of Juvenile on Plea of Guilty
(JuCR 07.7 RCW 13.40.130)

Ju-07.0600

NO. _____

based upon my criminal history of _____

_Theft 3° cts 2_

8. I have been informed and fully understand that the maximum punishment I can receive is commitment until I am 21 years old, but that I may be sentenced for no longer than the adult maximum sentence for this offense.

9. I have been informed and fully understand that my plea of guilty and the court's acceptance of my plea will become part of my criminal history. I have also been informed and fully understand that if the offense is a felony and I was 15 years of age or older when the offense was committed, then the plea will remain part of my criminal history when I am an adult if I commit another offense prior to my twenty-third birthday.

10. I have been informed and fully understand that if I plead guilty and the court accepts my plea, my criminal history may cause the court to give me a longer sentence for any offenses that I commit in the future.

11. I have been informed and fully understand that the prosecuting attorney will make the following recommendation to the court _____

_6 months sup evision_
_32 Hours community service_
_& Fine, 5 days detention     restitution VAP_

12. I have been informed and fully understand that the probation counselor will make the following recommendation to the court _____

_Option A_
_5 days only_

13. I have been informed and fully understand that the court does not have to follow the prosecuting attorney's or the probation counselor's recommendation for my sentence. I have been informed and fully understand that the court must impose a sentence within the standard sentence range unless the court finds substantial and compelling reasons not to do so. If the court goes outside the standard sentence range, either I or the State can appeal that sentence. If the sentence is within the standard range, no one can appeal the sentence.

14. The court has asked me to state in my own words what I did that resulted in my being charged with the offense. This is my statement:

_In King County WA, On August 24, 1992 Together_
_with another, and with intent to deprive another of_
_property, To-wit: jeans; I did wrongfully obtain such_
_property belonging to Jeans Galore and that The value_
_of such property did exceed $250⁰⁰_

LEGAL FILE COPY

NO.

15. I plead guilty to the charge.
16. I make this plea freely. No one has threatened to harm me or anyone else in order to have me plead guilty.
17. No one has made any promises to me to make me plead guilty, except as written in this statement.
18. I have read or someone has read to me everything printed above and I have been given a copy of this statement. I have no more questions to ask the court.

Dated  3/30/94

_____
Juvenile

The foregoing statement was read by or to the alleged offender and signed by the offender in the presence of his or her lawyer and the undersigned judge, in open court. The court finds the offender's plea of guilty is knowingly, intelligently, and voluntarily made, that the juvenile has been advised by the court concerning the nature of the offense,, that there is a factual basis for the plea and that the offender is guilty as charged.

_____
Defense Attorney

Dated: 5/30/94

_____
Prosecuting Attorney
#21234

_____
Judge/Commissioner

If applicable:
    I am fluent in the _____ language and I have translated this entire document for the juvenile from English into that language. The juvenile has acknowledged his or her understanding of both the translation and the subject matter of this document. I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

    Dated this _____ day of _____, 19___, at _____, Washington.

_____
Interpreter

Statement of Juvenile on Plea of Guilty          Ju-07.0600 9/87
(JuCR 07.7 RCW 13.40.130)
Page 3 of 3

ORIGINAL - LEGAL FILE



**SUPERIOR COURT OF WASHINGTON**
**COUNTY OF KING**
**JUVENILE COURT**



KING COUNTY WASHINGTON

MAR 29 1994

State of Washington v.

Damon Stevens

2/5/76

NO. 94-8-00776-1

ORDER OF DISPOSITION (INFORMATION)

## I. BASIS

1.1  A dispositional hearing was held in this case on: March 30, 1994

1.2  Persons appearing at the hearing were:

( X )  Juvenile                                      ( X )  Probation Counselor Unehan
( X )  Juvenile's lawyer Virtue                      (   )  Other
( X )  (Deputy) Prosecuting Attorney
        Gilman

## II. FINDINGS

Based on the testimony heard and the case record to date: the Court finds:

( X )  plea

2.1  The above named juvenile was found guilty by                  of the offense(s) of:

(   )  the Court

Ct I  Theft 20

## 2.2  RESTITUTION

(   )  That damage was done to the victim in the amount of _____.
(   )  The amount of loss cannot be determined at this time.
(   )  That the juvenile has the present ability to pay restitution in the amount of _____.
(   )  That the juvenile does not have the present ability to pay restitution, however that the juvenile will develop the ability to pay restitution.
(   )  That the juvenile does not have the present ability to pay restitution and cannot reasonably acquire the means to pay.

