4.4  1999 EXPANDED SPECIAL DRUG OFFENDER SENTENCING ALTERNATIVE (D.O.S.A.) :
The Court finds the defendant eligible pursuant to RCW 9.94A.660; that the defendant and the community will benefit from use of D.O.S.A.; waives imposition of sentence within the standard range and sentences the defendant as follows:

(a)  **TOTAL CONFINEMENT, RCW 9.94A.660:** The defendant is sentenced to the following term(s) of commitment in he custody of the DEPT. OF CORRECTIONS to commence [X] immediately; [ ] not later than _____ at _____ a.m./p.m.

_21.5_ months on Count No. ___I___ ; _____ months on Count No. _____

_____ months on Count No. _____ ; _____ months on Count No. _____

_____ months on Count No. _____ ; _____ months on Count No. _____

(b)  **The above term(s) of confinement represent one half of the midpoint of the standard range.**

(c)  The terms imposed herein shall be served concurrently.

The term(s) imposed herein shall run [ ] CONSECUTIVE [ ] CONCURRENT to cause No(s) _____

The term(s) imposed herein shall run [ ] CONSECUTIVE [ ] CONCURRENT to any previously imposed commitment not referred to in this judgment.

(d)  The defendant shall receive credit for time served prior to sentencing if that confinement was solely under this cause. RCW 9.94A.505(6). The time shall be compiled by the JAIL unless specifically set by the court as follows: _____

(e)  While incarcerated in the Department of Corrections the defendant shall undergo a comprehensive substance abuse assessment and receive, within available resources, appropriate treatment services.

4.5  COMMUNITY CUSTODY:  The court further imposes ____21.5____ months, the remainder(s) of the midpoint(s) of the standard range(s), as a term of community custody during which time the defendant shall comply with the instructions, rules and regulations promulgated by the Department for conduct of the defendant during community custody; shall perform affirmative acts necessary to monitor compliance, shall obey all laws and comply with the following mandatory statutory requirements:

(1)  The defendant shall not own, use or possess any firearm or ammunition. RCW 9.94A.720(2).
(2)  The defendant shall not use illegal controlled substances and shall submit to urinalysis or other testing to monitor compliance. RCW 9.94A.660(2)(b) and (c).
(3)  The defendant shall complete appropriate substance abuse treatment in a program approved by D.S.H.S., Division of Alcohol and Substance Abuse. RCW 9.94A.660(2)(a).

The court further imposes the following non-mandatory conditions of Community Custody (if checked):

(4)  [X] The defendant shall not use any alcohol or controlled substances without prescription and shall undergo testing to monitor compliance.
(5)  [ ] Devote time to a specific employment or training.
(6)  [ ] Remain within prescribed geographical boundaries and notify the court or the community corrections officer of any change in the offender's address or employment.
(7)  [X] Report as directed to a community corrections officer.
(8)  [X] Pay all court ordered legal financial obligations.
(9)  [ ] Perform community service work.

(10) [  ] Stay out of designated areas as follows: _____

(11) [  ] Other conditions as set forth in **APPENDIX F.**

4.6    **NON-COMPLIANCE RCW 9.94A.660(5):** If the defendant fails to complete the Department's special drug offender sentencing alternative program or is administratively terminated from the program, he/she shall be reclassified by the Department to serve the balance of the unexpired term of sentence. If the defendant fails to comply with the conditions of supervision as defined by the Department, he/she shall be sanctioned. Sanctions may include reclassification by the Department to serve the balance of the unexpired term of sentence.

For offenses committed after 7-1-2000 the court further imposes the following additional terms of Community Custody upon failure to complete or administrative termination from D.O.S.A. program: the entire period of earned early release or for any "crime against person" in section 2.1 herein 9 - 18 months; for any violation of 69.50/52 in section 2.1 herein 9 - 12 months whichever is longer. The defendant in this event shall comply with the conditions of Community Custody set forth in section 4.5 herein.

4.7    **DNA TESTING.** The defendant shall have a biological sample collected for purposes of DNA identification analysis and the defendant shall fully cooperate in the testing, as ordered in **APPENDIX G.**
[  ]  **HIV TESTING:** For sex offense, prostitution offense, drug offense associated with the use of hypodermic needles, the defendant shall submit to HIV testing as ordered in **APPENDIX G.**

4.8    [  ]**OFF-LIMITS ORDER.** The defendant, having been found to be a known drug trafficker, shall neither enter nor remain in the protected against drug trafficking area(s) as described in **APPENDIX I** during the term of community supervision. **APPENDIX I** is attached and incorporated by reference into this Judgment and Sentence.

