# GENERAL SCORING FORM

## Drug Offenses

Use this form only for the following offenses: Controlled Substance Homicide: Create, Deliver, or Possess a Counterfeit Controlled Substance – Methamphetamine; Create, Deliver, or Possess a Counterfeit Controlled Substance - Schedule I or II Narcotic; Create, Deliver, or Possess a Counterfeit Controlled Substance - Schedule III-V Narcotic or Schedule I-V Nonnarcotic; Deliver or Possess with Intent to Deliver Methamphetamine; Delivery of a Material in Lieu of a Controlled Substance; Involving a Minor in Drug Dealing; Manufacture, Deliver, or Possess with Intent to Deliver Amphetamine; Manufacture, Deliver, or Possess with Intent to Deliver Heroin or Cocaine; Manufacture, Deliver, or Possess with Intent to Deliver Marijuana; Manufacture, Deliver, or Possess with Intent to Deliver a Narcotic from Schedule I-II (except Heroin or Cocaine), or Flunitrazepam from Schedule IV; Manufacture, Deliver, or Possess with Intent to Deliver a Narcotic from Schedule III-V or Nonnarcotic from Schedule I-V (except Marijuana, Amphetamine, Methamphetamine, or Flunitrazepam); Maintaining a Dwelling for Controlled Substances; Manufacture of Methamphetamine; Over 18 and Deliver Heroin, Methamphetamine, a Narcotics from Schedule I or II, or Flunitrazepam from Schedule IV  to Someone Under 18; Over 18 and Deliver Narcotics from Schedule III-V or a Nonnarcotic, except Flunitrazepam or Methamphetamine, from Schedule I-V to Someone Under 18 and 3 Years Junior; Possession of Ephedrine, Pseudoephedrine or Anhydrous Ammonia with Intent to Manufacture Methamphetamine; Selling for Profit (Controlled or Counterfeit) any Controlled Substance.

| OFFENDER'S NAME | OFFENDER'S DOB | STATE ID# |
|---|---|---|
| Stevens Daman | 2/5/76 | |
| JUDGE | CAUSE# D37-00355-3 | FBI ID# |

In the case of multiple prior convictions for offenses committed before July 1, 1986, please reference RCW 9.94A.525(12)(ii) for purposes of computing the offender score.

ADULT HISTORY:

Enter number of felony drug convictions* (as defined by RCW 9.94A.030(16)) ................................... ___ x 3 = ___

Enter number of other felony convictions ......................................................... _3_ x 1 = _3_

JUVENILE HISTORY:

Enter number of felony drug dispositions* (as defined by RCW 9.94A.030(16)) ................................... ___ x 2 = ___

Enter number of other serious violent and violent felony dispositions .................................... ___ x 1 = ___

Enter number of other felony dispositions ......................................................... _2_ x ½ = _1_

OTHER CURRENT OFFENSES:  (Those offenses not encompassing the same criminal conduct)

Enter number of other felony drug convictions* (as defined by RCW 9.94A.030(16)) ............................ ___ x 3 = ___

Enter number of other felony convictions ......................................................... ___ x 1 = ___

STATUS AT TIME OF CURRENT OFFENSES:

If on community placement at time of current offense, add 1 point .................................... + 1 ___ =

Total the last column to get the Offender Score
(Round down to the nearest whole number) ...........................................................  _4_

| CURRENT OFFENSE BEING SCORED | SERIOUSNESS LEVEL | OFFENDER SCORE | STANDARD RANGE CALCULATION | | LOW | | HIGH |
|---|---|---|---|---|---|---|---|
| VUCSA pw/ cocaine | VII | 4 | | | 38 | TO | 48 |

STANDARD SENTENCE RANGE

- If the court orders a deadly weapon enhancement, use the applicable enhancement sheets on pages III-13 or III-14 to calculate the enhanced sentence.

- Add additional time to the standard range for some drug offenses committed in a correctional facility or in a protected zone.  See the individual offense reference sheets for specifics.

- If Drug Offender Sentencing Alternative (DOSA) eligible:  see DOSA form for alternative sentence on page III-15.

* The Washington State Court of Appeals ruled that solicitations to commit violations of 69.50 are not considered drug offenses as defined in 9.94A.030, they do score as a drug offense. See State v. Howell, 102 Wn. App. 288, 6 P.3d 1201 (2000).

** The Supreme Court clarified that solicitations to commit violations of the Uniform Controlled Substances Act (RCW 69.50) are not "drug offenses" and are not subject to the community custody requirement for drug offenses, under RCW 9.94A.715.  See In re Hopkins, 137 Wn.2d 897 (1999).

# APPENDIX B TO PLEA AGREEMENT
## PROSECUTOR'S UNDERSTANDING OF DEFENDANT'S CRIMINAL HISTORY
## (SENTENCING REFORM ACT)

Defendant: **DAMON STEVENS**    FBI No.: **394298WA1**    State ID No.: **WA16464522**

DOC No.: **769355**

This criminal history compiled on: **February 19, 2003**

☐ None known. Recommendations and standard range assumes no prior felony convictions.
☐ Criminal history not known and not received at this time.

## Adult Felonies

| Offense | | Score | Disposition |
|---|---|---|---|
| 98-1-07983-1 cont subst viol - section (d) | 09/26/1998 | | WA King Superior Court - Guilty 01/29/1999 10m jail, conc w/98-1-05885-1 knt. 12-08-00 serve 6d jail. |
| 97-1-03372-8 cont subst viol a: mfg/delvr/ | 07/08/1997 | | WA King Superior Court - Guilty 09/19/1997 26m doc. |
| 98-1-05885-1 cont subst viol a: mfg/delvr/ | 07/02/1997 | | WA King Superior Court - Guilty 01/29/1999 sntcd 12m jail suspd, serve 10mjail, 12m comm supv. |

## Adult Misdemeanors

| Offense | | Score | Disposition |
|---|---|---|---|
| 97-1-02931-3 att poss shotgun | 08/29/1996 | | WA King Superior Court - Guilty 08/08/1997 12m deferred sntcd, serve 60d kc jail. |
| CA0020431 FP dwls 2nd degree | 03/30/2001 | | WA Federal Way Municipal Court - Guilty |
| 396388 SP susp.ol.2nd | 01/20/2001 | | WA Seattle Municipal Court - Guilty |
| Y00370002 WS dwls 2nd degree | 04/07/2000 | | WA Pierce County District Court #1 - Guilty |
| CR0052767 TA dwls 3rd degree | 01/12/2000 | | WA Tacoma Municipal Court - Guilty |
| C00333969 WS fld to obey police officer | 11/14/1999 | | WA Southwest Div King Co Dist Ct - Guilty |
| C00333969 WS dwls 2nd degree | 11/14/1999 | | WA Southwest Div King Co Dist Ct - Guilty |
| C00333968 WS reckless driving | 11/14/1999 | | WA Southwest Div King Co Dist Ct - Guilty |
| C00008377 DM dwls 3rd degree | 09/03/1999 | | WA Des Moines Municipal Court - Guilty |
| CA12275FW FP dwls 3rd degree | 06/21/1999 | | WA Federal Way Div King Co District Ct - Guilty |
| CA08267FW FP dwls 3rd degree | 08/11/1998 | | WA Federal Way Div King Co District Ct - Guilty |
| K00018504 KN dwls 3rd degree | 08/04/1998 | | WA Kent Municipal Court - Guilty |
| CA03257FW FP dwls 3rd degree | 05/23/1997 | | WA Federal Way Div King Co District Ct - Guilty |

