# SUPERIOR COURT OF WASHINGTON FOR K``G COUNTY

STATE OF WASHINGTON, Plaintiff,

v.

DAMON STEVENS, Defendant.

No. 98-1-05885-1 KNT

**JUDGMENT AND SENTENCE,** Page 2 (ADDITIONAL CONDITIONS OF PROBATION)

Additional conditions of Probation are:

5.1 Defendant shall pay to the Clerk of this Court:

(a) $________ Total amount restitution (with credit for amounts paid by co-defendant) to:

| Name | Address | Amount |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Restitution is not ordered.

☐ Schedule of Restitution is attached as Appendix.

☐ Restitution to be determined at a restitution hearing on ________ at _____ .M. ☐ date to be set. The defendant does/does not waive presence at restitution hearing.

(b) $ ____________, Court costs;

(c) $ 500, Victim assessment, RCW 7.68.035 [$100 for gross misdemeanors; $75 for misdemeanor; effective 6/6/96; $500 for gross misdemeanors and $100 for misdemeanors.]

(d) $ ____________, Recoupment for attorney's fees to King County Public Defense Programs, 2015 Smith Tower, Seattle, Washington 98104;

(e) $ ____________, Fine;

(f) TOTAL Monetary obligations: 500;

(g) The above payments shall be made to the King County Superior Court Clerk according to the rules of the Clerk and the following terms: ☐ Not less than $ ______ per month; ☒ On a schedule established by the defendant's Community Corrections Officer.

5.2 ( ) The defendant shall complete ____________ community service hours under the supervision of the Department of Corrections at a rate ( ) to be determined by a Community Corrections Officer ( ) of not less than ________ hours per month.

5.3 (X) The defendant shall not purchase, possess, or use any (X) controlled substance ( ) alcohol without a lawful prescription. The defendant shall submit to urinanalysis and/or breath testing as required by the Community Corrections Officer and submit to search of person, vehicle or home by a community corrections officer upon reasonable suspicion; _

Not use, possess, or sell ~~or use~~ any illegal drugs

5.4 ( ) The defendant shall commit no criminal offenses;

5.5 ( ) additional conditions of probation as attached are incorporated in this order;

**The Defendant is ordered to report to commence probation supervision within five working days to the Department of Corrections, Intake Officer, 2401 4th Ave., Sixth Floor, Seattle, WA 98121-1435, Phone 464-7055.**

Date: 1-29-99

JUDGE, King County Superior Court

CERTIFIED COPY

FILED
JUL 27 PM 3:31
SUPERIOR COURT CLERK
KENT, WA

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

| | | |
|---|---|---|
| THE STATE OF WASHINGTON, Plaintiff, | ) | No. 98-1-05885-1 KNT |
| v. | ) | |
| DAMON D. STEVENS | ) | INFORMATION |
| Defendant. | ) | |

WARRANT ISSUED
CHARGE COUNTY $110.00

I, Norm Maleng, Prosecuting Attorney for King County in the name and by the authority of the State of Washington, do accuse DAMON D. STEVENS of the crime of **Violation of the Uniform Controlled Substances Act**, committed as follows:

That the defendant DAMON D. STEVENS in King County, Washington on or about July 2, 1997, unlawfully and feloniously did possess cocaine, a controlled substance and narcotic drug;

Contrary to RCW 69.50.401(d), and against the peace and dignity of the State of Washington.

NORM MALENG
Prosecuting Attorney

By: ______________________
Scott A. Marlow, WSBA #91002
Deputy Prosecuting Attorney

**Norm Maleng**
Prosecuting Attorney
W 554 King County Courthouse
Seattle, Washington 98104-2312
(206) 296-9000

CAUSE NO. 98-1-05885-1 KNT

CERTIFICATION FOR DETERMINATION OF PROBABLE CAUSE

That Scott A. Marlow is a Deputy Prosecuting Attorney and has reviewed the written, printed and other material submitted by Federal Way Police Department in case number 97-9247.

That the following information upon which this motion for determination of probable cause is made is, unless specifically designated, contained exclusively in the written, printed and other materials described above:

On July 2, 1997 members of the Federal Way Police Department responded to a business located in Federal Way, King County Washington regarding a report of animal cruelty. The officers arrived to find a small crowd gathered around two pitbulls that were engaged in combat. The crowd was making no efforts to separate the dogs. The officers approached the group and all but two of the people dispersed. These two people then picked up the dogs. One of these people was the defendant Damon D. Stevens. The defendant began to walk away with one of the dogs. The officer ordered the defendant to stop, and the defendant dropped the dog and began to flee. The officer ordered the defendant to stop, but the defendant continued to run. The officer chased the defendant who ran through several yards, and eventually caught him.

A search incident to arrest revealed a piece of suspected cocaine in the defendant's pocket. The suspected cocaine field tested positive for cocaine, a controlled substance and narcotic drug.

Under penalty of perjury under the laws of the State of Washington, I certify that the foregoing is true and correct. Signed and dated by me this 23rd day of July, 1998, at Kent, Washington.

Scott A. Marlow, WSBA #91002



**Norm Maleng**
Prosecuting Attorney
W 554 King County Courthouse
Seattle, Washington 98104-2312
(206) 296-9000

REQUEST FOR BAIL

The State requests bail be set at $5,000. The defendant has prior convictions for Attempted Possession of a Shotgun (1997), VUCSA (1997), Firearm/Dangerous Weapon Violation (1994), Possession of Marijuana (1994), Theft 2° (1994), and Taking Motor Vehicle Without Permission (1993).

Scott A. Marlow, WSBA #91002



**Norm Maleng**
Prosecuting Attorney
W 554 King County Courthouse
Seattle, Washington 98104-2312
(206) 296-9000

# SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

VUCSA OVER 21

FILED OCT - 9 1997

CERTIFIED COPY

STATE OF WASHINGTON, Plaintiff,

v.

DAMON D STEVENS, Defendant.

