LAW OFFICES OF MARK A. ROSENBAUM
4940 Byrd Lane, Suite 100
Anchorage, Alaska  99502
(907) 243-2400

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:05-CR-108-JWS |
| | ) | |
| Plaintiff, | ) | SENTENCING MEMORANDUM |
| | ) | FOR THE DEFENSE (INCLUDING |
| vs. | ) | MOTION FOR DOWNWARD |
| | ) | DEPARTURE AND REQUEST FOR |
| DAMON STEVENS, et al., | ) | EVIDENTIARY HEARING) |
| | ) | |
| Defendants. | ) | |

COMES NOW Defendant Damon Stevens, by and through the Law Offices of Mark A. Rosenbaum, and hereby submits the following sentencing memorandum and, if necessary, motion for downward sentencing departure.

I.   **INTRODUCTION**

Following return of an indictment which charged him in three of twenty-two counts, Damon Stevens was arrested in Seattle, Washington, where his family lives and he has lived for most of his life.  The grand jury, presumably measuring its

evidence carefully under the preponderance burden of proof (to demonstrate probable cause to believe that he committed a particular crime), did not return a single substantive drug charge against Damon Stevens. Of course, the defense has no way of knowing whether the grand jury rejected ("no true billed") such charges, or the government simply elected not to present them because it did not have evidence to meet the applicable burden of proof. In either event however, it is clear that a either a judicial or executive institution within our system of law enforcement has previously determined that there is insufficient reason to believe that Damon Stevens has committed a substantive drug crime in this case.

Moreover, the discovery provided by the government discloses no evidence that Damon Stevens ever committed such a crime during the course of the conspiracy alleged against him in Count 1 of the Indictment. What it does disclose, is that Damon Stevens participated in two financial transactions during an alleged conspiracy lasting over two years. To these money laundering charges, Damon Stevens has pleaded guilty. Because those same two financial transactions were part of a larger drug trafficking scheme formulated by others, and because he had some knowledge of it, Damon Stevens entered a plea of *nolo contendre* to the assertion that under the law, the government could prove he was technically part of the conspiracy.

Despite facing substantial potential penalties, Damon Stevens entered his pleas without the benefit of a plea agreement. He gave a completely candid interview

with the presentence report writer, who recommended that Mr. Stevens receive the maximum three points for acceptance of responsibility. The government has not objected to that recommendation. As reflected in the presentence report, Damon Stevens' recount of the events of the case are entirely consistent with those pleas, the reasons for them, and the factual basis found by this Court at the time they were accepted.

It is Damon Stevens' position that the maximum guideline sentence of 27.25 years expected to be advocated by the government is inconsistent with its position on acceptance of responsibility; inconsistent with the presentence report writer's recommendation on acceptance of responsibility; inconsistent with the provisions of 18 U.S.C. § 3553(a); inconsistent with the sentences of the codefendants; and wholly inconsistent with the evidence and the record.

In particular, to support of his position Mr. Stevens has previously lodged the following objections, and renews them here.

> "● Mr. Stevens strongly objects to the inclusion of any factual material in the "Offense Conduct" section of the PSR which is based upon statements obtained by the government or the probation office from Carlos Rainey, and insists on his right to cross-examine Mr. Rainey so that such statements may be impeached. Similarly, if there is any other factual material contained in that section of the PSR which the author attributes to any other codefendants (cooperating or not), including, but not limited to, D'Andre Tolbert, Mr. Stevens requests that the government be put to its

proof so that the veracity of that information may be appropriately tested. Because the PSR does not specify the sources of the factual allegations, Mr. Stevens has been deprived of any ability to impeach those sources. Absent such an opportunity to confront and cross-examine evidence which is being used to establish Mr. Stevens' alleged role in the offense and the drug types and quantities driving calculation of the base offense level, we will be seeking any reference to them be removed from the presentence report.

● Accordingly, Mr. Stevens objects to the bald conclusion in the report (¶16) that he was a leader or organizer, when, in fact, there is no evidence to support this conclusion, and his role was minimal and limited to financial transactions at the request of Carlos Rainey.