## 2.3  CATEGORY OF OFFENDER

The juvenile is:

(   )  A minor or first offender
( X )  A middle offender
(   )  A serious offender

## 2.4  MANIFEST INJUSTICE

(   )  A disposition within the standard range for this offense would effectuate a manifest injustice. Findings of fact and conclusions of law to be presented by _____ 19____.
                                                                              (date)

0776-1

2.5   The Court finds that the standard range of sentence for Count ___I___ is __6-9__ months of community supervision with __32-48__ hours of community service; maximum $ __050__ fine; __510__ days of confinement; or commitment for _____ weeks. The standard range(s) on count(s) _____ are found to be as stated on the record or in the statement of juvenile offender on plea of guilty form.

### III. ORDER

CONSECUTIVE TO: _____

3.1   COMMUNITY SUPERVISION COUNT __I__    COUNT_____    COUNT_____    REMARKS
                                _____months    _____months    _____months    TOTAL MONTHS_____

COMMUNITY SERVICE    _____hours    _____hours    _____hours    Rate is _____
    For _____ hours of counseling, credit is given for                          hours per month
    _____ hours of community service.                                           first due _____

CONFINEMENT    Days __5__★    Days _____    Days _____    To commence on
    (X) Consecutive          *To be served on electronic*          _____ @
    ( ) To be served on weekends    *monitoring; coc shall*    ( ) passes authorized
    ( ) To be served at the Division of Juvenile Rehabilitation    *determine start date within*
    ( ) Credit given for time served _____ days.    *next 30 days*

( ) Counseling/Drug-Alcohol Information/Evaluation    ( ) as directed by Probation Counselor

( ) Regular School Attendance/Work Training Program/Employment
                                                          ( ) as directed by Probation Counselor

( ) The juvenile shall _____
_____
_____

(X) The Victim Penalty Assesment is ordered/(waived) in the amount of $ _____.

( ) Restitution shall be paid prior to other financial obligations.

RESTITUTION is ordered to be disbursed as follows:    TOTAL $ _____
COUNT        AMOUNT        VICTIM:

_____    _____    _____

_____    _____    _____

_____    _____    _____

Co-Respondents
COUNT _____    _____    # _____
COUNT _____    _____    # _____
COUNT _____    _____    # _____

~~ATTORNEY FEES~~
~~( ) Respondent shall pay attorney's fee. $~~
~~( ) Respondent's responsibility for attorney's fee is waived.~~
~~( ) This portion of the disposition is to be continued until parent has been screened financially.~~

TOTAL FINANCIAL OBLIGATION excluding clerk's fees is    [_____]   .
    to be paid at the rate of _____ per month, first payment due _____

ALL COUNTS WITHIN THIS NUMBER SHALL RUN CONSECUTIVELY.

3.2  CONDITIONS OF PROBATION: That while on community supervision the juvenile offender shall be under the charge of a probation counselor and comply with the following conditions: (1) must have parent/guardian's permission regarding whereabouts, hours, and activities  (2) must report any change in residence, school, or work status to probation counselor. (Obtain permission from probation counselor before changing residence)  (3) must have probation counselor's permission for out of state travel and  (4) must keep all appointments with probation counselor. Must further comply with any conditions set forth in writing, signed by juvenile offender, lawyer and filed herein, during the term of community supervision.

3.3  JURISDICTION
(   )  Jurisdiction is extended to_____ for purposes of restitution/community supervision.
(   )  Jurisdiction is transferred to_____ County for purposes of supervision.

3.4  (   )  The following counts are hereby dismissed_____ .

3.5  This order shall remain in full force and effect until further order of the Court or until the same is revoked, modified or changed, or terminated by an order of the Court or by law.

3.6  That while detained authorization is granted to provide necessary medical and dental examination and treatment as professionally prescribed.

3.7  NOTICE OF FEES
All payments ordered above are payable through the registry of the Court. A cost of $5.00 shall be collected in addition to each fee, penalty, fine or cost collected by juvenile courts. (There is no cost on payments under $25.00.)