4.9    [  ] **NO CONTACT:** For the maximum term of _____ years, defendant shall have no contact with_____

_____

Date: December 6, 2003

_____
JUDGE
Print Name: _____ MICHAEL HEAVEY

Presented by:
_____
Deputy Prosecuting Attorney, WSBA# 34779
Print Name: __PATRICK C COOK__
Cecilia V. Gregson

Approved as to form:
_____
Attorney for Defendant, WSBA # 8123
Print Name: Gerry K

## F I N G E R P R I N T S



| | |
|---|---|
| RIGHT HAND<br>FINGERPRINTS OF: | DEFENDANT'S SIGNATURE:<br>DEFENDANT'S ADDRESS: |

DAMON DEVONE STEVENS

DATED: 12/5/93

JUDGE, KING COUNTY SUPERIOR COURT

ATTESTED BY: BARBARA MINER
                    SUPERIOR COURT CLERK
BY:
                    DEPUTY CLERK

---

CERTIFICATE

I, _____,
CLERK OF THIS COURT, CERTIFY THAT
THE ABOVE IS A TRUE COPY OF THE
JUDGEMENT AND SENTENCE IN THIS
ACTION ON RECORD IN MY OFFICE.
DATED: _____

_____
          CLERK

BY: _____
          DEPUTY CLERK

OFFENDER IDENTIFICATION

S.I.D. NO.

DOB: FEBRUARY 5, 1976

SEX: M

RACE: B

## SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

STATE OF WASHINGTON, )
)
Plaintiff, ) No. 03-1-00355-3 KNT
)
vs. ) JUDGMENT AND SENTENCE,
) (FELONY) - APPENDIX B,
DAMON D. STEVENS ) CRIMINAL HISTORY
)
Defendant, )
)

2.2 The defendant has the following criminal history used in calculating the offender score (RCW 9.94A.525):

| Crime | Sentencing Date | Adult or Juv. Crime | Cause Number | Location |
|---|---|---|---|---|
| CONT SUBST VIOL – SECTION D | 09/26/98 | ADULT | 981079831 | KING |
| CONT SUBST VIOL A: MFG/DELVR | 07/08/97 | ADULT | 971033728 | KING |
| CONT SUBST VIOL A: MFG/DELVR | 07/02/97 | ADULT | 981058851 | KING |
| TMVWOP | 10/27/92 | JUV. | 928068747 | KING |
| THEFT 2 | 08/24/92 | JUV. | 948007761 | KING |

[ ] The following prior convictions were counted as one offense in determining the offender score (RCW 9.94A.525(5)):

Date: 12/5/05

JUDGE, KING COUNTY SUPERIOR COURT

MICHAEL HEAVEY

Appendix B—Rev. 09/02

## SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

STATE OF WASHINGTON,

     Plaintiff,

  vs.

DAMON D. STEVENS

     Defendant,

)
)
)
)
)
)
)
)
)
)

No. 03-1-00355-3 KNT

APPENDIX G
ORDER FOR BIOLOGICAL TESTING
AND COUNSELING

(1) **DNA IDENTIFICATION (RCW 43.43.754):**

The Court orders the defendant to cooperate with the King County Department of Adult Detention, King County Sheriff's Office, and/or the State Department of Corrections in providing a biological sample for DNA identification analysis. The defendant, if out of custody, shall promptly call the King County Jail at 296-1226 between 8:00 a.m. and 1:00 p.m., to make arrangements for the test to be conducted within 15 days.

(2)   ❑ **HIV TESTING AND COUNSELING (RCW 70.24.340):**

(Required for defendant convicted of sexual offense, drug offense associated with the use of hypodermic needles, or prostitution related offense.)

The Court orders the defendant contact the Seattle-King County Health Department and participate in human immunodeficiency virus (HIV) testing and counseling in accordance with Chapter 70.24 RCW. The defendant, if out of custody, shall promptly call Seattle-King County Health Department at 205-7837 to make arrangements for the test to be conducted within 30 days.

If (2) is checked, two independent biological samples shall be taken.

Date: _12|5|04_         _____
                JUDGE, King County Superior Court

                  **MICHAEL HEAVEY**

APPENDIX G—Rev. 09/02

## SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

STATE OF WASHINGTON, )
)
               Plaintiff, )   No. 03-1-00355-3 KNT
)
       vs. )   JUDGMENT AND SENTENCE
)   APPENDIX H
DAMON D. STEVENS )   COMMUNITY PLACEMENT OR
)   COMMUNITY CUSTODY
              Defendant, )

The Defendant shall comply with the following conditions of community placement or community custody pursuant to RCW 9.94A.700(4), (5):

1) Report to and be available for contact with the assigned community corrections officer as directed;
2) Work at Department of Corrections-approved education, employment, and/or community service;
3) Not possess or consume controlled substances except pursuant to lawfully issued prescriptions;
4) Pay supervision fees as determined by the Department of Corrections;
5) Receive prior approval for living arrangements and residence location;
6) Not own, use, or possess a firearm or ammunition. (RCW 9.94A.720(2));
7) Notify community corrections officer of any change in address or employment; and
8) Remain within geographic boundary, as set forth in writing by the Department of Corrections Officer or as set forth with SODA order.