# APPENDIX B TO PLEA AGREEMENT
## PROSECUTOR'S UNDERSTANDING OF DEFENDANT'S CRIMINAL HISTORY
### (SENTENCING REFORM ACT)

Defendant: **DAMON STEVENS**

FBI No.: **394298WA1**

State ID No.: **WA16464522**

DOC No.: **769355**

## Adult Misdemeanors

| Offense | | Score | Disposition |
|---|---|---|---|
| CA00104FW FP dwls 3rd degree | 10/07/1996 | | WA Federal Way Div King Co District Ct - Guilty |
| CP14675FW FP dwls 3rd degree | 06/07/1996 | | WA Federal Way Div King Co District Ct - Guilty |
| CP40879FW FP dwls 3rd degree | 04/03/1996 | | WA Federal Way Div King Co District Ct - Guilty |
| CP32889FW FP dwls 3rd degree | 11/03/1995 | | WA Federal Way Div King Co District Ct - Guilty |
| 1056917 TA dwls 3rd degree | 09/23/1994 | | WA Tacoma Municipal Court - Guilty |
| N00040341 FP dwls 3rd degree | 08/19/1994 | | WA Federal Way Div King Co District Ct - Guilty |
| N00054808 FP possession dangerous weapons | 08/07/1994 | | WA Federal Way Div King Co District Ct - Guilty |
| N00054808 FP possession of marijuana | 08/07/1994 | | WA Federal Way Div King Co District Ct - Guilty |
| N00054807 FP dwls 3rd degree | 08/07/1994 | | WA Federal Way Div King Co District Ct - Guilty |
| K00056923 FP dwls 2nd degree | 12/07/1993 | | WA Federal Way Div King Co District Ct - Guilty |
| L00012049 FP no valid drivers license | 08/08/1992 | | WA Federal Way Div King Co District Ct - Guilty |
| K00069718 FP no valid drivers license | 02/15/1992 | | WA Federal Way Div King Co District Ct - Guilty |

## Juvenile Felonies

| Offense | | Score | Disposition |
|---|---|---|---|
| 92-8-06874-7 taking vehicle w/o permission | 10/27/1992 | | WA King Superior Court - Guilty 05/13/1993 consecutive to #92-8-05497-5. 9m comm supv, 32hrs comm svc, 5d detention w/ credit for 1d. counseling, erg school attend, abide by curfew. pay rest. vap waived. trust acct fee waived. |
| 94-8-00776-1 theft 2nd degree (not firearm | 08/24/1992 | | WA King Superior Court - Guilty 03/29/1994 5d detention. vap waived. |

## Juvenile Misdemeanors

| Offense | | Score | Disposition |
|---|---|---|---|
| 92-8-05497-5 criminal trespass 2nd degree | 08/31/1992 | | WA King Superior Court - Guilty 05/12/1993 3m comm supv, 8hrs comm svc. counseling, reg school attend, abide by curfew. vap waived. |

## Comments

Page 2

## APPENDIX B TO PLEA AGREEMENT
## PROSECUTOR'S UNDERSTANDING OF DEFENDANT'S CRIMINAL HISTORY
### (SENTENCING REFORM ACT)

Defendant: **DAMON STEVENS**        FBI No.: **394298WA1**    State ID No.: **WA16464522**
                                                           DOC No.: **769355**

Prepared by: _____

                                              Sidnie Sebastian
                                              King County Office of the Prosecuting Attorney

## APPENDIX B TO PLEA AGREEMENT
### PROSECUTOR'S UNDERSTANDING OF DEFENDANT'S CRIMINAL HISTORY
### (SENTENCING REFORM ACT)

Defendant: **DAMON STEVENS**       FBI No.: **394298WA1**    State ID No.: **WA16464522**
DOC No.: **769355**

### Adult Misdemeanors

| Offense | | Score | Disposition |
|---|---|---|---|
| CA00104FW FP dwls 3rd degree | 10/07/1996 | | WA Federal Way Div King Co District Ct - Guilty |
| CP14675FW FP dwls 3rd degree | 06/07/1996 | | WA Federal Way Div King Co District Ct - Guilty |
| CP40879FW FP dwls 3rd degree | 04/03/1996 | | WA Federal Way Div King Co District Ct - Guilty |
| CP32889FW FP dwls 3rd degree | 11/03/1995 | | WA Federal Way Div King Co District Ct - Guilty |
| 1056917 TA dwls 3rd degree | 09/23/1994 | | WA Tacoma Municipal Court - Guilty |
| N00040341 FP dwls 3rd degree | 08/19/1994 | | WA Federal Way Div King Co District Ct - Guilty |
| N00054808 FP possession dangerous weapons | 08/07/1994 | | WA Federal Way Div King Co District Ct - Guilty |
| N00054808 FP possession of marijuana | 08/07/1994 | | WA Federal Way Div King Co District Ct - Guilty |
| N00054807 FP dwls 3rd degree | 08/07/1994 | | WA Federal Way Div King Co District Ct - Guilty |
| K00056923 FP dwls 2nd degree | 12/07/1993 | | WA Federal Way Div King Co District Ct - Guilty |
| L00012049 FP no valid drivers license | 08/08/1992 | | WA Federal Way Div King Co District Ct - Guilty |
| K00069718 FP no valid drivers license | 02/15/1992 | | WA Federal Way Div King Co District Ct - Guilty |

### Juvenile Felonies

| Offense | | Score | Disposition |
|---|---|---|---|
| 92-8-06874-7 taking vehicle w/o permission | 10/27/1992 | | WA King Superior Court - Guilty 05/13/1993 consecutive to #92-8-05497-5. 9m comm supv, 32hrs comm svc, 5d detention w/ credit for 1d. counseling, erg school attend, abide by curfew. pay rest. vap waived. trust acct fee waived. |
| 94-8-00776-1 theft 2nd degree (not firearm | 08/24/1992 | | WA King Superior Court - Guilty 03/29/1994 5d detention. vap waived. |