No. 97-C-03392-8 KNT

JUDGMENT AND SENTENCE

COMMITMENT ISSUED OCT - 8 1997

PRESENTENCING STATEMENT & INFORMATION ATTACHED

COPY TO SENTENCING GUIDELINES COMMISSION OCT - 8 1997

JUDGMENT NUMBER 97-9-47323-9

## I. HEARING

1.1 The defendant, the defendant's lawyer, MICHAEL DANKO, and the deputy prosecuting attorney were present at the sentencing hearing conducted today. Others present were: ______

1.2 The state has moved for dismissal of count(s) ______

## II. FINDINGS

Based on the testimony heard, statements by defendant and/or victims, argument of counsel, the presentence report(s) and case record to date, and there being no reason why judgment should not be pronounced, the court finds:

2.1 CURRENT OFFENSE(S): The defendant was found guilty on (date): 09-05-97 by plea of:

Count No.: I Crime: VUCSA- POSSESSION WITH INTENT TO DELIVER COCAINE
RCW 69.50.401 A 1 I Crime Code 07318
Date of Crime 07-08-97 Incident No. ______

Count No.: ______ Crime: ______
RCW ______ Crime Code ______
Date of Crime ______ Incident No. ______

Count No.: ______ Crime: ______
RCW ______ Crime Code ______
Date of Crime ______ Incident No. ______

☐ Additional current offenses are attached in **Appendix A.**

CAPROC / CUST / CASH / ... / CMTG / XH

**SPECIAL VERDICT/FINDING(S):**

(a) ☐ A special verdict/finding for being armed with a **Firearm** was rendered on Count(s): ______
(b) ☐ A special verdict/finding for being armed with a **Deadly Weapon** other than a **Firearm** was rendered on Count(s):
(c) ☐ A special verdict/finding was rendered that the defendant committed the crimes(s) with a **sexual motivation** in Count(s): ______
(d) ☐ A special verdict/finding was rendered for **Violation of the Uniform Controlled Substances Act** offense taking place ☐ in a school zone ☐ in a school ☐ on a school bus ☐ in a school bus route stop zone ☐ in a public park ☐ in public transit vehicle ☐ in a public transit stop shelter in Count(s): ______
(e) ☐ **Vehicular Homicide** ☐ Violent Offense (D.W.I. and/or reckless) or ☐ Nonviolent (disregard safety of others)
(f) ☐ Current offenses **encompassing** the same criminal conduct and counting as one crime in determining the offender score (RCW 9.94A.400(1)(a)) are: ______

2.2 **OTHER CURRENT CONVICTION(S):** Other current convictions listed under different cause numbers used in calculating the offender score are (list offense and cause number): ______

POSTED

2.3 **CRIMINAL HISTORY:** Prior convictions constituting criminal history for purposes of calculating the offender score are (RCW 9.94A.360):

| | Crime | Sentencing Date | Adult or Juv. Crime | Cause Number | Location |
|---|---|---|---|---|---|
| (a) | TMV | '93 | J | 92-8-06894-7 | |
| (b) | Theft | 94 | J | 94-8-00776-1 | |
| (c) | | | | | |
| (d) | | | | | |

☐ Additional criminal history is attached in **Appendix B**.

☐ Prior convictions (offenses committed before July 1, 1986) served concurrently and counted as one offense in determining the offender score are (RCW 9.94A.360(6)(c)): ______

☐ One point added for offense(s) committed while under community placement for count(s) ______

2.4 **SENTENCING DATA:**

| SENTENCING DATA | OFFENDER SCORE | SERIOUSNESS LEVEL | STANDARD RANGE | ENHANCEMENT | TOTAL STANDARD RANGE | MAXIMUM TERM |
|---|---|---|---|---|---|---|
| Count I | ~~0~~ 1 | VIII | | | 26 TO 34 MONTHS | 10 YRS AND/OR $25,000 |
| Count | | | | | | |
| Count | | | | | | |

Additional current offense sentencing data is attached in **Appendix C**.

2.5 **EXCEPTIONAL SENTENCE:**

☐ Substantial and compelling reasons exist which justify a sentence above/below the standard range for Count(s) ______. Findings of Fact and Conclusions of Law are attached in Appendix D. The State ☐ did ☐ did not recommend a similiar sentence.

## III. JUDGMENT

IT IS ADJUDGED that defendant is guilty of the current offenses set forth in Section 2.1 above and Appendix A.

☐ The Court DISMISSES Count(s) ______

## IV. ORDER

IT IS ORDERED that the defendant serve the determinate sentence and abide by the other terms set forth below.

4.1 **RESTITUTION AND VICTIM ASSESSMENT:**

☐ Defendant shall pay restitution to the Clerk of this Court as set forth in attached **Appendix E**.

☐ Defendant shall **not** pay restitution because the Court finds that extraordinary circumstances exist, and the court, pursuant to RCW 9.94A.142(2), sets forth those circumstances in attached **Appendix E**.

☐ Restitution to be determined at future hearing on (Date)______ at ______.m. ☐ Date to be set.

☐ Defendant waives presence at future restitution hearing(s).

✓ Defendant shall ~~pay~~ Victim Penalty Assessments pursuant to RCW 7.68.035 in the amount of $100 if all crime(s) date prior to 6-6-96 and $500 if any crime date in the Judgment is after 6-5-96.