● Mr. Stevens objects to the PSR's conclusion that there is no basis for departure from the sentencing guidelines. (¶124.) Where prior offenses involve comparatively small quantities and there is no history of violence, departure from the career offender guideline is appropriate. See *United States v. Moreland*, 366 F.Supp.2d 416 (S.D. W.Va. 2005) (in federal narcotics trafficking case, 10 years statutory mandatory minimum followed by eight years' supervised release sufficient sentence where career offender guideline yielded sentencing range of 360 months to life). Mr. Stevens has no history of violence and his prior offenses involve 7.7 grams of cocaine base and 14.5 grams of cocaine powder plus 4.7 grams of base, respectively (¶¶50, 53), hardly comparable with 5 kilograms (or 5000 grams) allegedly involved in this case.

● Mr. Stevens strongly objects to the conclusion in the PSR (at ¶13) that he has agreed $67,000 is the equivalent of the proceeds of at least 5 kilograms of cocaine powder. At best (from the government's point of view), this represents the proceeds of 3 kilograms (@ $22,300 per kilo). Mr. Stevens pleaded *nolo contendre* to the conspiracy charge because the government could probably prove Carlos Rainey trafficked more than 5 kilograms of cocaine and Mr. Stevens assisted him by engaging in requested financial transactions. Beyond this, there is absolutely no evidence that Mr. Stevens was anything but a childhood friend of Rainey whose children played together. There is absolutely no evidence that Mr. Stevens ever possessed, handled, or assisted in possessing or handling any controlled substances in this case. The evidence should show that his crime is strictly limited to facilitating financial transactions related to Carlos Rainey's drug trafficking.

● Mr. Stevens objects to the criminal history category recommended by the presentence report writer since 4 criminal history points are assigned based solely upon driving offenses. (¶¶43, 44, 47, 48, 51, 52, 54, 55, 56, 57, 59, 60, 61, 65, 67.) As such, the criminal history category recommended substantially over-represents the seriousness of Mr. Stevens' criminal history and should be reduced pursuant to U.S.S.G. §4A1.3.

● Finally, Mr. Stevens objects to any recommendation that the sentence in his case exceed the statutory minimum of 10 years, a long time for anybody."

The presentence report (PSR), calculated the applicable guideline range as being 262 to 327 months imprisonment under U.S.S.G. §4B1.1. However, it did not take into consideration departure from that guideline provision, as the court did in *United States v. Moreland*, 366 F.Supp.2d 416 (S.D. W.Va. 2005), *aff'd in part, remanded in part*, 437 F.3d 424, 435-36 (4th Cir. 2006), *cert. den.*, 126 S.Ct. 2054 (2006), where the court found that factors such as the lack of violence in defendant's record; the factual underpinnings of his prior drug offenses; his attempts to aid the authorities; his desire for drug rehabilitation; and post-offense rehabilitation and remorse, amongst others, dictated the outcome under 18 U.S.C. § 3553(a), trumping the career offender guideline in providing the defendant with a sentence reasonably calculated to meet the statute's objectives.

Thus, it is the defense position in this memorandum, based upon the government's position on acceptance of responsiblity and the authorities cited below, that the sentencing range of 140 to 175 months meets the criteria set by § 3553(a), and, if necessary, a downward sentencing departure under U.S.S.G. §5K2.0 is appropriate to set the applicable guideline range before even considering any others that might be argued by the parties. See *United States v. Moreland*, *supra*. [in federal narcotics trafficking case, 20 years imprisonment (67% of guideline minimum)sufficient sentence where career offender guideline yielded sentencing range of 360 months to life]; see also, *United States v. Lawrence*, 916 F.2d 553, 554-55 (9th Cir. 1990) (even pre-*Booker*,

court may depart from career offender guideline); *United States v. Reyes*, 8 F.3d 1379 (9th Cir. 1993); *United States v. Brown*, 903 F.3d 540 (8th Cir. 1990); *United States v. Adkins*, 937 F.3d 947, 951-52, 4th Cir. 1991).