3.8  Other: _____
_____
_____

Dated: March 30, 1994

Judge/Court Commissioner

FINGERPRINT(S)

Dated: 3/30/94
Fingerprints of:
Attested by:
M. Janice Michels
Clerk

By
Deputy Clerk

CERTIFICATE

I,_____
clerk of this Court, certify that the above is a true copy of the Order of Disposition in this action on record in my office.

Dated: _____

M. Janice Michels
Clerk

By _____
Deputy Clerk

ORDER OF DISPOSITION (INFORMATION)
(JuCR 7.12; RCW 13.40.120, 160, 180, 190)
Page 3 of 3

JU 07.0710 4/85 WPF

**ORIGINAL - LEGAL FILE**

FILED

03 FEB 13 PH 3: 47

KING COUNTY
SUPERIOR COURT CLERK
KENT, WA

CERTIFIED
COPY

**WARRANT ISSUED**
**CHARGE COUNTY $110.00**

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

| | |
|---|---|
| THE STATE OF WASHINGTON, | ) |
| Plaintiff, | ) No.  03-1-00355-3 KNT |
| v. | ) |
| DAMON D. STEVENS | ) INFORMATION |
| Defendant. | ) |

I, Norm Maleng, Prosecuting Attorney for King County in the name and by the authority of the State of Washington, do accuse DAMON D. STEVENS of the crime of **Violation of the Uniform Controlled Substances Act,** committed as follows:

That the defendant DAMON D. STEVENS in King County, Washington on or about January 30, 2003, unlawfully and feloniously did possess with intent to manufacture or deliver cocaine, a controlled substance and a narcotic drug, and did know it was a controlled substance;

Contrary to RCW 69.50.401(a)(1)(i), and against the peace and dignity of the State of Washington.

NORM MALENG
Prosecuting Attorney

By: _____
Charles K. Sergis, WSBA #29364
Deputy Prosecuting Attorney

**Norm Maleng**
Prosecuting Attorney
W 554 King County Courthouse
Seattle, Washington 98104-2312
(206) 296-9000

INFORMATION- 1

CAUSE NO: **03-1-00355-3KNT**

CERTIFICATION FOR THE DETERMINATION OF PROBABLE CAUSE

That Nathan Clammer is a Detective with the Tacoma Police
Department and has reviewed the investigation conducted in
Tacoma Police Case Number 03-0331008;

There is probable Cause to believe that Damon D. STEVENS
committed the crime(s) of VUCSA   1.) Possession of Cocaine
with the Intent to Deliver on January 30, 2003.

This belief is predicated on the following facts and
circumstances:

I was in contact with a cooperating informant (CI) who stated
that he/she could obtain either crack cocaine or powder
cocaine from a B/M known to the CI as "Dee."  The CI stated
that he/she did not believe Dee his true name but that is what
everyone called him.  The CI stated that Dee provided him/her
with phone number 206-255-8078 and advised the CI to call him
whenever the CI wanted to purchase cocaine.  The CI stated
that he/she has purchased cocaine from Dee on numerous
occasions.

Approximately six days ago the CI purchased 4.5 ounces of
cocaine from Dee.  The CI met Dee at 412 E. Novac Lane #D-308
Kent, Washington and the transaction was made in the
apartment.  Approximately three to four days ago the CI again

1   purchased narcotics from Dee.  On that occasion Dee agreed to

2   sell the CI nine ounces of cocaine.  The CI was only able to

3   obtain enough money to purchase 4.5 ounces.  Dee arrived

4   driving his 1989 Lincoln Continental, bearing Washington

5   license plate 364GRO, at Denny's Restaurant in Kent,

6   Washington. Dee gave the CI the nine ounces but the CI advised

7   him that he/she was only able to obtained half the money at

8   which time the CI gave half of the cocaine back to Dee.

9

10  I directed the CI to call "Dee" and to arrange a transaction

11  for nine ounces of cocaine. At approximately 1309 hours the CI

12  called Dee at 206-255-8078 and Dee agreed to sell the

13  narcotics to the CI and advised him/her to call him when the

14  CI was ready.  At approximately 1429 hours the CI called Dee

15  and advised him that he/she had the money and was ready to

16  make the purchase.  Dee advised that he was manufacturing the

17  crack and that he would meet the CI when it was done.