**OTHER SPECIAL CONDITIONS:**
[ ] The defendant shall not consume any alcohol.
[ ] Defendant shall have no contact with:_____

[ ] Defendant shall remain [ ] within [ ] outside of a specified geographical boundary, to wit:

[ ] The defendant shall participate in the following crime-related treatment or counseling services: _____

[ ✓ ] The defendant shall comply with the following crime-related prohibitions: _Defendant shall attend AA/NA meetings per week and provide proof to his CCO_

[ ] _____

Other conditions may be imposed by the court or Department during community custody.

Community Placement or Community Custody shall begin upon completion of the term(s) of confinement imposed herein or when the defendant is transferred to Community Custody in lieu of earned early release. The defendant shall remain under the supervision of the Department of Corrections and follow explicitly the instructions and conditions established by that agency. The Department may require the defendant to perform affirmative acts deemed appropriate to monitor compliance with the conditions [RCW 9.94A.720] and may issue warrants and/or detain defendants who violate a condition [RCW 9.94A.740].

Date: _11/5/04_

                                      JUDGE
                                       MICHAEL HEAVEY

CERTIFIED
COPY

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

| | |
|---|---|
| STATE OF WASHINGTON, | ) |
| | ) |
| Plaintiff, | ) No. 03-1-00355-3 KNT |
| | ) |
| Vs. | ) |
| | ) STATEMENT OF DEFENDANT ON |
| DAMON D STEVENS | ) PLEA OF GUILTY (Felony) |
| Defendant, | ) |
| | ) |

1.    My true name is   DAMON   STEVENS   .

2.    My age is   27   . Date of Birth   2-5-76   .

3.    I went through the   12th   grade.

4.    **I HAVE BEEN INFORMED AND FULLY UNDERSTAND THAT:**

(a) I have the right to representation by a lawyer and that if I cannot afford to pay for a

lawyer, one will be provided at no expense to me. My lawyer's name is   DAVID GEHRKE   .

(b) I am charged with the crime(s) of   VUCSA - PWI - COCAINE

The elements of this crime(s) are   UNLAWFULLY AND FELONIOUSLY

POSSESS, WITH INTENT TO DELIVER COCAINE,

KNOWING IT WAS A CONTROLLED SUBSTANCE AND NARCOTIC

DRUG-

FORM REV 7/12/00

STATEMENT OF DEFENDANT ON PLEA OF GUILTY
(Felony) - 1

5.  **I HAVE BEEN INFORMED AND FULLY UNDERSTAND THAT I HAVE THE FOLLOWING IMPORTANT RIGHTS, AND I GIVE THEM ALL UP BY PLEADING GUILTY:**

(a) The right to a speedy and public trial by an impartial jury in the county where the crime is alleged to have been committed;

(b) The right to remain silent before and during trial, and the right to refuse to testify against myself;

(c) The right at trial to testify and to hear and question the witnesses who testify against me;

(d) The right at trial to have witnesses testify for me.  These witnesses can be made to appear at no expense to me;

(e) The right to be presumed innocent until the charge is proven beyond a reasonable doubt or I enter a plea of guilty;

(f) The right to appeal a determination of guilt after a trial.

6.  **IN CONSIDERING THE CONSEQUENCES OF MY GUILTY PLEA(S), I UNDERSTAND THAT:**

(a) The crime(s) with which I am charged carries a sentence(s) of:

| Count No. | Standard Range | Enhancement That Will Be Added to Standard Range | Maximum Term and Fine |
|-----------|---------------|--------------------------------------------------|-----------------------|
| 1 | 38 - 48 | ⊖ | 20 years $40,000 |
| | | | _____ years $ |
| | | | _____ years $ |

RCW 9.94A.030(23), (27), provide that for a third conviction for a "most serious offense" as defined in that statute or for a second conviction for a "most serious offense" which is also a "sex

FORM REV 7/12/00

STATEMENT OF DEFENDANT ON PLEA OF GUILTY
(Felony) - 2

1  offense" as defined in that statute, I may be found a Persistent Offender. If I am found to be a

2  Persistent Offender, the Court must impose the mandatory sentence of life imprisonment without

3  the possibility of early release of any kind, such as parole or community custody. RCW

4  9.94A.120(4). The law does not allow any reduction of this sentence.

5      (b) The standard sentence range is based on the crime charged and my criminal history.

6  Criminal history includes prior convictions, whether in this state, in federal court, or elsewhere. If

7  my current offense was prior to 7/1/97: criminal history always includes juvenile convictions for

8  sex offenses and also for Class A felonies that were committed when I was 15 years of age or older;

9  may include convictions in Juvenile Court for felonies or serious traffic offenses that were

10  committed when I was 15 years of age or older; and juvenile convictions, except those for sex

11  offenses and Class A felonies, count only if I was less than 23 years old when I committed the crime

12  to which I am now pleading guilty. If my current offense was a after 6/30/97: criminal history

13  includes all prior adult and juvenile convictions or adjudications.