### Juvenile Misdemeanors

| Offense | | Score | Disposition |
|---|---|---|---|
| 92-8-05497-5 criminal trespass 2nd degree | 08/31/1992 | | WA King Superior Court - Guilty 05/12/1993 3m comm supv, 8hrs comm svc. counseling, reg school attend, abide by curfew. vap waived. |

### Comments

Page 2

# APPENDIX B TO PLEA AGREEMENT
## PROSECUTOR'S UNDERSTANDING OF DEFENDANT'S CRIMINAL HISTORY
### (SENTENCING REFORM ACT)

Defendant: **DAMON STEVENS**          FBI No.: **394298WA1**    State ID No.: **WA16464522**

DOC No.: **769355**

Page 3                          **Prepared by:**

_____

Sidnie Sebastian
King County Office of the Prosecuting Attorney

**STATE'S SENTENCE RECOMMENDATION**
(USE FOR DRUG OFFENDER SENTENCE ALTERNATIVE, CRIMES AFTER 7-24-99 ONLY)

Date: 8-7-03

Defendant: Damon Stevens                Cause No. 03-1-00355-3                SEA/KNT

The State believes that the defendant is legally eligible for the Drug Offender Sentence Alternative (D.O.S.A.) set forth in RCW 9.94A.660 (the defendant has no current or prior conviction for any violent or sex offense, the current offense includes no weapon enhancement, the defendant is not subject to a final deportation order, and this offense if a drug offense involves a small quantity of drugs). This recommendation assumes that the defendant has fully disclosed his criminal history and that his history does not include any prior violent or sex offense as defined in RCW 9.94A, that the defendant acknowledges a substance abuse problem that has contributed to his/her offense(s) and a need for treatment, and that the defendant is not subject to a deportation order.

Based on the foregoing the State recommends that the defendant be sentenced to the Department of Corrections as follows:

21 months/days on Count IF              _____ months/days on Count _____

_____ months/days on Count _____    _____ months/days on Count _____

with credit for time served as provided under RCW 9.94A.505. Terms to be served concurrently/consecutively with each other. Terms to be served concurrently/consecutively with: _____
_____ Terms to be consecutive to any other term(s) not specifically referred to in this form.

The above recommended term(s) of confinement represent **one half of the midpoint** of the standard range for the counts indicated. In addition, the Court must order **the balance** of the midpoint of the standard range for each count as a term of **COMMUNITY CUSTODY**, which in this case is _____ 21 _____ months. The defendant will be required to undergo comprehensive substance abuse assessment and treatment services while incarcerated and while serving community custody.

While in **COMMUNITY CUSTODY** the defendant will be required to comply with all statutory mandatory terms of community custody as well as any other court imposed requirements.

**NON-COMPLIANCE** with the requirements of the D.O.S.A. sentence either while in prison or while in community custody will result in imposition of sanctions administratively by the Department of Corrections and may include return to prison to complete the entire determinate sentence.

For crimes after 7-1-2000, an additional term of community custody will be imposed upon failure to complete or upon administrative termination from the D.O.S.A. program as follows: for any "crime against a person" a range of 9-18 months; for any violation of RCW 69.50/52 a range of 9-12 months; or the entire period of earned early release, whichever is longer. A deportation order will result in D.O.S.A. termination.

☐ **NO CONTACT:** For the maximum term, defendant shall have no contact, direct or indirect, in person, in writing, by telephone, or through third parties, with: _____

**MONETARY PAYMENTS:** Defendant shall make the following monetary payments under the supervision of the Department of Corrections for up to 10 years pursuant to RCW 9.94A.753 and RCW 9.94A.760.
   ☐ Restitution as set forth in the "Plea Agreement" page and ☐ Appendix C.
   X Court costs; mandatory $500 Victim Penalty Assessment; recoupment of cost for appointed counsel; $100 DNA collection fee.
   ☒ King County Local Drug Fund $_____; ☒ $100 lab fee (RCW 43.43.690).
   ☐ Fine of $_____; ☒ $1,000 fine for VUCSA; ☒ $2,000 fine for subsequent VUCSA.
   ☒ Costs of incarceration in K.C. Jail at $50 per day (RCW 9.94A.760(2)).
   ☐ Emergency response $_____ (RCW 38.52.430); ☐ Extradition costs of $_____; ☐ Other_____.

**MANDATORY CONSEQUENCES:** HIV blood testing (RCW 70.24.340) for any prostitution related offense, or drug offense associated with needle use. DNA testing (RCW 43.43.754). **Revocation of right to possess a FIREARM** (RCW 9.41.040). **DRIVER'S LICENSE REVOCATION** (RCW 46.20.285; RCW 69.50.420). **REGISTRATION:** Persons convicted of some kidnap/unlawful imprisonment offenses are required to register pursuant to RCW 9A.44.130.

_____
Deputy Prosecuting Attorney, WSBA No. 20385

King County Prosecuting Atty
Revised 3/2003

CERTIFIED COPY

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

_ Accelerated
_ Non Accelerated
_ DPA _ Defense

STATE OF WASHINGTON )
                    ) No. 98-1-05885-1 KNT
        Plaintiff,   )
    v.               ) STATEMENT OF DEFENDANT
                    ) ON PLEA OF GUILTY
DAMON STEVENS    ,   ) (Felony)   Afford Plea
                    )
        Defendant.   )
_____ )

1. My true name is Damon Stevens .

2. My age is 22 years . Date of birth 2/5/76 .

3. I went through the 12th grade.

4.   I HAVE BEEN INFORMED AND FULLY UNDERSTAND THAT:

(a) I have the right to representation by a lawyer and that if I cannot afford to pay for a lawyer, one will be

provided at no expense to me. My lawyer's name is Mark W. Prothero .

(b) I am charged with the crime(s) of VUCSA (poss. of cocaine) .

The elements of this crime(s) are see attached Information

5.   I HAVE BEEN INFORMED AND FULLY UNDERSTAND THAT I HAVE THE FOLLOWING
     IMPORTANT RIGHTS, AND I GIVE THEM ALL UP BY PLEADING GUILTY:

(a) The right to a speedy and public trial by an impartial jury in the county where the crime is alleged

to have been committed;

STATEMENT OF DEFENDANT ON
PLEA OF GUILTY 1 OF 9                          SC FORM REV 10/97

(b)  The right to remain silent before and during trial, and the right to refuse to testify against myself;

(c)  The right at trial to he.. and question the witnesses who testify agai..st me;

(d)  The right at trial to have witnesses testify for me. These witnesses can be made to appear at no expense to me;

(e)  I am presumed innocent until the charge is proven beyond a reasonable doubt or I enter a plea of guilty;

(f)  The right to appeal a determination of guilt after a trial.