4.2 **OTHER FINANCIAL OBLIGATIONS:** Having considered the defendant's present and likely future financial resources, the Court concludes that the defendant has the present or likely future ability to pay the financial obligations imposed. The Court waives financial obligation(s) that are checked below because the defendant lacks the present and future ability to pay them. Defendant shall pay the following to the Clerk of this Court:

(a) ☐ $______, Court costs; ☐ Court costs are waived;

(b) ☐ $______, Recoupment for attorney's fees to King County Public Defense Programs, 2015 Smith Tower, Seattle, WA 98104; ☐ Recoupment is waived (RCW 10.01.160);

(c) ☐ $______, Fine; ☐ $1,000, Fine for VUCSA; ☐ $2,000, Fine for subsequent VUCSA; ☐ VUCSA fine waived (RCW 69.50.430);

(d) ☒ $ 150.00, King County Interlocal Drug Fund; ☐ Drug Fund payment is waived;

(e) ☐ $______, State Crime Laboratory Fee; ☐ Laboratory fee waived (RCW 43.43.690);

(f) ☐ $______, Incarceration costs; ☐ Incarceration costs waived (9.94A.145(2));

(g) ☐ $______, Other cost for:______.

4.3 **PAYMENT SCHEDULE:** Defendant's **TOTAL FINANCIAL OBLIGATION** is: $ 650.00. The payments shall be made to the King County Superior Court Clerk according to the rules of the Clerk and the following terms: ☐ Not less than $ ______ per month; ☒ On a schedule established by the defendant's Community Corrections Officer. ☐ :______ The **Defendant shall remain under the Court's jurisdiction and the supervision of the Department of Corrections for up to ten years from date of sentence or release from confinement to assure payment of financial obligations.**

4.4 **CONFINEMENT OVER ' 'E YEAR:** Defendant is sentenced to a term 'otal confinement in the custody of the Department of Corrections . .ollows, commencing: ☐ Immediately; ☐ (Date) ________ by ________ .m.

36 months on Count I ______ months on Count ______ ______ months on Count ______

______ months on Count ______ ______ months on Count ______ ______ months on Count ______

**ENHANCEMENT** time due to special deadly weapon/firearm finding of ______ months is included for Counts ______ ______.

The terms in Count(s) ______ are concurrent/consecutive.
The sentence herein shall run concurrently/consecutively with the sentence in cause number(s) ______ ______ but consecutive to any other cause not referred to in this Judgment.

**Credit** is given for ☒ 73 days served ☐ days as determined by the King County Jail solely for conviction under this cause number pursuant to RCW 9.94A.120(15).

4.5 ☐ **NO CONTACT:** For the maximum term of ______ years, defendant shall have no contact with ______
**Violation of this no contact order is a criminal offense under chapter 10.99 RCW and will subject a violator to arrest; any assault or reckless endangerment that is a violation of this order is a felony.**

4.6 **BLOOD TESTING:** (sex offense, violent offense, prostitution offense, drug offense associated with the use of hypodermic needles) **Appendix G** is a blood testing and counseling order that is part of and incorporated by reference into this Judgment and Sentence.

4.7 **COMMUNITY PLACEMENT, RCW 9.94A.120(9):** Community Placement is ordered for any of the following eligible offenses: any "sex offense", any "serious violent offense", second degree assault, any offense with a deadly weapon finding, any CH. 69.50 or 69.52 RCW offense, for the maximum period of time authorized by law. All standard and mandatory statutory conditions of community placement are ordered.
☐ **Appendix H** (for additional nonmandatory conditions) is attached and incorporated herein.

4.8 ☒ **WORK ETHIC CAMP:** The court finds that the defendant is eligible for work ethic camp and is likely to qualify under RCW 9.94A.137 and recommends that the defendant serve the sentence at a work ethic camp. Upon successful completion of this program, the Department shall convert the period of work ethic camp confinement at a rate of one day of work ethic camp to three days of total standard confinement and the defendant shall be released to community custody for any remaining time of total confinement. The defendant shall comply with all mandatory statutory requirements of community custody set forth in RCW 9.94A.120(9)(b).
☐ **Appendix K** for additional special conditions, RCW 9.94A.120(9)(c), is attached and incorporated herein.

4.9 ☐ **SEX OFFENDER REGISTRATION** (sex offender crime conviction): **Appendix J** is attached and incorporated by reference into this Judgment and Sentence.

4.10 ☐ **ARMED CRIME COMPLIANCE, RCW 9.94A.103,105.** The state's plea/sentencing agreement is ☐ attached ☐ as follows:

______

**The defendant shall report to an assigned Community Corrections Officer upon release from confinement for monitoring of the remaining terms of this sentence.**

Date: 9-19-97

Judge ______
Print Name: BRIAN GAIN

Presented by:
______
Deputy Prosecuting Attorney, Office WSBA ID #91002
Print Name: TOD BERGSTROM 91002

Approved as to form:
______
Attorney for Defendant, WSBA # 14311
Print Name: Michael Danko

# SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

STATE OF WASHINGTON, Plaintiff,

v.

DAMON D STEVENS, Defendant.

NO. 97-C-03372-8 KNT

APPENDIX K
WORK ETHIC CAMP SPECIAL CONDITIONS OF COMMUNITY CUSTODY

The Court having determined that the defendant is eligible for work ethic camp further orders that upon completion of work ethic camp and release to community custody, the defendant shall comply with the following conditions while in community custody:

(a) **MANDATORY CONDITIONS, RCW 9.94A.137(2), RCW 9.94A.120(9)(b):**

(1) Report to and be available for contact with the assigned community corrections officer as directed;
(2) Work at Department of Corrections-approved education, employment, and/or community service;
(3) Not consume controlled substances except pursuant to lawfully issued prescriptions;
(4) While in community custody not unlawfully possess controlled substances;
(5) Pay community placement fees as determined by the Department of Corrections;
(6) Receive prior approval for living arrangements and residence location; and
(7) Defendant shall not own, use, or possess a firearm or ammunition when sentenced to community service, community supervision or both. (RCW 9.94A.120(13))

**WAIVER:** The following above-listed mandatory conditions are waived by the court: ________________.

(b) **SPECIAL CONDITIONS, RCW 9.94A.120(9)(c):**

☐ The offender shall remain within, or outside of, a geographical boundary described as follows:

________________________________________________

________________________________________________.

☐ The offender shall not have direct or indirect contact with the crime victim or a class of individuals described as follows: ________________________________

________________________________________________.

☐ The defendant shall participate in crime related treatment or counseling described as follows:

________________________________________________

________________________________________________.

☐ The offender shall not consume alcohol.