**II.  THE COURT SHOULD CONSIDER THE GUIDELINES EQUALLY WITH ALL RELEVANT FACTORS UNDER 18 U.S.C. §§ 3553(a) AND 3661 IN DETERMINING A REASONABLE SENTENCE THAT IS NO GREATER THAN NECESSARY TO ACHIEVE THE PURPOSES OF SENTENCING**

In *United States v. Booker*, 125 S. Ct. 738 (2005), the Supreme Court held that the mandatory aspect of the guideline sentencing system created by the Sentencing Reform Act of 1984 (SRA) was unconstitutional.  The Court found that the appropriate remedial measure required the severance and excision of two provisions of the federal sentencing statute, including 18 U.S.C. § 3553(b)(1), the provision that made the Guidelines mandatory.  See *Booker*, 125 S. Ct. at 757 (2005) (Breyer, J.).  "So modified, the Federal Sentencing Act, see Sentencing Reform Act of 1984, as amended, 18 U.S.C. § 3551 et seq., 28 U.S.C. § 991 et seq., makes the Guidelines effectively advisory." 125 S. Ct. 738, 757.  As a consequence, the federal sentencing statute still "requires a sentencing court to consider Guidelines ranges, . . . , but it permits the court to tailor the sentence in light of other statutory concerns as well." *Id*.

After *Booker*, federal sentencing is vastly different.  The Ninth Circuit has characterized it as a ""sea change" in the federal sentencing regime.'" *United States v. Ameline*, 400 F.3d 646, 652 (9th Cir. 2005), (opinion prior to opinion *en banc*). Treating the Guidelines as advisory requires that the Court consider the guideline range calculation as only one of many factors in determining a sentence *no greater than necessary to achieve the goals of sentencing* set forth in Section 3553(a)(2).  The PSR recommends a guideline range of 262 to 327 months imprisonment.   Defendant submits that a sentence within that range would be far greater than necessary to achieve the goals of sentencing, in violation of § 3553(a).  Several factors exist, independent of the guideline range calculation, which warrant a reasonable sentence below that calculated in the PSR.   See *United States v. Moreland*, 366 F.Supp.2d 416 (S.D. W.Va. 2005), *affirmed in part, remanded in part*, 437 U.S. 424, (4th Cir. 2006), *cert. den.,* 126 S.Ct. 2054 (2006).

**A.    The § 3553(a) Sentencing Mandate**

Section 3553(a) is comprised of two distinct parts: the so-called "sentencing mandate" contained in the prefatory clause of Section 3553(a) and the "factors" to be considered in fulfilling that mandate.  The overriding principle and basic mandate of § 3553(a) requires district courts to impose a sentence "sufficient, but not greater than necessary," to comply with the four purposes of sentencing set forth in Section 3553(a)(2):

(A) retribution (to reflect seriousness of the offense, to promote respect for the law, and to provide just punishment);

(B) deterrence;

(C) incapacitation (to protect the public from further crimes); and

(D) rehabilitation (to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner).

See, *United States v. Phelps*, 366 F.Supp.2d 580, 587 (E.D. Tenn. 2005)

The sufficient-but-not-greater-than-necessary requirement is often referred to as the "parsimony provision." The parsimony provision is not just another "factor" to be considered along with the others set forth in Section 3553(a). Rather, it sets an independent limit on the sentence a court may impose. See *United States v. Denardi*, 892 F.2d 269, 276-77 (3rd Cir. 1989). Since § 3553(a) requires a sentence to be no greater than necessary to meet the four purposes of sentencing, imposition of a sentence greater than necessary to meet those purposes is reversible, even if within guideline range. *Id*.