18

19  At approximately 1509 hours Dee called the CI and asked

20  him/her to come to the apartment on 412 E. Novac Lane #D-308

21  and make the purchase there.  At approximately 1533 hours Dee

22  called the CI back and asked him/her if he/she wanted crack or

23  powder cocaine.  The CI indicated that he/she wanted crack.

24  The CI also advised Dee that he/she did not want to meet at

25  the apartment.  The CI and Dee then agreed to meet at the

1   Shell Service Station at 1208 N. Central Avenue Kent,
2   Washington.

3

4   S/A Hudon and I established surveillance on the front door of
5   412 E. Novac Lane #D-308. I observed that the white Lincoln
6   Continental was parked in front of the residence.  The CI
7   advised that Dee would either drive that car to the meet
8   location or a 1979 International Scout, bearing Washington
9   license plate 589PGZ, which was also parked in front of the
10  residence.  The CI stated that this vehicle belonged to a
11  someone who stayed at the apartment, #D-308, but the CI did
12  not know his name.

13

14  The CI called Dee and advised him that he/she was at the arranged location. Approximately
15  five minutes later, two B/M walked out of the apartment and got into the International Scout.
16  The CI was able to see them leave the apartment and positively identified one of them as
17  "Dee." We followed them to the Shell Service Station at which time both B/M were
18  contacted and taken into custody. The passenger of the International Scout, Dee, was
19  identified as Damon Stevens. The driver was identified as Tremaine McClinton.

20

21  A search incident to arrest was conducted on International
22  Scout.  Washington State Patrol (WSP) K-9 Officer Grant Slish
23  #1018 conducted a search of the vehicle with his narcotics
24  detections dog, Daisy.  Daisy immediately indicated to the
25  presence of narcotics.

1

2    Officer Michael Poston located a cellular phone on the driver's seat of the vehicle. CI had

3    been calling. Officer Nina Murphy confirmed that this phone was the same one the CI had

4    been calling, 206-255-8078.

5

6    Between the front seats, in the center console, Officer Poston

7    found a bag containing approximately nine ounces of suspected

8    crack cocaine.  In the back seat, Officer Poston located a

9    large quantity of marijuana and approximately nine ounces of

10   powder cocaine. S/A Hudon later placed a small portion of both

11   the crack cocaine and the powder cocaine and they both tested

12   positive for the presence of cocaine.

13

14   I obtained a Superior Court Search Warrant for the apartment

15   located at 412 E. Novac Lane #D-308; however, S/A Richard

16   Hudon observed numerous people coming and going from the

17   residence and was concerned that they would realize Stevens

18   and McClinton had been arrested and either arm themselves or

19   destroy evidence.  Members of the DEA Tacoma Resident Office

20   then entered and secured the residence until I was able to get

21   the search warrant signed.

22

23   A search of the residence was then conducted and some cocaine

24   residue was found.  It appeared that someone had been

25   manufacturing crack cocaine in the apartment.  One of the

1   apartment tenants, Meysenburs, admitted to being a crack

2   cocaine addict.  He stated that he uses cocaine but that he

3   does not sell or manufacture it.  A copy of the warrant and

4   return of service were left on the dining room table.

5

6   Stevens and McClinton were transported to RJC and booked on

7   the listed charges.

8

9   Under penalty of perjury under the laws of the State of

10  Washington, I certify that the forgoing is true and correct.

11  Signed and dated by me this 3rd day of February 2003, at

12  Tacoma, Washington.

13

14                              _M. Unruh_         #333

15                                 Signature/ID

16

1

2

3

4

5

6

7                    CAUSE NO. 03-1-00355-3 KNT

8

9       PROSECUTING ATTORNEY CASE SUMMARY AND REQUEST FOR BAIL AND/OR
                         CONDITIONS OF RELEASE

10

11          The State incorporates the Certification for Determination
        of Probable Cause prepared by Detective Nathan Clammer of the
12      Tacoma Police Department for defendant Damon Stevens.