14      (c) The prosecuting attorney's statement of my criminal history is attached to this

15  agreement. Unless I have attached a different statement, I agree that the prosecuting attorney's

16  statement is correct and complete. If I have attached my own statement, I assert that it is correct and

17  complete. If I am convicted of any additional crimes between now and the time I am sentenced, I

18  am obligated to tell the sentencing judge about those convictions.

19      (d) If I am convicted of any new crimes before sentencing, or if I was on community

20  placement at the time of the offense to which I am now pleading guilty, or if any additional criminal

21  history is discovered, both the standard sentence range and the prosecuting attorney's

22  recommendations may increase. Even so, my plea of guilty to this charge is binding on me. I
   FORM REV 7/12/00

STATEMENT OF DEFENDANT ON PLEA OF GUILTY
(Felony) - 3

1  cannot change my mind if additional criminal history is discovered even though the standard

2  sentencing range and the prosecuting attorney's recommendation increase.

3       If the current offense to which I am pleading guilty is a most serious offense as defined by

4  RCW 9.94A.030(23),(27), and additional criminal history is discovered, not only do the conditions

5  of the prior paragraph apply, but also if my discovered criminal history contains two prior

6  convictions, whether in this state, in federal court, or elsewhere, of most serious offense crimes, I

7  may be found to be a Persistent Offender.  If I am found to be a Persistent Offender, the Court must

8  impose the mandatory sentence of life imprisonment without the possibility of early release of any

9  kind, such as parole or community custody.  RCW 9.94A.120(4).

10      Even so, my plea of guilty to this charge may be binding on me.  I cannot change my plea if

11 additional criminal history is discovered, even though it will result in the mandatory sentence that

12 the law does not allow to be reduced.

13      (e) In addition to sentencing me to confinement for the standard range, the judge will order

14 me to pay $500 as a victim's compensation fund assessment.  If this crime resulted in injury to any

15 person or damages to or loss of property, the judge will order me to make restitution, unless

16 extraordinary circumstances exist which make restitution inappropriate.  The judge may also order

17 that I pay a fine, court costs, incarceration, lab and attorney fees.  Furthermore, the judge may place

18 me on community supervision, community placement or community custody, impose restrictions on

19 my activities, rehabilitative programs, treatment requirements, or other conditions, and order me to

20 perform community service.

21      (f) The prosecuting attorney will make the following recommendation to the judge: __
              DOSA
22 _____, CT COSTS, 500 UFA, 2000 VUCSA

FORM REV 7/12/00

STATEMENT OF DEFENDANT ON PLEA OF GUILTY
(Felony) - 4

1  FINE, 9-12 MONTH COMMUNITY CUSTODY

2  _____

3  ☐ See attached Plea Agreement and State's Sentence Recommendation.

4      (g) The judge does not have to follow anyone's recommendation as to sentence. The judge

5  must impose a sentence within the standard range unless the judge finds substantial and compelling

6  reasons not to do so. If the judge goes outside the standard range, either I or the State can appeal

7  that sentence. If the sentence is within the standard range, no one can appeal the sentence.

8      (h) The crime of _____ has a mandatory minimum sentence

9  of at least _____ years of total confinement. The law does not allow any reduction of this

10  sentence. [If not applicable, this paragraph should be stricken and initialed by the defendant and the

OG 11  judge _____ .]

12      The crime of _____ is a most serious offense as defined by

13  RCW 9.94A.030(23), and if the judge determines that I have at least two prior convictions on

14  separate occasions whether in this state, in federal court, or elsewhere, of most serious crimes, I may

15  be found to be a Persistent Offender. If I am found to be a Persistent Offender, the Court must

16  impose the mandatory sentence of life imprisonment without the possibility of early release of any

17  kind, such as parole or community custody. RCW 9.94A.120(4). [If not applicable, this paragraph

OG 18  should be stricken and initialed by the defendant and the judge _____ .]

19      The crime of _____ is also a "most serious offense" and a

20  "sex offense" as defined in RCW 9.94A.030(23) and (27), and if the judge determines that I have

21  one prior conviction whether in this state, in federal court or elsewhere of a most serious sex offense

22  as defined in that statute, I may also be found to be a Persistent Offender in which case the judge

FORM REV 7/12/00

STATEMENT OF DEFENDANT ON PLEA OF GUILTY
(Felony) - 5

1    must impose a mandatory sentence of life without the possibility of parole. RCW 9.94A.120(4). [If

2    not applicable, this paragraph should be stricken and initialed by the defendant and the judge _____

3    ____.]

4        (i) The crime charged in Count ___ includes a firearm/deadly weapon sentence

5    enhancement of _____ months.

6        This additional confinement time is mandatory and must be served consecutively to any

7    other sentence I have already received or will receive in this or any other cause. [If not applicable,

8    this paragraph should be stricken and initialed by the defendant and the judge _____ ____.]

9        (j) The sentences imposed on counts _____, except for any weapons enhancement,

10    will run concurrently unless the judge finds substantial and compelling reason to do otherwise or

11    unless there is a special weapons finding. [If not applicable, this paragraph should be stricken and

12    initialed by the defendant and the judge _____ ____.]