6.    IN CONSIDERING THE CONSEQUENCES OF MY GUILTY PLEA(S), I UNDERSTAND THAT:

(a)  The crime(s) with which I am charged carries a maximum sentence(s) of _____ years imprisonment and a $_(0) 900_____ fine. _____

_____.

RCW 9.94A.030(23),(27), provide that for a third conviction for a "most serious offense" as defined in that statute or for a second conviction for a "most serious offense" which is also a "sex offense" as defined in that statute I may be found a **Persistent Offender**. If I am found to be a Persistent Offender, the Court must impose the mandatory sentence of life imprisonment without the possibility of early release of any kind, such as parole or community custody. RCW 9.94A.120(4). The law does not allow any reduction of this sentence.

(b)  The standard sentence range is from _____ 4 _____ (days) months to _____ 8 / 2 _____ (days) months confinement, based on the prosecuting attorney's understanding of my criminal history. The standard sentence range is based on the crime charged and my criminal history. Criminal history includes prior convictions, whether in this state, in federal court, or elsewhere. If my current offense was prior to 7/1/97: criminal history always includes juvenile convictions for sex offenses and also for Class A felonies that were committed when I was 15 years of age or older; may include convictions in Juvenile Court for felonies or serious traffic offenses that were committed when I was 15 years of age or older; and juvenile convictions, except those for sex offenses and Class A felonies, count only if I was less than 23 years old when I committed the crime to which I am now pleading guilty. If my current

STATEMENT OF DEFENDANT ON
PLEA OF GUILTY 2 OF 9                           SC FORM REV 10/97

offense was after 6/30/97: criminal    tory includes all prior adult and juvenile , .ivictions or adjudications.

(c) The prosecuting attorney's statement of my criminal history is attached to this agreement. Unless I have attached a different statement, I agree that the prosecuting attorney's statement is correct and complete. If I have attached my own statement, I assert that it is correct and complete. If I am convicted of any additional crimes between now and the time I am sentenced, I am obligated to tell the sentencing judge about those convictions.

(d) If I am convicted of any new crimes before sentencing, or if I was on community placement at the time of the offense to which I am now pleading guilty, or if any additional criminal history is discovered, both the standard sentence range and the prosecuting attorney's recommendation may increase. Even so, my plea of guilty to this charge is binding on me. I cannot change my mind if additional criminal history is discovered even though the standard sentencing range and the prosecuting attorney's recommendation increase.

**If the current offense to which I am pleading guilty is a most serious offense** as defined by RCW 9.94A.030,(23),(27), and additional criminal history is discovered, not only do the conditions of the prior paragraph apply, but also if my discovered criminal history contains additional prior convictions, whether in this state, in federal court, or elsewhere, of most serious offense crimes, I may be found to be a **Persistent Offender.** If I am found to be a Persistent Offender, the Court must impose the mandatory sentence of life imprisonment without the possibility of. early release of any kind, such as parole or community custody.RCW 9.94A.120(4).

Even so, my plea of guilty to this charge is binding on me. I cannot change my plea if additional criminal history is discovered, even though it will result in the mandatory sentence that the law does not allow to be reduced.

(e) In addition to sentencing me to confinement for the standard range, the judge will order me to pay $500.00, or $100.00 if my crime date is prior to 6/7/96, as a victim's compensation fund assessment. If this crime resulted in injury to any person or damages to or loss of property, the judge will order me to make restitution, unless extraordinary circumstances exist which make restitution inappropriate. The judge may also order that I pay a fine, court costs, incarceration, lab and attorney fees. Furthermore, the judge may place me on community supervision,

STATEMENT OF DEFENDANT ON
PLEA OF GUILTY 3 OF 9                    SC FORM REV 10/97

impose restrictions on my activiti⌐  ⌐nd order me to perform community serv.

(f)  The prosecuting attorney will make the following recommendation to the judge: _____

*6 months ; 12 months community supervision*
*concurrent w/ 98-C-07983-1 KNT*
*costs; Reco-pmnt ; $500 VPA ; $150 lab fee ; $150 KC*
*DNS fund*
*See attached recommendation*

(g)  The judge does not have to follow anyone's recommendation as to sentence.  The judge must impose a sentence within the standard range unless the judge finds substantial and compelling reasons not to do so.  If the judge goes outside the standard range, either I or the State can appeal that sentence.  If the sentence is within the standard range, no one can appeal the sentence.

(h)  The crime of _____ has a mandatory minimum sentence of at least _____ years of total confinement.  The law does not allow any reduction of this sentence. [If not applicable, this paragraph should be stricken and initialed by the defendant and the judge *D.S* .]

The crime of _____ is a most serious offense as defined by RCW 9.94A.030(23), and if the judge determines that I have at least two prior convictions on separate occasions whether in this state, in federal court, or elsewhere, of most serious crimes, I may be found to be a Persistent Offender. If I am found to be a Persistent Offender, the Court must impose the mandatory sentence of life imprisonment without the possibility of early release of any kind, such as parole or community custody. RCW 9.94A.120(4). [If not applicable, this paragraph should be stricken and initialed by the defendant and the judge *D.S* .]

The crime of _____ is also a "most serious offense" and a "sex offense" as defined in RCW 9.94A.030(23) and (27), and if the judge determines that I have one prior conviction whether in this state, in federal court or elsewhere of a most serious sex offense as defined in that statute, I may also be found to be a persistent offender in which case the judge must impose a mandatory sentence of life without the

STATEMENT OF DEFENDANT ON
PLEA OF GUILTY 4 OF 9                          SC FORM REV 10/97

possibility of parole. RCW 9.94. ~0(4). [If not applicable, this paragraph s. ld be stricken and initialed by the defendant and the judge _____ .]

(i) The crime charged in Count _____ includes a firearm/deadly weapon sentence enhancement of _____ months.

This additional confinement time is mandatory and must be served consecutively to any other sentence I have already received or will receive in this or any other cause. [If not applicable, this paragraph should be stricken and initialed by the defendant and the judge _____ .]

(j) The sentences imposed on counts _____, except for any weapons enhancement, will run concurrently unless the judge finds substantial and compelling reason to do otherwise or unless there is a special weapons finding. [If not applicable, this paragraph should be stricken and initialed by the defendant and the judge _____ .]

(k) In addition to confinement, the judge will sentence me to community placement for at least one year. During the period of community placement, I will be under the supervision of the Department of Corrections, and I will have restrictions placed on my activities. [If not applicable, this paragraph should be stricken and initialed by the defendant and the judge _____ .]