☐ The offender shall comply with the following crime related prohibitions: ________________

________________________________________________.

Date: 9-19-97

[signature]
Judge, King County Superior Court

# FINGERPRINTS

RIGHT HAND
FINGERPRINTS OF:

DAMON DEVONE STEVENS

DATED: 9-19-97

JUDGE, KING COUNTY SUPERIOR COURT

DEFENDANT'S SIGNATURE: Damon Stevens
DEFENDANT'S ADDRESS: DOC

ATTESTED BY:
M. JANICE MICHELS, SUPERIOR COURT CLERK
BY:
DEPUTY CLERK

CERTIFICATE

I, ______________________,
CLERK OF THIS COURT, CERTIFY THAT THE ABOVE IS A TRUE COPY OF THE JUDGEMENT AND SENTENCE IN THIS ACTION ON RECORD IN MY OFFICE.
DATED: ______________________

______________________
CLERK

BY: ______________________
DEPUTY CLERK

OFFENDER IDENTIFICATION

S.I.D. NO.

DATE OF BIRTH: FEBRUARY 5, 1976

SEX: M

RACE: BLACK

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

CERTIFIED COPY

X Accelerated
___ Non Accelerated
___ DPA ___ Defense

STATE OF WASHINGTON, Plaintiff,

v.

Damon Stevens, Defendant,

NO. 97-C-03370-8 KNT

STATEMENT OF DEFENDANT ON PLEA OF GUILTY (Felony)

1. My true name is Damon D. Stevens.

2. My age is 21. Date of Birth 2-5-76.

3. I went through the 12th grade.

4. I HAVE BEEN INFORMED AND FULLY UNDERSTAND THAT:

(a) I have the right to representation by a lawyer and that if I cannot afford to pay for a lawyer, one will be provided at no expense to me. My lawyer's name is Michael Danko.

(b) I am charged with the crime(s) of Poss with Intent to Deliver Cocaine - VUCSA. The elements of this crime(s) are In King County WA possession with intent to deliver a controlled substance, cocaine, knowing it to be cocaine, a controlled substance

I HAVE BEEN INFORMED AND FULLY UNDERSTAND THAT I HAVE THE FOLLOWING IMPORTANT RIGHTS, AND I GIVE THEM ALL UP BY PLEADING GUILTY:

(a) The right to a speedy and public trial by an impartial jury in the county where the crime is alleged have been committed;

(b) The right to remain silent before and during trial, and the right to refuse to testify against myself;

(c) The right at trial to hea[illegible] and question the witnesses who testify against me;

(d) The right at trial to [illegible] e witnesses testify for me. These wit[illegible]es can be made to appear at no expense to me;

(e) The right to be presumed innocent until the charge is proven beyond a reasonable doubt or I enter a plea of guilty;

(f) The right to appeal a determination of guilt after a trial.

6. **IN CONSIDERING THE CONSEQUENCES OF MY GUILTY PLEA(S), I UNDERSTAND THAT:**

(a) The crime with which I am charged carries a maximum sentence of 10, 000 [illegible] years imprisonment and a $ 25, 000 00 fine.

RCW 9.94A.030(21), provides that for a third conviction for a "most serious offense" as defined in that statute, I may be found to be a **Persistent Offender**. If I am found to be a Persistent Offender, the Court must impose the **mandatory sentence of life imprisonment** without the possibility of early release of any kind, such as parole or community custody. RCW 9.94A.120(4). The law does not allow any reduction of this sentence.

(b) The standard sentence range is from 21 (days) months to 27 (days) months confinement, based on the prosecuting attorney's understanding of my criminal history. The standard sentence range is based on the crime charged and my criminal history. Criminal history includes prior convictions, whether in this state, in federal court, or elsewhere. Criminal history always includes juvenile convictions for sex offenses and also for Class A felonies that were committed when I was 15 years of age or older. Criminal history also may include convictions in juvenile court for felonies or serious traffic offenses that were committed when I was 15 years of age or older. Juvenile convictions, except those for sex offenses and Class A felonies, count only if I was less than 23 years old when I committed the crime to which I am now pleading guilty.

(c) The prosecuting attorney's statement of my criminal history is attached to this agreement. Unless I have attached a different statement, I agree that the prosecuting attorney's statement is correct and complete.

If I have attached my own statement, _ assert that it is correct and complete. I I am convicted of any additional crimes between now and the tim am sentenced, I am obligated to tell sentencing judge about those convictions.

(d) If I am convicted of any new crimes before sentencing, or if I was on community placement at the time of the offense to which I am now pleading guilty, or if any additional criminal history is discovered, both the standard sentence range and the prosecuting attorney's recommendations may increase. Even so, my plea of guilty to this charge is binding on me. I cannot change my mind if additional criminal history is discovered even though the standard sentencing range and the prosecuting attorney's recommendation increase.

**If the current offense to which I am pleading guilty is a most serious offense** as defined by RCW 9.94A.030(21), and additional criminal history is discovered, not only do the conditions of the prior paragraph apply, but also if my discovered criminal history contains two prior convictions, whether in this state, in federal court, or elsewhere, of **most serious offense** crimes, I may be found to be a **Persistent Offender**. If I am found to be a Persistent Offender, the Court must impose the **mandatory sentence of life imprisonment without the possibility of early release of any kind, such as parole or community custody.** RCW 9.94A.120(4).

Even so, my plea of guilty to this charge may be binding on me. I may not be able to change my mind if additional criminal history is discovered, even though it will result in the mandatory sentence that the law does not allow to be reduced.