In determining the sentence minimally sufficient to comply with the Section 3553(a)(2) purposes of sentencing, the court must consider several factors listed

in Section 3553(a). These factors include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the kinds of sentence available;" (3) the guidelines and policy statements issued by the Sentencing Commission, including the (now non-mandatory) guideline range; (4) the need to avoid unwarranted sentencing disparity; and (5) the need to provide restitution where applicable. 18 U.S.C. § 3553(a)(1), (a)(3), (a)(5)-(7). Neither the statute itself nor *Booker* suggests that any one of these factors is to be given greater weight than any other factor. However, it is important to remember that all factors are subservient to Section 3553(a)'s mandate to impose a sentence not greater than necessary to comply with the four purposes of sentencing.

In addition to considering factors under § 3553(a), sentencing courts have a duty to consider many factors that the Guidelines specifically exclude from consideration. As noted by the Second Circuit, "[p]rior to *Booker/Fanfan*, the section 3553(a) requirement that the sentencing judge "consider" all of the factors enumerated in that section had uncertain import because subsection 3553(b)(1) required judges to select a sentence within the applicable Guidelines range unless the statutory standard for a departure was met. Now, with the mandatory requirement of following the Guidelines lifted, the duty imposed by section 3553(a) to 'consider' numerous factors acquires renewed significance." *United States v. Crosby*, 397 F.3d at 111 (2nd Cir. 2005)

For example, under 18 U.S.C. § 3661 "no limitation shall be placed on the

information concerning the background, character, and conduct of [the defendant] which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence". *United States v. Phelps*, 366 F.Supp.2d 580, 592-93 (E.D. Tenn. 2005). This statutory language overrides the now-advisory policy statements in Part H of the sentencing guidelines, which list as "not ordinarily relevant" to sentencing a variety of factors such as the defendant's age, educational and vocational skills, mental and emotional conditions, drug or alcohol dependence, and lack of guidance as a youth. *Id*.

Accordingly, this Court should consider all factors – even factors deemed "not ordinarily relevant" by the Guidelines, in determining the type of sentence that satisfies the sentencing mandate of § 3553(a).

### B.    The Weight to Be Given to the Guidelines

Significantly, the Guidelines should be just one of many factors this Court reviews when determining the ultimate sentence to impose and they should be given no more weight than any other single factor considered under § 3553(a). *United States v. McDaniel*, 398 F.3d 540, 550-51 (6th Cir. 2005) (holding that after *Booker*, the guideline range is merely advisory, and the district court has discretion to impose a reasonable sentence outside the range under appropriate circumstances.) This Circuit has expressly followed the approach and rational of the Second Circuit. *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005) (following the rationale in *United States v. Crosby*, 397 F.3d

103 (2nd Cir. 2005)), and recently held that District Courts may consider the guidelines range as a "starting point" but that they should not be accorded undue weight. *Zavala v. United States*, 443 F.2d 1165, 1171 (9th Cir. 2006), *en banc review granted*, 462 F.3d 1066 (9th Cir. 2006).

Finally, and perhaps most pertinent in this case, after *Booker*, this Court is free to consider the lack of violence in Mr. Stevens' record, the relatively minor nature of his prior drug offenses, the fact that he has previously served no more than 21 months, as well as other factors, in choosing *not* to sentence him as a career offender under the Guidelines. See *United States v. Moreland*, *supra*, 366 F.Supp.2d 416 (S.D. W.Va. 2005), *affirmed in part, remanded in part*, 437 U.S. 424, (4th Cir. 2006), *cert. den.,* 126 S.Ct. 2054 (2006) (in federal narcotics trafficking case, 20 years imprisonment sufficient sentence where career offender guideline yielded sentencing range of 360 months to life).

Based on the foregoing, it seems clear that after considering the §§ 3553(a) and 3661 factors (including the guidelines), a sentencing court has full discretion to sentence anywhere within the statutory range. If the *Booker* Court thought otherwise – if it thought the Guidelines not only had to be 'considered' (as the constitutionally construed statute requires) but had generally to be followed – its opinion would surely say so. *Booker*, 125 S. Ct. at 791 (Scalia, J., dissenting). Likewise, if the remedial majority thought the guidelines had to be given "heavy weight," its opinion would have

said so. The remedial majority clearly understood that giving any special weight to the guideline range relative to the other factors would violate the Sixth Amendment.