13

14                          REQUEST FOR BAIL

15          The State requests bail of $20,000. Bail was set at $10,000
        at first appearance. The defendant has prior convictions for
16      VUCSA (9-26-98, 7-8-97 and 7-2-97), Unlawful Possession of a
        Firearm (8-29-96), Taking a Motor Vehicle (10-27-92), Theft 2nd
17      Degree (8-24-92), and numerous misdemeanor convictions including
        Criminal Trespass and Possession of Marijuana. He also has 26
18      warrants since 1994.

19

20

21                                     Charles K. Sergis, WSBA #29364

22

23

24

25

26

27

        Prosecuting Attorney Case            **Norm Maleng**
        Summary and Request for Bail         Prosecuting Attorney
        and/or Conditions of Release - 1     W 554 King County Courthouse
                                             Seattle, Washington 98104-2312
                                             (206) 296-9000



CERTIFIED COPY

VUCSA-OVER 21

FILED
03 DEC -8 AM 8:50
KING COUNTY
SUPERIOR COURT CLERK
KENT, WA

**SUPERIOR COURT OF WASHINGTON FOR KING COUNTY**

<div style="float:left;transform:rotate(90deg)">PRESENTENCING STATEMENT & INFORMATION ATTACHED<br>COMMITMENT ISSUED ___ DEC 08 2003</div>

STATE OF WASHINGTON, )
                                    )
                    Plaintiff,  )    No. 03-1-00355-3 KNT
                                    )
        Vs.                      )    *JUDGMENT AND SENTENCE*
                                    )    **FELONY**
DAMON D. STEVENS          )
                                    )
                    Defendant,  )

### I. HEARING

1.1  The defendant, the defendant's lawyer, DAVE GEHRKE, and the deputy prosecuting attorney were present at the sentencing hearing conducted today. Others present were: _____

### II. FINDINGS

There being no reason why judgment should not be pronounced, the court finds:

2.1  **CURRENT OFFENSE(S):** The defendant was found guilty on 08/01/2003 by plea of:

Count No.: _1_    Crime: VIOLATION OF THE UNIFORM CONTROLLED SUBSTANCES ACT – PWI TO MANUFACTURE OR DELIVER COCAINE
RCW 69.50.401A11                         Crime Code: 07320
Date of Crime: 01/30/2003                Incident No. ___

Count No.: ___ Crime: ___
RCW ___                                   Crime Code: ___
Date of Crime: ___                        Incident No. ___

Count No.: ___ Crime: ___
RCW ___                                   Crime Code: ___
Date of Crime: ___                        Incident No. ___

Count No.: ___ Crime: ___
RCW ___                                   Crime Code: ___
Date of Crime: ___                        Incident No. ___

[ ] Additional current offenses are attached in **Appendix A**

Rev. 09/02 - hsa                          1

**SPECIAL VERDICT or FINDING(S):**

(a)  [  ] While armed with a **firearm** in count(s) _____ RCW 9.94A.510(3).

(b)  [  ] While armed with a **deadly weapon** other than a firearm in count(s) _____ RCW 9.94A.510(4).

(c)  [  ] With a **sexual motivation** in count(s) _____ RCW 9.94A.835.

(d)  [  ] A **V.U.C.S.A** offense committed in a **protected zone** in count(s) _____ RCW 69.50.435.

(e)  [  ] Vehicular homicide [  ]Violent traffic offense   [  ]DUI   [  ] Reckless   [  ]Disregard.

(f)  [  ] **Vehicular homicide** by DUI with _____ prior conviction(s) for offense(s) defined in RCW 41.61.5055,
RCW 9.94A.510(7).

(g)  [  ] **Non-parental kidnapping** or unlawful imprisonment with a minor victim. RCW 9A.44.130.

(h)  [  ] **Domestic violence** offense as defined in RCW 10.99.020 for count(s)_____.

(i)  [  ] Current offenses encompassing the **same criminal conduct** in this cause are count(s)_____ RCW
9.94A.589(1)(a).

**2.2 OTHER CURRENT CONVICTION(S):** Other current convictions listed under different cause numbers used
in calculating the offender score are (list offense and cause number): _____
_____

**2.3 CRIMINAL HISTORY:** Prior convictions constituting criminal history for purposes of calculating the
offender score are (RCW 9.94A.525):

[X] Criminal history is attached in **Appendix B**.