13        (k) In addition to confinement, the judge will sentence me to a period of community

14    supervision, community placement or community custody.

15        For crimes committed prior to July 1, 2000, the judge will sentence me to: (A) community

16    supervision for a period of up to one year; or (B) to community placement or community custody

17    for a period up to three years or up to the period of earned release awarded pursuant RCW

18    9.94A.150(1) and (2), whichever is longer. [If not applicable, this paragraph should be stricken and

19    initialed by the defendant and the judge _____ ____.]

20        For crimes committed on or after July 1, 2000, the judge will sentence me to the community

21    custody range which is from ___9___ months to ___12___ months or up to the period of earned

22    release awarded pursuant to RCW 9.94A.150(1) and (2), whichever is longer, unless the judge finds

FORM REV 7/12/00

STATEMENT OF DEFENDANT ON PLEA OF GUILTY
(Felony) - 6

1   substantial and compelling reasons to do otherwise. During the period of community custody I will

2   be under the supervision of the Department of Corrections, and I will have restrictions and

3   requirements placed upon me. My failure to comply with these conditions will result in the

4   Department of Corrections transferring me to a more restrictive confinement status or imposing

5   other sanctions. [If not applicable, this paragraph should be stricken and initialed by the defendant

6   and the judge _____.]

7       (l) If this offense is a sex offense committed after 6/5/96 and I am either sentenced to the

8   custody of the Department of Corrections or if I am sentenced under the special sexual offender

9   sentence alternative, the court will, in addition to the confinement, impose not less than 3 years of

10  community custody which will commence upon my release from jail or prison. Failure to comply

11  with community custody may result in my return to confinement. In addition, the court may extend

12  the period of community custody in the interest of public safety for a period up to the maximum

13  term which is _____. [If not applicable,

14  this paragraph should be stricken and initialed by the defendant and the judge _____.]

15      (m) The judge may sentence me as a first-time offender instead of imposing a sentence

16  within the standard range if I qualify under RCW 9.94A.030. This sentence may include as much as

17  90 days of confinement plus all of the conditions described in paragraph (e). In addition, I may be

18  sentenced up to two years of community supervision if the crime was committed prior to July 1,

19  2000, or two years of community custody if the crime was committed on or after July 1, 2000. The

20  judge also may require me to undergo treatment, to devote time to a specific occupation, and to

21  pursue a prescribed course of study or occupational training. [If not applicable, this paragraph

22  should be stricken and initialed by the defendant and the judge _____.]

FORM REV 7/12/00

STATEMENT OF DEFENDANT ON PLEA OF GUILTY
(Felony) - 7

(n) This plea of guilty will result in revocation of my privilege to drive under RCW 46.20.285 (1)-(3), (5)-(7). If I have a driver's license, I must now surrender it to the judge. [If not applicable, this paragraph should be stricken and initialed by the defendant and the judge _DS___.]

(o) I understand that RCW 46.20.285(4) requires that my driver's license be revoked if the judge finds I used a motor vehicle in the commission of this felony.

(p) If this crime involves a sexual offense, prostitution, or a drug offense associated with hypodermic needles, I will be required to undergo testing for the human immunodeficiency (AIDS) virus. [If not applicable', this paragraph should be stricken and initialed by the defendant and the judge _DS___.]

(q) If I am not a citizen of the United States, a plea of guilty to an offense punishable as a crime under state law is grounds for deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.

(r) If this crime involves a sex offense or a violent offense, I will be required to provide a sample of my blood for purposes of DNA identification analysis. [If not applicable', this paragraph should be stricken and initialed by the defendant and the judge _DS___.]

(s) Because this crime involves a sex offense, I will be required to register with the sheriff of the county of the state of Washington where I reside. I must register immediately upon being sentenced unless I am in custody, in which case I must register within 24 hours of my release.

If I leave this state following my sentencing or release from custody but later move back to Washington, I must register within 30 days after moving to this state or within 24 hours after doing so if I am under the jurisdiction of this state's Department of Corrections.

FORM REV 7/12/00

STATEMENT OF DEFENDANT ON PLEA OF GUILTY
(Felony) - 8

1    If I change my residence within a county, I must send written notice of my change of

2  residence to the sheriff at least 14 days before moving and must register again with the sheriff

3  within 24 hours of moving. If I change my residence to a new county within this state, I must send

4  written notice of my change of residence to the sheriff of my new county at least 14 days before

5  moving and I must give written notice of my change of address to the sheriff of the county where I

6  last registered within 10 days of moving. If I move out of Washington state, I must also send

7  written notice within 10 days of moving to the county sheriff with whom I last registered in

8  Washington state. [If not applicable', this paragraph should be stricken and initialed by the

DG 9  defendant and the judge *DS* ____.]

10    (t) This plea of guilty will result in the revocation of my right to possess any firearm.

11  Possession of any firearm after this plea is prohibited by law until my right to possess a firearm is

12  restored by a court of record.