(l) If this offense is a sex offense committed after 6/5/96 and I am either sentenced to the custody of the Department of Corrections or if I am sentenced under the special sexual offender sentence alternative, the court will, in addition to the confinement, impose not less than 3 years of community custody which will commence upon my release from jail or prison. Failure to comply with community custody may result in my return to confinement. In addition the court may extend the period of community custody in the interest of public safety for a period up to the maximum term which is _____.

[If not applicable this paragraph should be stricken and initialed by the defendant and judge _____ .]

(m) The judge may sentence me as a first-time offender instead of giving a sentence within the standard range

if I qualify under RCW 9.94A.030(20). This sentence could include as much as 90 days' confinement plus all of the conditions described in paragraph (e). Additionally, the judge could require me to undergo treatment, to devote time to a specific occupation, and to pursue a prescribed course of study or occupational training. [If not applicable, this paragraph should be stricken and initialed by the defendant and the judge _____.]

(n)  This plea of guilty will result in revocation of my privilege to drive. If I have a driver's license, I must now surrender it to the judge. [If not applicable, this paragraph should be stricken and initialed by the defendant and the judge _____.]

(o)  If this crime involves a sexual offense, prostitution, or a drug offense associated with hypodermic needles, I will be required to undergo testing for the human immunodeficiency (AIDS) virus. [If not applicable, this paragraph should be stricken and initialed by the defendant and the judge _____.]

(p)  If I am not a citizen of the United States, a plea of guilty to an offense punishable as a crime under state law is grounds for deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.

(q)  If this crime involves a sex offense or a violent offense, I will be required to provide a sample of my blood for purposes of DNA identification analysis. [If not applicable, this paragraph should be stricken and initialed by the. defendant and the judge _____.]

(r)  Because this crime involves a sex offense, I will be required to register with the sheriff of the county of the state of Washington where I reside. I must register immediately upon being sentenced unless I am in custody, in which case I must register within 24 hours of my release.

If I leave this state following my sentencing or release from custody but later move back to Washington, I must register within 30 days after moving to this state or within 24 hours after doing so if I am under the jurisdiction of this state's Department of Corrections.

If I change my residence within a county, I must send written notice of my change of residence to the sheriff

STATEMENT OF DEFENDANT ON
PLEA OF GUILTY 6 OF 9                                    SC FORM REV 10/97

at least 14 days before moving an ~~~must register again with the sheriff within ~~ hours of moving. If I change my residence to a new county within this state, I must send written notice of my change of residence to the sheriff of my new county at least 14 days before moving and I must give written notice of my change of address to the sheriff of the county where I last registered within 10 days of moving. If I move out of Washington state, I must also send written notice within 10 days of moving to the county sheriff with whom I last registered in Washington state.

[If not applicable, these three paragraphs should be stricken and initialed by the defendant and the judge *PS*.

_____.]

(s)  This plea of guilty will result in the revocation of my right to possess any **firearm**. Possession of any firearm after this plea is prohibited by law until my right to possess a firearm is restored by a court of record.

7.  I plead guilty to the crime(s) of ___VUCSA (possession of cocaine)___

_____

_____

as charged in the ___original___ Information. I have received a copy of that information.

8.  I make this plea freely and voluntarily.

9.  No one has threatened harm of any kind to me or to any other person to cause me to make this pleas.

10.  No person has made promises of any kind to cause me to enter this plea except as set forth in this statement.

11.  The judge has asked me to state briefly in my own words what I did that makes me guilty of this (these) crime(s). This is my statement:

_I have reviewed the police reports with my attorney. I believe there is a substantial likelihood of being found guilty if this case went to trial. Therefore, although I am not guilty, I am pleading guilty to take advantage of the state's plea ~~deal~~ agreement. I agree to allow the Court to review the_

STATEMENT OF DEFENDANT ON
PLEA OF GUILTY 7 OF 9                        SC FORM REV 10/97

Certification or Determination of Probable Cause to
determine a factual basis for my plea and
for sentencing purposes.

12. My lawyer has explained to me, and we have fully discussed, all of the above paragraphs. I understand them all. I have been given a copy of this "Statement of Defendant on Plea of Guilty." I have no further questions to ask the judge.

X _Damon Stevens_
**DEFENDANT**

I have read and discussed this statement with the defendant and believe that the defendant is competent and fully understands the statement.

_Mahoney_
PROSECUTING ATTORNEY

_Neil W. Ruth_
DEFENDANT'S LAWYER

The foregoing statement was signed by the defendant in open court in the presence of the defendant's lawyer and the undersigned judge. The defendant asserted that [check appropriate box]:

[X] (a) The defendant had previously read; or

[ ] (b) The defendant's lawyer had previously read to him or her; or

[ ] (c) An interpreter had previously read to the defendant the entire statement above and that the defendant understood it in full.

STATEMENT OF DEFENDANT ON
PLEA OF GUILTY 8 OF 9                    SC FORM REV 10/97

I find the defendant's plea of guilty to be knowingly, intelligently and voluntarily made. Defendant understands the charges and the consequences of the plea. There is a factual basis for the plea. The defendant is guilty as charged.

DATED this ____4th____ day of ____December____, 19 98

_____
JUDGE

I am fluent in the _____ language and I have translated this entire document for the

defendant from English into that language. The defendant has acknowledged his or her understanding of both the

translation and the subject matter of this document. I certify under penalty of perjury under the laws of the State

of Washington that the foregoing is true and correct.

DATED this _____ day of _____, 19___.


_____        _____
TRANSLATOR                              INTERPRETER


STATEMENT OF DEFENDANT ON
PLEA OF GUILTY 9 OF 9                          SC FORM REV 10/97

1

2

3                    SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

4    THE STATE OF WASHINGTON,      )
                                   )
5                    Plaintiff,    )  No.  98-1-05885-1 KNT
                                   )
6         v.                       )
     DAMON D. STEVENS              )  INFORMATION
7                                  )
                                   )
8                                  )
                                   )
9                    Defendant.    )
     _____)

10

11        I, Norm Maleng, Prosecuting Attorney for King County in the
     name and by the authority of the State of Washington, do accuse
12   DAMON D. STEVENS of the crime of **Violation of the Uniform Controlled
     Substances Act**, committed as follows:

13

14        That the defendant DAMON D. STEVENS in King County, Washington
     on or about July 2, 1997, unlawfully and feloniously did possess
     cocaine, a controlled substance and narcotic drug;

15

16        Contrary to RCW 69.50.401(d), and against the peace and dignity
     of the State of Washington.

17

18                                 NORM MALENG
                                   Prosecuting Attorney

19

20                                 By: _____
                                   Scott A. Marlow, WSBA #91002
21                                 Deputy Prosecuting Attorney

22

23

24

25

**Norm Maleng**
Prosecuting Attorney
W 554 King County Courthouse
Seattle, Washington 98104-2312
(206) 296-9000

CAUSE NO. 98-1-05885-1 KNT

CERTIFICATION FOR DETERMINATION OF PROBABLE CAUSE

That Scott A. Marlow is a Deputy Prosecuting Attorney and has reviewed the written, printed and other material submitted by Federal Way Police Department in case number 97-9247.