(e) In addition to sentencing me to confinement for the standard range, the judge will order me to pay $ 500 [handwritten] as a victim's compensation fund assessment. If this crime resulted in injury to any person or damages to or loss of property, the judge will order me to make restitution, unless extraordinary circumstances exist which make restitution inappropriate. The judge may also order that I pay a fine, court costs and attorney fees. Furthermore, the judge may place me on community supervision, impose restrictions on my activities, and order me to perform community service.

(f) The prosecuting attorney will make the following recommendation to the judge: 21 months; work ethic camp if eligible; 1 year Comm. Sup.; Costs and Fines; dismissal of special weapon allegation in exchange for truthful testimony in co-defendant's trial — Testimony set out in separate agreement with prosecutor.

(g) The judge does not have to follow anyone's recommendation as to the sentence. The judge must impose a sentence within the standard range unless the judge finds substantial and compelling reasons not to do so. If the judge goes outside the standard range, either I or the State can appeal that sentence. If the sentence is within the standard range, no one can appeal the sentence.

(h) The crime of N/A has a mandatory minimum sentence of at least ______ years of total confinement. The law does not allow any reduction of this sentence. [If not applicable, this paragraph should be stricken and initialed by the defendant and the judge.]

The crime of N/A is a most serious offense as defined by RCW 9.94A.030(21), and if a fact finder determines that I have at least two prior convictions on separate occasions whether in this state, in federal court, or elsewhere, of most serious offense crimes, I may be found to be a Persistent Offender. If I am found to be a Persistent Offender, the Court must impose the **mandatory sentence of life imprisonment without the possibility of early release of any kind, such as parole or community custody.** RCW 9.94A.120(4).

(i) The sentence imposed on counts N/A will run concurrently unless the judge finds substantial and compelling reason to do otherwise. [If not applicable, this paragraph should be stricken and initialed by the defendant and the judge.]

(j) In addition to confinement, the judge will sentence me to community placement for at least one year. During the period of community placement, I will be under the supervision of the Department of Corrections, and I will have restrictions placed on my activities. [If not applicable, this paragraph should be stricken and initialed by the defendant and the judge.]

(k) The judge may sentence m as a first time offender instead of giving a sentence within the standard range if I qualify under RCW 9.94 )30(20). This sentence could include as much as 90 days' confinement plus all of the conditions described in paragraph (e). Additionally, the judge could require me to undergo treatment, to devote time to a specific occupation, and to pursue a prescribed course of study or occupational training. [If not applicable, this paragraph should be stricken and initialed by the defendant and the judge.]

(l) This plea of guilty will result in revocation of my privilege to drive. If I have a driver's license, I must now surrender it to the judge. [If not applicable, this paragraph should be stricken and initialed by the defendant and the judge.]

(m) If this crime involves a sexual offense, prostitution, or a drug offense associated with hypodermic needles, I will be required to undergo testing for the human immunodeficiency (AIDS) virus. [If not applicable, this paragraph should be stricken and initialed by the defendant and the judge.]

(n) If I am not a citizen of the United States, a plea of guilty to an offense punishable as a crime under state law is grounds for deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.

(o) If this crime involves a sex offense or a violent offense, I will be required to provide a sample of my blood for purposes of DNA identification analysis. [If not applicable, this paragraph should be stricken and initialed by the defendant and the judge.]

(p) If this crime involves a sex offense, I will be required to register with the sheriff of the county in this state where I reside. I must register immediately upon completion of being sentenced if I am not sentenced to begin serving a term of confinement immediately upon completion of being sentenced. Otherwise, I must register within 24 hours of the time of my release if I am sentenced to the custody of the Department of Corrections, Department of Social and Health Services, a local division of youth services, a local jail, or a uvenile detention facility.

If I do not now reside, in Washington, but I subsequently move to this state, I must register within 24 ours of the time I begin to reside in this state, if at the time of my move I am under the jurisdiction of the

Department of Corrections, the Indeterminate Sentence Review Board, or the Department of Social and Health Services. If at the time I move to this state I am not under the jurisdiction of one of those agencies, then I must register within 30 days of the time I begin to reside in this state.

If I subsequently change residences within a county in this state, I must notify the county sheriff of that change of residence in writing within 10 days of my change of residence. If I subsequently move to a new county within this state, I must register all over again with the sheriff of my new county, and I must notify my former county sheriff (that is, the county sheriff of my former residence) of that change of residence in writing, and I must complete both acts within 10 days of my change of residence. [If none of the above three paragraphs is applicable, they should all be stricken and initialed by the defendant and the judge.]

7. I plead Guilty to the crime of VUCSA - Poss. w/ Intent to Deliver Cocaine - VUCSA as charged in the amended information. I have received a copy of that information.

8. I make this plea freely and voluntarily.

9. No one has threatened harm of any kind to me or to any other person to cause me to make this plea.

10. No person has made promises of any kind to cause me to enter this plea except as set forth in this statement.

11. The judge has asked me to state briefly in my own words what I did that makes me guilty of this (these) crime(s). This is my statement:

In King County WA on or about July 8, 1997 I had in my possession cocaine, knowing the substance to be cocaine, and that it is illegal to possess cocaine, and I intended to deliver some of the cocaine to others.

12. My lawyer has explained to me, and we have fully discussed, all of the above paragraphs. I understand them all. I have been given a copy of this "Statement of Defendant on Plea of Guilty." I have no further questions to ask the judge.

DEFENDANT

I have read and discussed this statement with the defendant and believe that the defendant is competent and fully understands the statement.

PROSECUTING ATTORNEY

DEFENDANT'S LAWYER

The foregoing statement was signed by the defendant in open court in the presence of the defendant's lawyer and the undersigned judge. The defendant asserted that [check appropriated box]:

☑ (a) The defendant had previously read; or

☑ (b) The defendant's lawyer had previously read to him or her; or

☐ (c) An interpreter had previously read to the defendant the entire statement above and that the defendant understood it in full.

I find the defendant's plea of guilty to be knowingly, intelligently and voluntarily made. Defendant understands the charges and the consequences of the plea. There is a factual basis for the plea. The defendant is guilty as charged.