    **C.    Mitigating Factors to Consider in Determining a Sentence not Greater than Necessary to Achieve the Goals of Sentencing.**

In this case, several factors are present that both individually and collectively indicate that a sentence below what is contemplated by the Guidelines achieves the sentencing goals of retribution, deterrence, incapacitation, and rehabilitation. See, 18 U.S.C. § 3553(a)(2).

They are:

    **(1)    Lack of Violence in Defendant's Record**

    **(2)    Factual Underpinnings of Prior Drug Offenses**

    **(3)    Length of Previous Sentences**

    **(4)    Lack of Substantive Drug Charges**

    **(5)    Limited Role in Conspiracy Count**

    **(6)    Proportionality With the Sentences of Coconspirators**

    **(7)    Acceptance of Responsibility**

    **(8)    Post-Offense Rehabilitation and Remorse**

    **(9)    Desire for Education and Drug Rehabilitation**

Perhaps the most significant of these factors in this case are the first two, given the impact of following the career offender guideline calculation suggested by the PSR.

Damon Stevens does not have the reported history of violent behavior often associated dangerous career offenders. In fact, he has no such history, and to the contrary, has demonstrated and will demonstrate in person to this Court that he is truly an affable, mild mannered young man.

Damon Stevens' prior offenses involve 7.7 grams of cocaine base and 14.5 grams of cocaine powder plus 4.7 grams of base, respectively (PSR ¶¶50, 53), hardly comparable with 5 kilograms (or 5000 grams) allegedly involved in this case, and he has never served more than 21 months in State of Washington custody.

Moreover, the drug charge to which he pleaded *nolo contendre* presents his role as limited to two financial transactions over a two year period.

Clearly, the career criminal guideline seems to assume some current evidence of substantive drug trafficking, which is sorely lacking here, and it would seem quite contrary to its purposes to impose a nearly 30 year sentence upon a money laundering predicate. This would seem particularly true where the undisputed leader of the conspiracy, who also has prior drug convictions, was sentenced to 198 months imprisonment.

Under § 3553(a), the Court should impose a sentence no greater than necessary to achieve the goals of sentencing under § 3553(a)(2) – retribution, deterrence, incapacitation, and rehabilitation. As noted above, with the same or similar factors being considered even Circuit Courts of Appeal have found a sentence of 33% below the career offender range to satisfy those goals, which in this case is a sentence of 140 to 175 months.

## III.   CONCLUSION

Based on the foregoing, the defense respectfully requests an evidentiary hearing to present additional information pertinent to the downward departure sought herein, the supporting factors not addressed herein, and the reasonableness of the sentence above.

DATED: 30 November 2006     Respectfully submitted,

                                                                LAW OFFICES OF MARK A. ROSENBAUM
                                                                Attorneys for Defendant


                                                                By:   s/ Mark A. Rosenbaum
                                                                        MARK A. ROSENBAUM
                                                                        4940 Byrd Lane, Suite 100
                                                                        Anchorage, Alaska  99502
                                                                        Voice: (907) 243-2400
                                                                        Fax: (907) 243-2609
                                                                        E-mail: mark.rosenbaum.law@gci.net
                                                                        Alaska Bar No. 8906033

I declare under penalty of perjury
that a true and correct copy of the
foregoing SENTENCING MEMORANDUM
FOR THE DEFENSE

was served upon

STEPHAN A. COLLINS
Assistant U.S. Attorney
222 W. 7th Ave., Rm. C-253
Anchorage, Alaska 99513

on December 1, 2006, via:

      ( ) U.S. Mail
      ( ) U.S. Mail Certified
      ( ) FAX
      ( ) Hand Delivery to the USAO
      ( ) Private Messenger Service
     (X) Email via CM/ECF

and a courtesy copy was provided to

Timothy M. Astle
United States Probation Office


Executed at Anchorage, Alaska, on
December 1, 2006.



s/ Mark A. Rosenbaum