[  ] One point added for offense(s) committed while under community placement for count(s) _____

**2.4 SENTENCING DATA:**

| Sentencing Data | Offender Score | Seriousness Level | Standard Range | Enhancement | Total Standard Range | Maximum Term |
|---|---|---|---|---|---|---|
| Count I | 4 | VII | | | 38 TO 48 MONTHS ✓ (42) | 20 YRS AND/OR $50,000 |
| Count | | | | | | |
| Count | | | | | | |
| Count | | | | | | |

[  ] Additional current offense sentencing data is attached in **Appendix C**.

**2.5    EXCEPTIONAL SENTENCE** (RCW 9.94A.535):

[  ] Substantial and compelling reasons exist which justify a sentence above/below the standard range for
Count(s) _____. Findings of Fact and Conclusions of Law are attached in
**Appendix D**. The State  [   ]  did [   ] did not recommend a similar sentence.

### III. JUDGMENT

IT IS ADJUDGED that defendant is guilty of the current offenses set forth in Section 2.1 above and **Appendix A**.

[  ] The Court DISMISSES Count(s) _____.

Rev. 09/02 - hsa                                                2

## IV: ORDER

IT IS ORDERED that the defendant serve the determinate sentence and abide by the other terms set forth below.

**4.1  RESTITUTION AND VICTIM ASSESSMENT:**
   [  ] Defendant shall pay restitution to the Clerk of this Court as set forth in attached **Appendix E.**
   [  ] Defendant shall not pay restitution because the Court finds that extraordinary circumstances exist, and the
        court, pursuant to RCW 9.94A.753(2), sets forth those circumstances in attached Appendix E.
   [  ] Restitution is to be determined at future restitution hearing on (Date) _____ at _____ __.m.
        [  ] Date to be set.
        [ ✓] Defendant waives presence at future restitution hearing(s).
   [ ✓] Restitution is not ordered.
   Defendant shall pay Victim Penalty Assessment pursuant to RCW 7.68.035 in the amount of $500.

**4.2  OTHER FINANCIAL OBLIGATIONS:** Having considered the defendant's present and likely future
   financial resources, the Court concludes that the defendant has the present or likely future ability to pay the
   financial obligations imposed. The Court waives financial obligation(s) that are checked below because the
   defendant lacks the present and future ability to pay them. Defendant shall pay the following to the Clerk of this
   Court:
   (a)  [ ✓] $ 125.50 , Court costs;  [  ] Court costs are waived; (RCW 9.94A.030, 10.01.160)

   (b)  [  ] $100 DNA collection fee;  [ ✓] DNA fee waived (RCW 43.43.754)(crimes committed after 7/1/02);

   (c)  [  ] $_____, Recoupment for attorney's fees to King County Public Defense Programs;
        [ ✓] Recoupment is waived (RCW 9.94A.030);

   (d)  [  ] $_____, Fine;  [ ✓] $1,000, Fine for VUCSA;  [  ] $2,000, Fine for subsequent VUCSA;
        [  ] VUCSA fine waived (RCW 69.50.430);

   (e)  [  ] $_____, King County Interlocal Drug Fund;  [ ✓] Drug Fund payment is waived;
        (RCW 9.94A.030)

   (f)  [  ] $_____, State Crime Laboratory Fee;  [ ✓] Laboratory fee waived (RCW 43.43.690);

   (g)  [  ] $_____, Incarceration costs;  [ ✓] Incarceration costs waived (RCW 9.94A.760(2));

   (h)  [  ] $_____, Other costs for: _____

**4.3  PAYMENT SCHEDULE:** Defendant's **TOTAL FINANCIAL OBLIGATION** is: $ 1625.50 . The
   payments shall be made to the King County Superior Court Clerk according to the rules of the Clerk and the
   following terms:  [  ] Not less than $_____ per month;   [ ✓] On a schedule established by the defendant's
   Community Corrections Officer. Financial obligations shall bear interest pursuant to RCW 10.82.090. The
   **Defendant shall remain under the Court's jurisdiction and the supervision of the Department of
   Corrections for up to ten years from the date of sentence or release from confinement to assure payment
   of financial obligations.**
   [  ] Court Clerk's trust fees are waived.
   [  ] Interest is waived except with respect to restitution.