13    7. I plead guilty to the crime(s) of __VUCSA — PWI — Cocaine__

14  _____

15  _____

16  as charged in the __ORIGINAL__ information. I have received a copy of that information.

17    8. I make this plea freely and voluntarily.

18    9. No one has threatened harm of any kind to me or to any other person to cause me to make

19  this plea.

20    10. No person has made promises of any kind to cause me to enter this plea except as set

21  forth in this statement.

22

FORM REV 7/12/00

STATEMENT OF DEFENDANT ON PLEA OF GUILTY
(Felony) - 9

1    11. The judge has asked me to state briefly in my own words what I did that makes me

2    guilty of this (these) crime(s). This is my statement:

3    IN KING COUNTY, WA, ON JAN 30, 2003 I HAD

4    COCAINE I WAS GOING TO DELIVER. I HAD IT

5    UNLAWFULLY. I HAD IT FELONIOUSLY. I KNEW IT

6    WAS COCAINE, A CONTROLLED SUBSTANCE AND A NAR-

7    COTIC DRUG. THIS WAS AGAINST THE PEACE AND

8    THE DIGNITY OF THE STATE OF WASHINGTON.

9

10

11

12

13

14    12. My lawyer has explained to me, and we have fully discussed, all of the above

15    paragraphs. I understand them all. I have been given a copy of this "Statement of Defendant on

16    Plea of Guilty." I have no further questions to ask the judge.

17    _____
     DEFENDANT

18

19    I have read and discussed this statement
     with the defendant and believe that the

20    defendant is competent and fully
     understands the statement.

21    _____

22    PROSECUTING ATTORNEY 30383    DEFENDANT'S LAWYER 8 Ɑ 3
     FORM REV 7/12/00

     STATEMENT OF DEFENDANT ON PLEA OF GUILTY
     (Felony) - 10

1    The foregoing statement was signed by the defendant in open court in the presence of the
     defendant's lawyer and the undersigned judge.  The defendant asserted that [check appropriate box]:
2
     [X] (a)  The defendant had previously read; or
3    [ ]  (b)  The defendant's lawyer had previously read to him or her; or
     [ ]  (c)  An interpreter had previously read to the defendant the entire statement above and that the
4              defendant understood it in full.

5    I find the defendant's plea of guilty to be knowingly, intelligently and voluntarily made.  The
     defendant understands the charges and the consequences of the plea.  There is a factual basis for the
6    plea.  The defendant is guilty as charged.

7         Dated this ___1___ day of _AUGUST_, 20_03_

8                                                           _R Bothman_____
                                                            JUDGE
9

10        I am fluent in the _____ language and I have translated this entire document for

11   the defendant from English into that language.  I certify under penalty of perjury under the laws of

12   the State of Washington that the foregoing is true and correct.

          Dated this _____ day of _____, 20___.
13

14   _____                         _____
     TRANSLATOR                                       INTERPRETER

15

16

17

18

19

20

21

22

FORM REV 7/12/00

STATEMENT OF DEFENDANT ON PLEA OF GUILTY
(Felony) - 11

1

2

3

4

5

6

7                    SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

8   THE STATE OF WASHINGTON,            )
                                        )
9              Plaintiff,               )   No.   03-1-00355-3 KNT
                                        )
10      v.                              )
    DAMON D. STEVENS                    )   INFORMATION
11                                      )
                                        )
12                                      )
                                        )
13             Defendant.               )
    _____)

14

15      I, Norm Maleng, Prosecuting Attorney for King County in the
    name and by the authority of the State of Washington, do accuse
16  DAMON  D.  STEVENS  of  the  crime  of  **Violation  of  the  Uniform
    Controlled Substances Act**, committed as follows:

17

    That the defendant DAMON D. STEVENS in King County, Washington
18  on  or  about  January  30,  2003,  unlawfully  and  feloniously  did
    possess with intent to manufacture or deliver cocaine, a controlled
19  substance and a narcotic drug, and did know it was a controlled
    substance;

20

    Contrary to RCW 69.50.401(a)(1)(i), and against the peace and
21  dignity of the State of Washington.

22

                              NORM MALENG
23                            Prosecuting Attorney

24

                              By: _____
25                            Charles K. Sergis, WSBA #29364
                              Deputy Prosecuting Attorney

26

27

                                        **Norm Maleng**
                                        Prosecuting Attorney
                                        W 554 King County Courthouse
                                        Seattle, Washington 98104-2312
    INFORMATION- 1                      (206) 296-9000

1  CAUSE NO: **03-1-00355-3KNT**

2  <u>CERTIFICATION FOR THE DETERMINATION OF PROBABLE CAUSE</u>

3

4  That Nathan Clammer is a Detective with the Tacoma Police

5  Department and has reviewed the investigation conducted in

6  Tacoma Police Case Number 03-0331008;

7

8  There is probable Cause to believe that Damon D. STEVENS

9  committed the crime(s) of VUCSA   1.) Possession of Cocaine

10  with the Intent to Deliver on January 30, 2003.