That the following information upon which this motion for determination of probable cause is made is, unless specifically designated, contained exclusively in the written, printed and other materials described above:

On July 2, 1997 members of the Federal Way Police Department responded to a business located in Federal Way, King County Washington regarding a report of animal cruelty.  The officers arrived to find a small crowd gathered around two pitbulls that were engaged in combat.  The crowd was making no efforts to separate the dogs.  The officers approached the group and all but two of the people dispersed.  These two people then picked up the dogs.  One of these people was the defendant Damon D. Stevens.  The defendant began to walk away with one of the dogs.  The officer ordered the defendant to stop, and the defendant dropped the dog and began to flee.  The officer ordered the defendant to stop, but the defendant continued to run.  The officer chased the defendant who ran through several yards, and eventually caught him.

A search incident to arrest revealed a piece of suspected cocaine in the defendant's pocket.  The suspected cocaine field tested positive for cocaine, a controlled substance and narcotic drug.

Under penalty of perjury under the laws of the State of Washington, I certify that the foregoing is true and correct.  Signed and dated by me this ____ day of July, 1998, at Kent, Washington.

_____
Scott A. Marlow, WSBA #91002

Certification for Determination
of Probable Cause - 1

**Norm Maleng**
Prosecuting Attorney
W 554 King County Courthouse
Seattle, Washington 98104-2312
(206) 296-9000

1                          REQUEST FOR BAIL

2          The State requests bail be set at $5,000.  The defendant has
   prior convictions for Attempted Possession of a Shotgun (1997),
3  VUCSA (1997), Firearm/Dangerous Weapon Violation (1994),
   Possession of Marijuana (1994), Theft 2° (1994), and Taking Motor
4  Vehicle Without Permission (1993).

5

6

7                              Scott A. Marlow, WSBA #91002

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Certification for Determination                    **Norm Maleng**
of Probable Cause - 2                              Prosecuting Attorney
                                                   W 554 King County Courthouse
                                                   Seattle, Washington 98104-2312
                                                   (206) 296-9000

PLEA AGREEMENT

Date: _11/8/98_

Defendant: _Damon St Pens_    Cause No: _98.1 i5885.1_    SEA/KNT

The State of Washington and the defendant enter into this PLEA AGREEMENT which is accepted only by a guilty plea. This agreement may be withdrawn at any time prior to entry of the guilty plea. The PLEA AGREEMENT is as follows:

On Plea To: As charged in count(s) _1._ of the (original) (✓ _____ Amended) Information

_VUCSA Possession_

☐ With Special Finding(s): ☐ deadly weapon - firearm, RCW 9.94A.310(3); ☐ deadly weapon other than firearm, RCW 9.94A.310(4); ☐ sexual motivation, RCW 9.94A.127; ☐ protected zone, RCW 69.50.435 for count(s) _____

1. ☐ DISMISS: Upon disposition of Count(s) _____,
the State moves to dismiss Count(s): _____

2. ☒ REAL FACTS OF HIGHER/MORE SERIOUS AND/OR ADDITIONAL CRIMES: In accordance with RCW 9.94A.370, the parties have stipulated that the court, in sentencing, may consider as real and material facts information as follows:
   ☒ as set forth in the certification(s) of probable cause filed herein.
   ☐ as set forth in the attached Appendix C.

3. ☐ RESTITUTION: Pursuant to RCW 9.94A.142, the defendant agrees to pay restitution as follows:
   ☐ in full to the victim(s) on charged counts.
   ☐ as set forth in the attached Appendix C.

4. ☒ OTHER: _no more charges in Federal Way 97-9247_

SENTENCE RECOMMENDATION:
   a. ☒ The defendant agrees to the foregoing Plea Agreement and that the attached sentencing guidelines scoring form(s) (Appendix A) and the attached Prosecutor's Understanding of Defendant's Criminal History (Appendix B) are accurate and complete and that the defendant was represented by counsel or waived counsel at the time of prior conviction(s). The State makes the sentencing recommendation set forth in the State's sentence recommendation.

   b. ☐ The defendant disputes the Prosecutor's Statement of the Defendant's Criminal History, and the State makes no agreement with regard to a sentencing recommendation and may make a sentencing recommendation for the full penalty allowed by law.

Maximum on Count _1_ is not more than _5_ years and/or $ _10,000_ fine.

Maximum on Count _____ is not more than _____ years and/or $ _____ fine.

☐ Mandatory Minimum Term(s) pursuant to RCW 9.94A.120(4) only: _____

☐ Mandatory weapon sentence enhancement for Count(s) _____ is _____ months each. This/these additional term(s) must be served consecutively to any other term and without any earned early release.

☐ Mandatory drivers license revocation RCW 46.20.285

Mandatory revocation of right to possess a firearm for any felony conviction.

The State's recommendation will increase in severity if additional criminal convictions are found or if the defendant commits any new crimes, fails to appear for sentencing or violates the conditions of his release.

_____
Defendant

_____
Attorney for Defendant

_____
Deputy Prosecuting Attorney    9/10/02

_____
Judge, King County Superior Court

KING COUNTY PROSECUTING ATTORNEY
Revised 10/97

WHITE COPY: COURT
CANARY COPY: DEFENSE
PINK COPY: PROSECUTOR

# APPENDIX B TO PLEA AGREEMENT
## PROSECUTOR'S UNDERSTANDING OF DEFENDANT'S CRIMINAL HISTORY
## (SENTENCING REFORM ACT)

Defendant: Stevens                                         Date: 10/14/98

| CRIME | DATE OF CONVICTION | PLACE OF CONVICTION | DISPOSITION (Probation and/or incarceration and length) SRA — Counts as Prior |
|---|---|---|---|