DATED this 5th day of September, 1997

JUDGE

STATE OF WASHINGTON V. DAMON STEVENS
KING COUNTY CAUSE # 97-C-03372-8 KNT

APPENDIX D TO PLEA AGREEMENT

AS PART OF THE RESOLUTION OF THIS CASE, THE DEFENDANT AND STATE AGREES TO THE FOLLOWING CONDITIONS, ANY VIOLATION OF WHICH, AT THE REQUEST OF THE NON-VIOLATING PARTY, VOIDS THE PLEA AGREEMENT, AND MAY BE CAUSE FOR THE NON-VIOLATING PARTY TO WITHDRAW THE PLEA:

1. DEFENDANT DAMON STEVENS AGREES TO TESTIFY TRUTHFULLY IN ALL PROCEEDINGS AGAINST TONELLI ANDERSON IN KING COUNTY #97-C-03373-6 KNT.

2. DEFENDANT DAMON STEVENS, UNDER PENALTY OF PERJURY, STATES THAT THE ATTACHED STATEMENT, DATED 9-5-97, IS TRUTHFUL.

3. THE STATE AGREES TO RECOMMEND THAT DEFENDANT STEVENS SERVE 21 MONTHS OF CONFINEMENT ON THIS CAUSE NUMBER, WORK ETHIC CAMP IF ELIGIBLE; COMMUNITY PLACEMENT FOLLOWING RELEASE FROM CONFINEMENT; THAT THE DEFENDANT PAY COURT COSTS, VICTIM PENALTY ASSESSMENT, AND THE KING COUNTY LOCAL DRUG FUND FINE OF $150, AS WELL AS THE VUCSA FINE OF $1,000.

4. STEVENS AGREES TO BE INTERVIEWED, PRIOR TO TRIAL, BY DEFENDANT TONELLI ANDERSON'S ATTORNEY, AND ANSWER QUESTIONS TRUTHFULLY DURING THIS INTERVIEW.

5. DEFENDANT STEVENS AGREES TO WAIVE ANY 5TH AMENDMENT PRIVILEGES RELATING TO THIS INCIDENT (KCP #97-174583) AND TESTIFY TRUTHFULLY AT THE TRIAL OF TONELLI ANDERSON.

TOD BERGSTROM
DPA

MIKE DANKO
ATTORNEY FOR DEFENDANT

DAMON STEVENS
DEFENDANT

MICHAEL DANKO
Attorney FAX: 205-475. 206 623-4644

TO: Todd Bergstrom

FROM: Michael Danko

RE: Damon Stevens
Case No. 97-1-03372-8 KNT

DATE: 8/29/97

Pursuant to our conversation, I provide the following summary of Damon's testimony.

I was driving a Black Camaro on July 8, 1997 and stopped and parked the car in the 12900 block of Occidental Ave in Kent around 1:00 am. With me was Tonelli Anderson. I was waiting for a friend of mine, J.J.. A police officer approached us. He asked for ID. I did not have any but gave him my name. Mr. Anderson showed his ID. Both of us voluntarily cooperated with the officer and he did not threaten or force us to respond. When he returned to his squad car, I willingly remained since I was waiting there for my friend. I made no attempt to leave and the officer said nothing about me staying or leaving. Mr. Anderson said nothing about leaving. When he returned to my car, he advised both of us that we were being arrested for outstanding warrants. I knew that there were two bags of cocaine and two guns in the car on or under the frront seat. One bag of cocaine and one gun belonged to me, and the other bag and gun belonged to Mr. Anderson. Both of us had the drugs for our own use as well as for selling to others.

I am willing to testify, if subpoenaed, truthfully.

I declare under the penalty of perjury under the laws of the State of Washington that the foregoing is true and correct. Dated this 5 day of ~~August~~ September, 1997 at Kent, WA.

Damon Stevens
Damon Stevens

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON FOR KING COUNTY

STATE OF WASHINGTON, Plaintiff,

v.

DAMON STEVENS

Defendant.

NO. 90-C-03372-2 KNT

AMENDED INFORMATION

I, Norm Maleng, Prosecuting Attorney for King County in the name and by the authority of the state of Washington, by this Amended Information do accuse the defendant(s) of the crime of Violation of the Uniform Controlled Substances Act (Possession with intent to deliver cocaine) committed as follows:

That the defendant(s), Damon Stevens, in King County, Washington, (on or about) ~~(during a time intervening)~~ the 8th day of May, 1990, unlawfully and feloniously did possess with intent to deliver a narcotic drug, a controlled substance and narcotic drug, and did know it was a controlled substance;

Contrary to RCW 69.50.401(a)(1)(i), and against the peace and dignity of the state of Washington.

NORM MALENG
Prosecuting Attorney

By [signature]
Deputy Prosecuting Attorney

CAUSE NO. 97-C-03372-8 KNT
CAUSE NO. 97-C-03373-6 KNT

CERTIFICATION FOR DETERMINATION OF PROBABLE CAUSE

That Rod Scarr is a Deputy Prosecuting Attorney for King County and is familiar with the police report and investigation conducted in King County Department of Public Safety case No. 97-174583;

That this case contains the following upon which this motion for the determination of probable cause is made;

On July 8, 1997, Officer Fryberger contacted defendants Damon Stevens and Toneli Anderson at a Circle-K store in Burien, Washington. Both defendants were sitting in a vehicle; Stevens was sitting in the driver's seat and Anderson was the passenger. Officer Fryberg obtained identification from the defendants and confirmed that defendant Anderson had two outstanding warrants. When police removed Anderson from the car, they observed a plastic baggie stuffed between the seats where he was sitting. The baggie contained 77 rocks of cocaine that field tested positive. During a further search of the vehicle, police located another baggie of cocaine stuffed between the passenger seat and the arm rest. Defendant Stevens was searched and police located six $100.00 bills folded in his sock and $65.00 in his pocket. He also had a pager. Defendant Anderson had a small amount of marijuana on his person.