11

12  This belief is predicated on the following facts and

13  circumstances:

14

15  I was in contact with a cooperating informant (CI) who stated

16  that he/she could obtain either crack cocaine or powder

17  cocaine from a B/M known to the CI as "Dee."  The CI stated

18  that he/she did not believe Dee his true name but that is what

19  everyone called him.  The CI stated that Dee provided him/her

20  with phone number 206-255-8078 and advised the CI to call him

21  whenever the CI wanted to purchase cocaine.  The CI stated

22  that he/she has purchased cocaine from Dee on numerous

23  occasions.

24

25  Approximately six days ago the CI purchased 4.5 ounces of

26  cocaine from Dee.  The CI met Dee at 412 E. Novac Lane #D-308

27  Kent, Washington and the transaction was made in the

28  apartment.  Approximately three to four days ago the CI again

1   purchased narcotics from Dee.  On that occasion Dee agreed to

2   sell the CI nine ounces of cocaine.  The CI was only able to

3   obtain enough money to purchase 4.5 ounces.  Dee arrived

4   driving his 1989 Lincoln Continental, bearing Washington

5   license plate 364GRO, at Denny's Restaurant in Kent,

6   Washington. Dee gave the CI the nine ounces but the CI advised

7   him that he/she was only able to obtained half the money at

8   which time the CI gave half of the cocaine back to Dee.

9

10  I directed the CI to call "Dee" and to arrange a transaction

11  for nine ounces of cocaine. At approximately 1309 hours the CI

12  called Dee at 206-255-8078 and Dee agreed to sell the

13  narcotics to the CI and advised him/her to call him when the

14  CI was ready.  At approximately 1429 hours the CI called Dee

15  and advised him that he/she had the money and was ready to

16  make the purchase.  Dee advised that he was manufacturing the

17  crack and that he would meet the CI when it was done.

18

19  At approximately 1509 hours Dee called the CI and asked

20  him/her to come to the apartment on 412 E. Novac Lane #D-308

21  and make the purchase there.  At approximately 1533 hours Dee

22  called the CI back and asked him/her if he/she wanted crack or

23  powder cocaine.  The CI indicated that he/she wanted crack.

24  The CI also advised Dee that he/she did not want to meet at

25  the apartment.  The CI and Dee then agreed to meet at the

1   Shell Service Station at 1208 N. Central Avenue Kent,

2   Washington.

3

4   S/A Hudon and I established surveillance on the front door of

5   412 E. Novac Lane #D-308. I observed that the white Lincoln

6   Continental was parked in front of the residence.  The CI

7   advised that Dee would either drive that car to the meet

8   location or a 1979 International Scout, bearing Washington

9   license plate 589PGZ, which was also parked in front of the

10  residence.  The CI stated that this vehicle belonged to a

11  someone who stayed at the apartment, #D-308, but the CI did

12  not know his name.

13

14  The CI called Dee and advised him that he/she was at the arranged location.  Approximately

15  five minutes later, two B/M walked out of the apartment and got into the International Scout.

16  The CI was able to see them leave the apartment and positively identified one of them as

17  "Dee." We followed them to the Shell Service Station at which time both B/M were

18  contacted and taken into custody. The passenger of the International Scout, Dee, was

19  identified as Damon Stevens. The driver was identified as Tremaine McClinton.

20

21  A search incident to arrest was conducted on International

22  Scout.  Washington State Patrol (WSP) K-9 Officer Grant Slish

23  #1018 conducted a search of the vehicle with his narcotics

24  detections dog, Daisy.  Daisy immediately indicated to the

25  presence of narcotics.

1

2    Officer Michael Poston located a cellular phone on the driver's seat of the vehicle. CI had

3    been calling. Officer Nina Murphy confirmed that this phone was the same one the CI had

4    been calling, 206-255-8078.

5

6    Between the front seats, in the center console, Officer Poston

7    found a bag containing approximately nine ounces of suspected

8    crack cocaine.  In the back seat, Officer Poston located a

9    large quantity of marijuana and approximately nine ounces of

10   powder cocaine. S/A Hudon later placed a small portion of both

11   the crack cocaine and the powder cocaine and they both tested

12   positive for the presence of cocaine.

13

14   I obtained a Superior Court Search Warrant for the apartment

15   located at 412 E. Novac Lane #D-308; however, S/A Richard

16   Hudon observed numerous people coming and going from the

17   residence and was concerned that they would realize Stevens

18   and McClinton had been arrested and either arm themselves or

19   destroy evidence.  Members of the DEA Tacoma Resident Office

20   then entered and secured the residence until I was able to get

21   the search warrant signed.

22

23   A search of the residence was then conducted and some cocaine

24   residue was found.  It appeared that someone had been

25   manufacturing crack cocaine in the apartment.  One of the

1    apartment tenants, Meysenburs, admitted to being a crack

2    cocaine addict.  He stated that he uses cocaine but that he

3    does not sell or manufacture it.  A copy of the warrant and

4    return of service were left on the dining room table.