**ADULT FELONIES:**

Unlawful Poss. Firearm (Sawed off shotgun) KC 97 1-02531 3    1-08 97

3 Vuc (?) KC 97 602372-8    5-12-97    265.00c

**ADULT MISDEMEANORS:**

**JUVENILE FELONIES:**

1/2 Theft 2°    KC 64-8-008776-1    3-30-94    54mp DA

1/2 TMVWop    KC 92-8-06874-7    5-13-93    54mp DA

**JUVENILE MISDEMEANORS:**

CT. 2°    5-21-93    KC

Theft 3°    Rivoto 12-06-88

CT. 2°    "    5-14-91

_____
Deputy Prosecuting Attorney

King County Prosecuting Attorney

## APPENDIX B TO PLEA AGREEMENT
## PROSECUTOR'S UNDERSTANDING OF DEFENDANT'S CRIMINAL HISTORY
### (SENTENCING REFORM ACT)

| This criminal history compiled on: | 21-Aug-98 |
|---|---|

| Date of<br>O = Offense<br>C = Conviction<br>S = Sentence | | Crime | Place of Conviction | Case Number | Disposition | Score<br>or<br>No<br>Score | Point<br>Given |
|---|---|---|---|---|---|---|---|

Defendant: *Stevens, Damon Devone*   Cause Number: *98-1-05885-1KNT*   Current Offense Incident Date: *2-Jul-97*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **ADULT FELONIES:** | | | | | | | |
| 080897 | S | Att.Poss Shotgun | King | 971029313 | GP-12 M Prob 60 D Jail | S | 1 |
| 091297 | S | VUCSA | King | 97C033728 | GP-26 M DOC | S | 1 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **ADULT MISDEMEANORS:** | | | | | | | |
| 080794 | O | Poss Marijuana | King | N00054808 | G | | |
| 080794 | O | Poss Dang Weapons | King | N00054808 | G | | |
| 020592-100796 | O | 10 Driving License Violations | King | | G | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **JUVENILE FELONIES:** | | | | | | | |
| 051393 | S | TMV | King | 928068747 | PG-9 M Supv 5 D Detention | S | .5 |
| 082492 | S | Theft 2 | King | 948007761 | PG-5 D Electronic Monitoring | S | .5 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **JUVENILE MISDEMEANORS:** | | | | | | | |
| 051393 | S | CT 2 | King | 928054975 | PG-3 M Supv | | |

Prepared by: _____

King County Prosecutor's Office

# Nonviolent Offenses

Use this form only for the following offenses:  Abandonment of Dependent Persons 1; Abandonment of Dependent Persons 2; Advancing Money or Property for Extortionate Extension of Credit; Assault 3; Assault o a Child 3; Bail Jumping with Class A Felony; Bail Jumping wit  ass B or C Felony; Bribe Received by Witness; Bribery; Bribing a Witness; Commercial    ry; Computer Trespass 1; Criminal Gang Intimidation; Crimin.    reatment 1; Criminal Mistreatment 2; Custodial Assault; Dealing in Depictions of Minor Engaged in Sexually Explicit Conduct; Delivery of Imitation Controlled Substance by Person 18 or Over to Person Under 18; Extortion 2; Extortionate Extension of Credit; Extortionate Means to Collect Extensions of Credit; False Verification for Welfare; Forged Prescription (Legend Drug); Forged Prescription for a Controlled Substance; Forgery; Harassment; Health Care False Claims; Hit and Run with Vessel - Injury Accident; Inciting Criminal Profiteering; Influencing Outcome of a Sporting Event; Intimidating a Judge; Intimidating a Juror; Intimidating a Public Servant; Intimidating a Witness; Introducing Contraband 1; Introducing Contraband 2; Knowingly Trafficking in Stolen Property; Malicious Explosion 3; Malicious Harassment; Malicious Mischief 1; Malicious Mischief 2; Malicious Placement of Explosives 2 and 3; Malicious Placement of Imitation Device 1 and 2; Manufacture, Distribute, or Possess with Intent to Distribute an Imitation Controlled Substance; Patronizing a Juvenile Prostitute; Perjury 1; Perjury 2; Persistent Prison Misbehavior; Possession of a Stolen Firearm; Possession of a Controlled Substance that is a Narcotic from Schedule I or II; Possession of a Controlled Substance that is a Narcotic from Schedule III-V or a Nonnarcotic from Schedule I-V; Possession of Phencyclidine (PCP); Possession of Stolen Property 1; Possession of Stolen Property 2; Promoting Prostitution 1; Promoting Prostitution 2; Reckless Burning 1; Recklessly Trafficking in Stolen Property; Rendering Criminal Assistance 1; Securities Act Violation; Sending, Bringing into the State Depictions of Minor Engaged in Sexually Explicit Conduct; Sexual Exploitation; Taking Motor Vehicle Without Permission; Tampering with a Witness; Theft 1; Theft 2; Theft of a Firearm; Theft of Livestock 1; Theft of Livestock 2; Theft of Rental, Leased, or Lease-purchase Property, Class B and C; Threats to Bomb; Trafficking in Insurance Claims; Unlawful Imprisonment; Unlawful Issuance of Checks or Drafts; Unlawful Possession of a Firearm 1 and 2; Unlawful Possession of a Firearm 2; Unlawful Practice of Law; Unlawful Use of Food Stamps; Unlicensed Practice of a Profession or Business; Use of Proceeds of Criminal Profiteering; Vehicle Prowl 1.

| OFFENDER'S NAME | OFFENDER'S DOB | STATE ID# |
|---|---|---|
| Stevens, Damon D | | WA164645-22 |
| JUDGE | CAUSE# | FBI ID# |
| | 98-705885-1KNT | |

ADULT HISTORY:  (If the prior offense was committed before 7/1/86, count prior adult offenses served concurrently as one offense; those served consecutively are counted separately.  If both current and prior offenses were committed after 7/1/86, count all convictions separately, except (a) priors found to encompass the same criminal conduct under RCW 9.94A.400(1)(a), and (b) priors sentenced concurrently that the current court determines to count as one offense.)

Enter number of felony convictions ..................................................................    ~~2~~  x  1  =  ~~2~~

JUVENILE HISTORY:

Enter number of serious violent and violent felony adjudications ..........................    ____  x  1  =  ____

Enter number of other nonviolent felony adjudications ........................................    2   x  ½  =  1

OTHER CURRENT OFFENSES:  (Those offenses not encompassing the same criminal conduct)

Enter number of other felony convictions ...............  98-1-07963-1   ____  x  1  =  1

STATUS AT TIME OF CURRENT OFFENSES:

If on community placement at time of current offense, add 1 point    +  1  =  ____

Total the last column to get the **Offender Score**
(Round down to the nearest whole number)    ~~4~~3

---

STANDARD RANGE CALCULATION*

| VUCSA - Poss cocaine | II | 3 | 4M | TO | 12M |
|---|---|---|---|---|---|
| CURRENT OFFENSE BEING SCORED | SERIOUSNESS LEVEL | OFFENDER SCORE | LOW | | HIGH |
| | | | STANDARD SENTENCE RANGE | | |

---

*    Multiply the range by .75 if the current offense is an attempt, conspiracy, or solicitation under RCW 9A.28.  For Possession of a Controlled Substance or Forged Prescription of a Controlled Substance, see RCW 69.50.407.