When police searched the vehicle, they found a loaded Tec-9. 9mm handgun under the driver's seat and a loaded Bersa S.A. .380 handgun under the passenger seat.

Defendant Anderson has a juvenile conviction for VUCSA from 1995. He can not legally possess a handgun.

Bail is requested in the amount of $50,000.00 for each defendant. Stevens has a prior conviction for Attempted Possession of a Shotgun (1997). Anderson has a pending charges for Robbery 1, Assault 1, and Unlawful Imprisonment.

Under penalty of perjury under the laws of the State of Washington, I certify that the foregoing is true and correct. Signed and dated by me this ____ day of July, 1997, at Seattle, Washington.

Rod Scarr, WSBA #91002



**Norm Maleng**
Prosecuting Attorney
W 554 King County Courthouse
Seattle, Washington 98104-2312
(206) 296-9000

☒ PLEA AGREEMENT / ☐ TRIAL

Date: 9/4/97

Defendant: Stevens, D  Cause No: ______

On Plea To: ☒ As Charged ~~Poss. w/ Intent (no firearms enhancement)~~

~~☒ Special Finding/Verdict:~~ (NA) ☒ Deadly Weapon (RCW 9.94.125); ☐ School Zone-VUCSA (RCW 69.50) on Count(s) ______

The State of Washington and the defendant enter into this PLEA AGREEMENT which is accepted only by a guilty plea. This agreement **may be withdrawn at any time prior to entry of the guilty plea.** The PLEA AGREEMENT is indicated above and as follows:

1. ☐ DISMISS: Upon disposition of Count(s) ______, the State moves to dismiss Count(s): ______

2. ☐ REAL FACTS OF HIGHER/MORE SERIOUS AND/OR ADDITIONAL CRIMES: In accordance with RCW 9.94A.370, the parties have stipulated that the court, in sentencing, may consider as real and material facts information as follows:
   - ☐ as set forth in the certification(s) of probable cause filed herein.
   - ☐ as set forth in the attached Appendix C.

3. ☐ RESTITUTION: Pursuant to RCW 9.94A.140(2), the defendant agrees to pay restitution as follows:
   - ☐ in full to the victim(s) on charged counts.
   - ☐ as set forth in attached Appendix C.

4. ☒ OTHER: See Appendix D to plea Agreement and signed, sworn statement of Damon Stevens, attached hereto

5. ☒ SENTENCE RECOMMENDATION:

   a. ☒ The defendant **agrees** to the foregoing Plea Agreement and that the attached sentencing guidelines scoring form(s) (Appendix A) and the attached Procecutor's Understanding of Defendant's Criminal History (Appendix B) are accurate and complete and that the defendant was represented by counsel or waived counsel at the time of prior conviction(s). The State makes the sentencing recommendation set forth in the State's sentence recommendation.

   b. ☐ The defendant **disputes** the Prosecutor's Statement of the Defendant's Criminal History, and the State makes **no** agreement with regards to a sentencing recommendation and may make a sentencing recommendation for the full penalty allowed by law.

Maximum on Count 1 is not more than 10 years and/or $ 25,000 fine.

Maximum on Count ______ is not more than ______ years and /or $ ______ fine.

(NA) Mandatory ~~Minimum~~ Term (RCW 9.94A.120(4) only): ~~[illegible]~~ NA

☐ Mandatory license revocation RCW 46.20.285

Ten years jurisdiction and supervision for monetary payments. RCW 9.94A.120d(9).

The State's recommendation will increase in severity if additional criminal convictions are found or if the defendant commits any new crimes, fails to appear for sentencing or violates the conditions of his release.

Damon Stevens
Defendant

[signature]
Deputy Prosecuting Attorney

[signature] 14312
Attorney for Defendant

[signature]
Judge, King County Superior Court

King County Prosecuting Attorney
Rev. 8/25/89

White Copy: Court
Canary Copy: Defense
Pink Copy: Prosecutor

# PROSECUTOR'S UNDERSTANDING OF DEFENDANT'S CRIMINAL HISTORY (SENTENCING REFORM ACT)

Defendant: DAmon STEVENS    Date:

| CRIME | DATE OF CONVICTION | PLACE OF CONVICTION | DISPOSITION (Probation and/or incarceration and length) SRA — Counts as Prior |
|---|---|---|---|

**ADULT FELONIES:**

( ); NONE KNOWN; RECOMMENDATION AND STANDARD RANGE ASSUMES NO PRIOR FELONY CONVICTIONS

(X) CRIMINAL HISTORY NOT Complete KNOWN AND NOT RECEIVED AT THIS TIME

**ADULT MISDEMEANORS:**

Criminal Attempt Possession Sawed off Shotgun) Plea 10/17/97 1659795
Sent. Date 4-8-97 97-1-029313 KNT

**JUVENILE FELONIES:**

**JUVENILE MISDEMEANORS:**

Deputy Prosecuting Attorney

King County Prosecuting Attorney

# STATE'S SENTENCE RECOMMENDATION
## (CONFINEMENT OF OVER ONE YEAR)

Date: Sept 4 / 97

Defendant: DAMON STEVENS Cause No: 97-C-03372-8 KNT

State recommends that the sentence of this defendant be as follows:

☑ **TOTAL CONFINEMENT:** State recommmends that the defendant be sentenced to a term of total confinement in the custody of the Department of Corrections as follows:

Count I 21 months/years. Count IV ______ months/years.

Count II ______ months/years. Count V ______ months/years.

Count III ______ months/years. Count VI ______ months/years.

* WORK ETHIC CAMP IF ELIGIBLE

Terms on each count to run concurrently/consecutively with each other.
Terms to be served concurrently/consecutively with: ______
Terms to be consecutive to any other terms(s) not specifically referred to in this form.