5

6    Stevens and McClinton were transported to RJC and booked on

7    the listed charges.

8

9    Under penalty of perjury under the laws of the State of

10   Washington, I certify that the forgoing is true and correct.

11   Signed and dated by me this 3rd day of February 2003, at

12   Tacoma, Washington.

13

14                              _M. Unruh_____ #333

15                                   Signature/ID

16

1
2
3
4
5
6
7                         CAUSE NO. 03-1-00355-3 KNT

8
    <u>PROSECUTING ATTORNEY CASE SUMMARY AND REQUEST FOR BAIL AND/OR</u>
9                     <u>CONDITIONS OF RELEASE</u>

10
         The State incorporates the Certification for Determination
11  of Probable Cause prepared by Detective Nathan Clammer of the
    Tacoma Police Department for defendant Damon Stevens.
12

13

14                         <u>REQUEST FOR BAIL</u>

15       The State requests bail of $20,000. Bail was set at $10,000
    at first appearance. The defendant has prior convictions for
16  VUCSA (9-26-98, 7-8-97 and 7-2-97), Unlawful Possession of a
    Firearm (8-29-96), Taking a Motor Vehicle (10-27-92), Theft 2nd
17  Degree (8-24-92), and numerous misdemeanor convictions including
    Criminal Trespass and Possession of Marijuana. He also has 26
18  warrants since 1994.

19

20

21                         Charles K. Sergis, WSBA #29364

22

23

24

25

26

27
    Prosecuting Attorney Case              **Norm Maleng**
    Summary and Request for Bail           Prosecuting Attorney
    and/or Conditions of Release - 1       W 554 King County Courthouse
                                           Seattle, Washington 98104-2312
                                           (206) 296-9000

## PLEA AGREEMENT

Date of Crime: _1-30-03_                                   Date: _4/21/03_

Defendant: _Douglas Stevens_        Cause No: _D3-1-00355-3_        SEA(KNT)

The State of Washington and the defendant enter into this PLEA AGREEMENT which is accepted only by a guilty plea. This agreement may be withdrawn at any time prior to entry of the guilty plea. The PLEA AGREEMENT is as follows:

On Plea To: As charged in Count(s) _____ I _____ of the ☑ original ☐ ___ amended information.

☐ **With Special Finding(s):** ☐ deadly weapon - firearm, RCW 9.94A.310(3); ☐ deadly weapon other than firearm, RCW 9.94A.310(4); ☐ sexual motivation, RCW 9.94A.127; ☐ protected zone, RCW 69.50.435; ☐ domestic violence, ☐ other _____; for count(s): _____

1. ☐ **DISMISS:** Upon disposition of Count(s) _____
the State moves to dismiss Count(s): _____.

2. ☑ **REAL FACTS OF HIGHER/MORE SERIOUS AND/OR ADDITIONAL CRIMES:** In accordance with RCW 9.94A.370, the parties have stipulated that the court, in sentencing, may consider as real and material facts information as follows:
☑ as set forth in the certification(s) of probable cause and prosecutor's summary.
☐ as set forth in _____.

3. ☐ **RESTITUTION:** Pursuant to RCW 9.94A.142, the defendant agrees to pay restitution as follows:
☐ in full to the victim(s) on charged counts.
☐ as set forth in _____

4. ☐ **OTHER:** _____

**SENTENCE RECOMMENDATION:**

a. ☑ The defendant **agrees** to the foregoing Plea Agreement and that the attached sentencing guidelines scoring form(s) (Appendix A) and the attached Prosecutor's Understanding of Defendant's Criminal History (Appendix B) are accurate and complete and that the defendant was represented by counsel or waived counsel at the time of prior conviction(s). The State makes the sentencing recommendation set forth in the State's sentence recommendation.

b. ☐ The defendant disputes the Prosecutor's Statement of the Defendant's Criminal History, and the State makes no agreement with regard to a sentencing recommendation and may make a sentencing recommendation for the full penalty allowed by law.

Maximum on Count _____ I _____ is not more than _____ 20 _____ years and/or $ _____ fine.

Maximum on Count _____ is not more than _____ years and/or $ _____ fine.

☐ Mandatory Minimum Term(s) pursuant to RCW 9.94A.120(4) only: _____

☐ Mandatory weapon sentence enhancement for Count(s) _____ is _____ months each. This/these additional term(s) must be served consecutively to any other term and without any earned early release.

☐ Mandatory driver's license revocation RCW 46.20.285; 69.50.420

Mandatory revocation of right to possess a firearm and/or ammunition for any felony conviction. RCW 9.41.047.

The State's recommendation will increase in severity if additional criminal convictions are found or if the defendant commits any new charged or uncharged crimes, fails to appear for sentencing or violates the conditions of his release.

_____          _____
Defendant                                 Deputy Prosecuting Attorney

_____          _____
Attorney for Defendant   8|2 3            Judge, King County Superior Court

KING COUNTY PROSECUTING ATTORNEY
Revised 7/2000