*    If the court orders a deadly weapon enhancement, use the applicable enhancement sheets on pages III-16 or III-17 to calculate the enhanced sentence.

STATE'S SENTENCE RECOMMENDATION
(USE FOR SENTENCE OF ONE YEAR OR LESS ONLY)    Date: _____ 12/8/98 _____

Defendant: _Damon Stevens_    Cause No: _98 · 1 · 05885 · 1_    SEA/KNT

1. **OFFENDER STATUS:** ☐ FIRST TIME OFFENDER - NO WAIVER    ☐ VIOLENT OFFENSE - RCW 9.94A.030(38)
    ☐ NON-VIOLENT OFFENSE

2. **ALTERNATIVE SENTENCE DECISION - RCW 9.94A.380**
    ☐ ALTERNATIVE SENTENCE - TOTAL CONFINEMENT TO BE CONVERTED:
       This sentence of partial confinement and/or community service is a conversion of _____ months/days
       of total confinement on Count(s) _____
    ☐ REASONS FOR NOT RECOMMENDING ALTERNATIVE SENTENCE: The reasons for not recommending
       an alternative sentence are as follows: ☐ criminal history, ☐ failure to appear history, ☐ violent offense - not eligible
    ☐ Other: _____

### SENTENCE RECOMMENDATIONS

☒ **CONFINEMENT:** Defendant serve _____ **4  6** _____ months/days of total/partial confinement on Count

_____

with credit for time served as provided under RCW 9.94A.120(16), work release is recommended if eligible. Terms to be
served concurrently/consecutively with each other. Terms to be served concurrently/consecutively with: _____

Terms to be consecutive to any other term(s) not specifically referred to in this form.

☐ **COMMUNITY SERVICE:** Defendant perform _____ days of community service (maximum of 30 days conversion
from confinement, violent offenses not eligible, RCW 9.94A.380).

☐ **EXCEPTIONAL SENTENCE:** This is an exceptional sentence, and the substantial and compelling reasons for departing
from the presumptive sentence range are set forth on the attached form.

☒ **COMMUNITY SUPERVISION:** The defendant complete 12 months of community supervision as defined in RCW 9.94A.383,
(RCW 9.94A 030(7) and RCW 9.94A.120(14). The State recommends the following additional "crime related prohibition" as
defined by RCW 9.94A.030(11) as follows: _____

_____

_____

☐ **OFF-LIMITS ORDER RCW 10.66:** The defendant is a "known drug trafficker" and the state recommends defendant shall
neither enter nor remain in the protected against drug trafficking area (described int the attachment) during the term of
community supervision. RCW 10.66.010(3), 10.66.020(5).

☐ **NO CONTACT:** For the maximum term, defendant shall have no contact with _____

**MONETARY PAYMENTS:** Defendant make the following monetary payments under the supervision of the Department
of Corrections for up to 10 years pursuant to RCW 9.94A.120(12) and RCW 9.94A.145.
   ☐ Restitution as set forth in the "Plea Agreement" page and ☐ Appendix C.
   X  Court costs; mandatory $500 Victim Penalty Assessment, recoupment of cost for appointed counsel.
   ☒ King County Local Drug Fund $ ____120.____; ☒ $100 lab fee RCW 43.43.690.
   ☐ Fine of $ _____; ☐ $1000, fine for VUCSA; ☐ $2000, fine for subsequent VUCSA.
   ☐ Costs of incarceration in K.C. Jail at $50 per day. RCW 9.94A.145(2).
   ☐ Emergency response costs, $ _____ RCW 38.52.430
   ☐ Extradition costs of $ _____.
   ☐ Other _____

**BLOOD TESTING:** HIV blood testing is mandatory under RCW 70.24.340 for any sex offense, prostitution related offense, or
drug offense associated with needle use.   DNA testing is mandatory under 43.43.754 for any sex offense or violent offense as
those terms are defined in RCW 9.94A.030.

**REGISTRATION:** ALL Persons convicted of sex offenses are required to register pursuant to RCW 9A.44.130.

_Mahoney_
Deputy Prosecuting Attorney

CERTIFIED COPY

STATE OF WASHINGTON

COMMITMENT ISSUED ___ FEB - 1 1999

# SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

STATE OF WASHINGTON )
                                         )     No. 98-1-05885-1 KNT
                    Plaintiff,           )
                                         )  . . . JUDGMENT AND SENTENCE,
        v.                               )     SUSPENDED/RCW 9.92.060
                                         )     Count(s) I
DAMON STEVENS                            )
                                         )
                    Defendant.           )

The Prosecuting Attorney, the above-named defendant and counsel MARK PROTHERO being present in Court, the defendant having been found guilty of the crime(s) charged in the Amended information on 01-29-99 by guilty plea and the defendant having been asked if there was any legal cause why judgment should not be pronounced and none being shown,

IT IS ADJUDGED that the defendant is guilty of the crime(s) of ATTEMPTED VUCSA- POSSESSION OF COCAINE, 69.50.401 and that the Defendant be sentenced to imprisonment in the King County Jail, Department of Adult Detention, for the maximum term(s) of _____

12 months

said terms to run ( ) concurrently ( ) consecutively with each other.

The sentence(s) is/are hereby SUSPENDED pursuant to the provisions of RCW 9.92.060 upon the following terms and conditions:
1) The Defendant shall serve a term of _____ 10 months . _____ in the King Count Jail, Department of Adult Detention, with credit for _____ 124 _____ days already served solely on this cause, with work release if eligible, to commence no later than _____. This sentence shall run ( X ) concurrent ( ) consecutive with term(s) imposed for count(s) _____ ( X ) Cause # 9 8 - C - 0 7 9 8 3 - 1  KNT
This term shall run consecutive to any other term not specifically referenced in this order.
30 days of confinement  may be served on electronic home detention if eligible.

2)  The Defendant shall be under the charge of a Community Corrections Officer employed by the Washington State Department of Corrections and comply with the standards rules and regulations promulgated by that department. Probation shall commence immediately but is tolled during any period of confinement. The defendant shall report to the department of Corrections intake officer within 72 hours of this date or release date if in custody.

3)  The termination date of probation shall be set at _____ 12 _____ months from date of this order.

(PROB) The Defendant shall comply with any attached additional conditions of probation.

(UST)

DSH:  1-29-99

(JDG)
Presented by:

_____ 9/60 2
Deputy Prosecuting Attorney   Scales

Form Approved for Entry:

_____
Attorney for Defendant  # 12400

_____
Judge, King County Superior Court

Defendant's current address:
34240 38th Pl SW # 5
Federal Way, WA 98023

37