☐ **SENTENCE MODIFICATION:** State recommends modification of community supervision on King County Cause Number(s) ______ and recommends that terms be run concurrently/consecutively.

☐ **NO CONTACT:** For the maximum term, defendant have no contact with ______

☑ **MONETARY PAYMENTS:** The defendant shall make the following monetary payments under the supervision of the Department of Corrections (RCW 9.94A.120(11))within 10 years:

a. ☐ Restitution as set forth on attached page entitled "Plea Agreement/Trial" and ☐ Appendix C.
b. ☑ Pay Costs, mandatory $100 Victims Penalty Assessment, recoupment of cost of defense attorney fees, if appointed.
c. ☑ Pay to King County Local Drug Fund $ 150
d. ☑ Pay a fine of $ 1,000 ; ☐ $1000, fine for VUCSA; ☐ $2000, fine for subsequent VUCSA.
e. ☐ Other ______

✓ **COMMUNITY PLACEMENT:** For any sex offense, serious violent offense; assault 2°; deadly weapon finding or drug offense under 69.50 or 69.52 RCW (committed after 1 July 1988) defendant be on community placement on conditions set forth in RCW 9.94A.120 8(b) and the following conditions under 8(c) (crime-related prohibitions only): ______

☐ **OFF-LIMITS ORDER:** The defendant is a "known drug trafficker" and the state recommends defendant shall neither enter nor remain in the protected against drug trafficking area (described in the attachment) during the term of community placement.

☐ **HIV TESTING:** State recommends HIV testing and counseling.

☐ **EXCEPTIONAL SENTENCE:** This is an exceptional sentence, and the substantial and compelling reasons for departing from the presumptive sentence range are set forth on the attached form.

Approved by: [signature]

Deputy Prosecuting Attorney TOD BERGSTROM

King County Prosecuting Attorney
Rev. 8/25/89

White Copy: Court
Canary Copy: Defense
Pink Copy: Prosecutor

CERTIFIED COPY

FILED
97 JUL 11 PM 4:12
KING COUNTY
SUPERIOR COURT CLERK
KENT, WA

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

| THE STATE OF WASHINGTON, Plaintiff, | ) | No. 97-C-03372-8 KNT ~~97-C-03373-6 KNT~~ |
|---|---|---|
| v. | ) | |
| DAMON D. STEVENS, and TONELLI J. ANDERSON and each of them, Defendants. | ) | INFORMATION |

WARRANT ISSUED
CHARGE COUNTY $110.00

I, Norm Maleng, Prosecuting Attorney for King County in the name and by the authority of the State of Washington, do accuse DAMON D. STEVENS and TONELLI J. ANDERSON, and each of them, of the crime of **Violation of the Uniform Controlled Substances Act**, committed as follows:

That the defendants DAMON D. STEVENS and TONELLI J. ANDERSON, and each of them, together with another, in King County, Washington on or about July 8, 1997, unlawfully and feloniously did possess with intent to manufacture or deliver cocaine, a controlled substance and narcotic drug, and did know it was a controlled substance;

Contrary to RCW 69.50.401(a)(1)(i), and against the peace and dignity of the State of Washington.

And I, Norm Maleng, Prosecuting Attorney for King County in the name and by the authority of the State of Washington further do accuse the defendants DAMON D. STEVENS and TONNELLI J. ANDERSON, at said time of being armed with a deadly weapon, to wit, a handgun;

Contrary to RCW 9.94A.125, and 9.94A.310, and against the peace and dignity of the state of Washington.

NORM MALENG
Prosecuting Attorney

By: [signature]
Rod Scarr, WSBA #91002
Deputy Prosecuting Attorney

Norm Maleng
Prosecuting Attorney
W 554 King County Courthouse
Seattle, Washington 98104-2312
(206) 296-9000

CAUSE NO. 97-C-03372-8 KNT
CAUSE NO. 97-C-03373-6 KNT

CERTIFICATION FOR DETERMINATION OF PROBABLE CAUSE

That Rod Scarr is a Deputy Prosecuting Attorney for King County and is familiar with the police report and investigation conducted in King County Department of Public Safety case No. 97-174583;

That this case contains the following upon which this motion for the determination of probable cause is made;

On July 8, 1997, Officer Fryberger contacted defendants Damon Stevens and Toneli Anderson at a Circle-K store in Burien, Washington. Both defendants were sitting in a vehicle; Stevens was sitting in the driver's seat and Anderson was the passenger. Officer Fryberg obtained identification from the defendants and confirmed that defendant Anderson had two outstanding warrants. When police removed Anderson from the car, they observed a plastic baggie stuffed between the seats where he was sitting. The baggie contained 77 rocks of cocaine that field tested positive. During a further search of the vehicle, police located another baggie of cocaine stuffed between the passenger seat and the arm rest. Defendant Stevens was searched and police located six $100.00 bills folded in his sock and $65.00 in his pocket. He also had a pager. Defendant Anderson had a small amount of marijuana on his person.

When police searched the vehicle, they found a loaded Tec-9 9mm handgun under the driver's seat and a loaded Bersa S.A. .380 handgun under the passenger seat.

Defendant Anderson has a juvenile conviction for VUCSA from 1995. He can not legally possess a handgun.

Bail is requested in the amount of $50,000.00 for defendant Stevens and $100,000 for defendant Anderson. Stevens has a prior conviction for Attempted Possession of a Shotgun (1997). Anderson has a pending charges for Robbery 1, Assault 1, and Unlawful Imprisonment.



**Norm Maleng**
Prosecuting Attorney
W 554 King County Courthouse
Seattle, Washington 98104-2312
(206) 296-9000

Under penalty of perjury under the laws of the State of Washington, I certify that the foregoing is true and correct. Signed and dated by me this 11 day of July, 1997, at Seattle, Washington.

Rod Scarr, WSBA #91002



**Norm Maleng**
Prosecuting Attorney
W 554 King County Courthouse
Seattle, Washington 98104-2312
(206) 296-9000